UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN TOLBERT-SMITH | ) |
| | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 06cv1216 (RWR) |
| | ) |
| SAMUEL BODMAN, | ) |
|  Secretary | ) |
| U.S. Department of Energy | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGEMENT**

     Defendant Samuel Bodman, Secretary of the U.S. Department of Energy ("DOE" or the "Agency") respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss plaintiff's complaint on the grounds that plaintiff's complaint is untimely. In the alternative, Defendant moves for summary judgment, pursuant to Fed. R. Civ. P. 56, as there is no genuine issue of material fact in this case and defendants are entitled to judgment as a matter of law.

     In support of this motion, the Court is respectfully referred to the accompanying Statement of Material Facts Not in Genuine Dispute and Memorandum of Points and Authorities.[1/] A proposed Order consistent with this motion is attached hereto.

---

    [1]    Exhibits are attached and relied upon for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over certain claims. It is well established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

      Respectfully submitted,

      /s/ Jeffrey A. Taylor
      JEFFREY A. TAYLOR, D.C. BAR # 498610
      United States Attorney


      /s/ Rudolph Contreras
      RUDOLPH CONTRERAS, D.C. BAR # 434122
      Assistant United States Attorney


      /s/ Darrell C. Valdez
      DARRELL C. VALDEZ, D.C. BAR # 420232
      Assistant United States Attorney
      Judiciary Center Building
      555 4th St., N.W., Civil Division
      Washington, D.C. 20530
      (202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 06cv1216 (RWR) |
| ) | |
| **SAMUEL BODMAN,** ) | |
| Secretary ) | |
| **U.S. Department of Energy** ) | |
| _____ ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

1.  Plaintiff is employed as a program analyst with the Department of Energy. Complaint at ¶ 6.

2.  On or about August 6, 2005, Plaintiff filed a Request for Counseling with the Agency's Office of Civil Rights ("OCR"), alleging disability discrimination in violation of the Rehabilitation Act. Id. at ¶ 8.

3.  On January 11, 2006, OCR held a Final Counseling Interview, and issued a Notice of Final Interview with EEO Counselor and Right to File a Formal Complaint of Discrimination ("Notice of Final Interview and Rights). Exh. 1. The Notice of Final Interview and Rights specifically explained that a formal complaint of discrimination must be filed "WITHIN 15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE." Id. at 1 (emphasis in original).

4.  The Notice of Final Interview and Rights was sent to Plaintiff, return receipt requested. Exh. 2. The Notice of Final Interview and Rights was actually received by Plaintiff on January 25, 2006. Id.

5.  On February 17, 2006, Plaintiff, through counsel, mailed a formal complaint of discrimination to the OCR. Exh. 3. The envelope containing the formal complaint was

postmarked on February 17, 2006.  Id.

      6.      On March 29, 2006, the OCR sent a Notice of Dismissal of Formal Complaint of Discrimination ("Notice of Dismissal") to Plaintiff's counsel.  Exh. 4.

      7.      The Notice of Dismissal specifically informed the Plaintiff that if she wished to appeal the OCR's decision to the Equal Employment Opportunity Commission (EEOC), she must file a Notice of Appeal within 30 calendar days after receipt of the Final Order.  Exh. 4 at 1.  Plaintiff was further informed in the Notice of Dismissal that if she wanted to file a civil action with the appropriate United States District Court, she must file within 90 days of receipt of the Final Order, if no appeal is filed, or may file within 180 calendar days from the date of filing an appeal with the EEOC if no final decision on the appeal has been made by the EEOC.  Id. at 2.

      8.      The Notice of Dismissal was received by counsel on April 3, 2006.  Complaint at ¶ 18.

      9.      Plaintiff did not file an appeal with the EEOC, accordingly, her civil action was to be filed on or before Monday, July 3, 2006.

      10.      Plaintiff filed the present action on Wednesday, July 5, 2006.

      11.      On or about March 31, 2006, Plaintiff discovered that a document referencing Plaintiff's request for reasonable accommodation was placed on a shared server.  Complaint at ¶ 73.  Plaintiff reported her discovery to her LM management.  Id.

      12.      The document on the shared server was an e-mail responding to Plaintiff's request for reasonable accommodation.  Exh. 5.

      13.      The document on the shared server did not reference any specific physical or medical condition or disability.  Id.

14. Once LM management was made aware of the document, the document was removed from the shared server within 24 hours. Id. See also Complaint at ¶ 74.

Respectfully submitted,

 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN TOLBERT-SMITH )<br> )<br>      **Plaintiff,** )<br>v. )<br> )<br>SAMUEL BODMAN, )<br>  Secretary )<br>U.S. Department of Energy )<br> ) | Civil Action No. 06cv1216 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This is an action in which Plaintiff alleges that her employer, the Department of Energy, discriminated, harassed and retaliated against her as a result of her disability, clinical depression, Complaint at ¶ 28, and further violated the Privacy Act by allegedly placing protected material on a shared computer drive. Complaint at ¶¶ 99-100. Plaintiff seeks "reasonable accommodation," front and back pay, recovery of lost benefits, compensatory damages, attorneys' fees, and other damages. See Complaint at p. 16. The Court should dismiss Plaintiff's discrimination claim because she failed to exhaust her administrative remedies or to timely file her civil action after the EEOC denied her claim on its merits. The Court should further dismiss Plaintiff's Privacy Act claim as Plaintiff cannot demonstrate an intentional or willful violation of the Act.

**STATEMENT OF FACTS**

A. **Plaintiff's Discrimination Claim.**

According to the complaint, Plaintiff is employed as a program analyst with the Department of Energy. Complaint at ¶ 6. On or about August 6, 2005, Plaintiff filed a Request for Counseling with the Agency's Office of Civil Rights ("OCR"), alleging discrimination in

violation of the Rehabilitation Act.  Id. at ¶ 8.  On January 11, 2006, OCR held a Final Counseling Interview, and issued a Notice of Final Interview with EEO Counselor and Right to File a Formal Complaint of Discrimination ("Notice of Final Interview and Rights).  Exh. 1.  The Notice of Final Interview and Rights specifically explained that a formal complaint of discrimination must be filed "WITHIN 15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE."  Id. at 1 (emphasis in original).  The Notice of Final Interview and Rights was sent to Plaintiff, return receipt requested, and was actually received by Plaintiff on January 25, 2006.  Exh. 2.

On February 17, 2006, Plaintiff's attorney mailed a formal complaint of discrimination to the OCR.  Exh. 3.  The envelope containing the formal complaint was postmarked on February 17, 2006.  Id.

On March 29, 2006, the OCR dismissed the formal complaint as untimely.  Exh. 4.  A Notice of Dismissal of Formal Complaint of Discrimination ("Notice of Dismissal") was mailed to Plaintiff's counsel, and was received by counsel on April 4, 2006.  Complaint at ¶ 18.  The Notice of Dismissal specifically informed the Plaintiff that if she wished to appeal the OCR's decision to the Equal Employment Opportunity Commission (EEOC), she must file a Notice of Appeal within 30 calendar days after receipt of the Final Order.  Exh. 4 at 1.  Plaintiff was further informed in the Notice of Dismissal that if she wanted to file a civil action with the appropriate United States District Court, she must file within 90 days of receipt of the Final Order, if no appeal is filed, or may file within 180 calendar days from the date of filing an appeal with the EEOC if no final decision on the appeal has been made by the EEOC.  Id. at 2.

Because Plaintiff did not file an appeal with the EEOC, her civil action was due to be

2

filed on or before Monday, July 3, 2006.  Nevertheless, Plaintiff filed the present action on Wednesday, July 5, 2006 – 2 days after the time deadline.

**B.     Plaintiff's Privacy Act Claim.**

On or about March 31, 2006, Plaintiff discovered that a document referencing her request for reasonable accommodation was placed on a shared server.  Complaint at ¶ 73.  The document did not specifically reference any specific physical or medical condition or disability, but rather was an e-mail responding to Plaintiff's request for reasonable accommodation.  Exh. 5.

Plaintiff reported her discovery to her LM management.  Id.  That very day, the document was removed from the shared server.  Id.  See also Complaint at ¶ 74.

**ARGUMENT**

**I.     PLAINTIFF'S DISCRIMINATION AND RETALIATION COMPLAINT IS TIME-BARRED.**

To the extent that plaintiff's complaint may be deemed to allege any discrimination or retaliation under the Rehabilitation Act, she failed to timely file her formal administrative claim and further failed to timely file her civil complaint with this Court.  The Rehabilitation Act forbids employment discrimination based on a person's permanent disability, and further forbids retaliation for participating in protected employment activity.  In the Rehabilitation Act, Congress established the exclusive remedy for federal employee complaints alleging disability discrimination, see Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976), and waived the government's sovereign immunity to permit discrimination suits against federal agencies, see Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990), rehearing denied, 498 U.S. 1075 (1991).

This waiver of sovereign immunity, however, is subject to "certain preconditions." Brown, 425 U.S. at 832. A plaintiff must first seek relief in the agency that allegedly discriminated against her before filing suit by following the procedures outlined in 29 C.F.R. Part 1614. See id. at 831-32; 29 C.F.R. § 1614.106(a)   Specifically, a plaintiff must file a formal complaint of discrimination within 15 days of receipt of the Notice of Final Interview and Rights. 29 C.F.R. § 1614.106(a). The agency "shall dismiss an entire complaint" if it fails to comply with the time limits. 29 C.F.R. § 1616.107(a)(2). After the dismissal of an administrative action, the complainant must then either file an appeal from an agency final order within 30 days of receipt of that order, 29 C.F.R. §1614.402; or file a civil action "[w]ithin 90 days of receipt of notice of final action taken by" the employing agency. 42 U.S.C. §2000e-16(c); 29 C.F.R. §1614.407 (2000).

The requirement that an aggrieved employee must first seek relief in the agency that has allegedly engaged in discrimination is "not a mere technicality." Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996). Rather, "it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983), cert. denied, 464 U.S. 1042 (1984). The "sine qua non for civil action is the filing of a complaint [with the agency]." Porter v. Adams, 639 F.2d 273, 276 (5th Cir. 1981); see also Brown, 425 U.S. at 833 (noting that Title VII "provides for a careful blend of administrative and judicial enforcement powers."). Indeed, the Supreme Court has cautioned that congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for

particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (per curium).

The deadline to file a civil action is not jurisdictional, but operates like a statute of limitations. Bayer v. U.S. Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Gilmore v. Reno, 33 F.Supp.2d 20, 24 (D.D.C. 1998). Thus, equitable tolling is permissible only in narrowly tailored circumstances. Irwin, 498 U.S. at 95-96 ("federal courts have typically extended equitable relief only sparingly.... We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). Plaintiff bears the burden of pleading and proving equitable reasons for failure to comply with this requirement. Bayer, 956 F.2d at 333; Smith v. Dalton, 971 F. Supp. 1, 3 (D.D.C. 1997). The power to equitably toll a statute of limitations, however, is "exercised only in extraordinary and carefully circumscribed instances." Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotations and citation omitted). None of the factors supporting equitable tolling are present here.

    A.    **Plaintiff's Formal Complaint was Untimely.**

Here, Plaintiff actually received a copy of the Notice of Final Interview and Rights on January 25, 2006. Exh. 2. Consequently, her formal complaint was to be filed on or before February 9, 2006. Nevertheless, Plaintiff did not mail her formal complaint until February 17, 2006 – 8 days late. Exh. 3.

In her civil complaint, Plaintiff argues that the 15 day time limit did not begin to run when Plaintiff received and signed for the Notice of Final Interview and Rights, but rather when her attorney received a copy of the Notice on February 22, 2006. Complaint at ¶ 13. This

5

argument, of course, flies in the face of reality, as Plaintiff, through counsel, actually filed her formal complaint 5 days earlier, on February 17, 2006, and thus, counsel received the Notice well before the complaint alleges.

In any event, Plaintiff's argument that the date counsel received the notice is the operative time frame is without legal merit. In Irwin, a Title VII complainant, like Plaintiff here, failed to timely file a complaint within the required time period (30 days in that matter). 498 U.S. 89, 95-96. Irwin filed a complaint in district court 29 days after he had received the letter but 44 days after the letter was received at the attorney's office. Id. The complainant argued that his failure to timely file the civil action should have been excused because he ultimately filed within 30 days of the day on which he personally received notice. Id. at 96. The Supreme Court, however, rejected the complainant's argument, stating that "[u]nder our system of representative litigation, 'each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'" Id. at 92 (*quoting* Link v. Wabash R. Co., 370 U.S. 626, 634 (1962)). The present case is even more compelling for dismissal than that in Irwin, as the Plaintiff herself had actual receipt of the Notice of Final Interview and Rights on January 17, 2006. Indeed, she signed the return receipt, accepting the document on that very day. Exh. 2. Thus, Plaintiff cannot claim sanctuary with a date that occurred well-after she received actual notice.

The present matter is similar to the facts in Ganheart v. Lujan, 733 F. Supp. 1053 (E.D. La. 1990). In Ganheart, the plaintiff filed an administrative appeal of the EEO Final Decision well-outside the prescribed time period, and then filed a civil action with the District Court after the appeal was denied as untimely. 733 F. Supp. at 1055. Applying the equitable tolling

standards set forth by the Supreme Court in <u>Baldwin County Welcome Center v. Brown</u>, the court found that plaintiff there received adequate notice of the time limitations, and the government agency did not engage in any affirmative misconduct to lull the plaintiff into inaction.  <u>Id</u>. at 1058 ("The simple fact is that [plaintiff] was told . . . what she must do to preserve her claim, and she did not do it.") (quoting <u>Baldwin</u>, 466 U.S. at 151).[1/]  Because the Plaintiff here filed her formal complaint well-outside the 15 day time limit, she failed to exhaust her administrative remedies, and the complaint should be dismissed.

      B.      <u>**Plaintiff's Civil Action is Untimely**</u>.

Even if the Court finds that Plaintiff's formal administrative complaint was timely, Plaintiff clearly filed her civil action outside of the time required under the Rehabilitation Act. The Notice of Dismissal from OCR clearly sets out the plaintiff's obligations to preserve her claim with the District Court.  The notice specifically sets forth that if she wished to appeal the decision to the Equal Employment Opportunity Commission (EEOC), she must file a Notice of Appeal within 30 calendar days after receipt of the Final Order, and if she wanted to file a civil action with the appropriate United States District Court, she must file within 90 days of receipt of the Final Order. Exh. 4.  Plaintiff failed to follow either requirement.  By plaintiff's own admission, the Notice of Dismissal and Statement of Rights was received by her attorney on

---

[1]    Like the plaintiff here, the plaintiff in <u>Ganheart</u>, filed a civil action after the denial of the late appeal as untimely.  733 F. Supp. at 1056.  Thus, the only issue for the court to determine was whether the EEOC abused its discretion in denying plaintiff's tardy appeal.  <u>Id</u>. at 1058. Based upon the grounds raised in the administrative proceeding for the late-filing, the court found that it was unable to say that the EEOC abused its discretion.  <u>Id</u>.  Here, the plaintiff merely filed her formal complaint without offering any grounds to the OCR for her untimely filing.  Therefore, the Court cannot find that the OCR abused its discretion.

April 3, 2006. Complaint at ¶ 18. Thus, her civil action was to be filed on or before Monday, July 3, 2006. Plaintiff's civil complaint was not filed until July 5, 2006 – 93 days after her counsel received the Notice of Dismissal, and 2 days after the date due. See generally Complaint.[2]

In summary, plaintiff failed to satisfy the exhaustion requirement and can not demonstrate any extraordinary circumstances that would support equitable tolling. Accordingly, her attempt to obtain judicial review or any relief for any alleged acts of discrimination must be dismissed.

## II.   PRIVACY ACT CLAIM SHOULD BE DISMISSED.

### A.   The Governing Substantive Law:  The Privacy Act

The governing substantive law is provided by the Privacy Act, 5 U.S.C. § 552a. Broadly speaking, the Privacy Act sets forth requirements for the maintenance and "disclosure" of certain designated personnel system of records. 5 U.S.C. § 552a. If an agency fails to accurately and securely maintain or safeguard its records, or there is an alleged disclosure in violation of the Privacy Act, the person claiming to have been injured by the agency action may bring a damages action. 5 U.S.C. § 552a(g).[3] However, the Act does not "make the Government strictly liable

---

[2]    Because the 90th day, July 2, 2006, fell on a Sunday, the civil action would arguably have been timely if it was filed the following Monday, July 3, 2006. Fed. R. Civ. P. 6(a). Plaintiff, however, missed this date as well.

[3]    Section 552a(g)(4) of the Act, which provides that:

> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was <u>intentional or willful</u>, the United States shall be liable to the individual in an amount equal to the sum of –

(continued...)

for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions." Albright v. United States, 732 F.2d 181, 189 (D.C. Cir.1984). Rather, a Privacy Act plaintiff must demonstrate that the agency "willfully and intentionally" failed to comply with the Act's requirements, and further must demonstrate that the agency's action caused "actual damages." 5 U.S.C. §552a(g)(1)(D).

To rise to the level of "willful and intentional," the violation must be so "patently egregious and unlawful" that anyone undertaking the conduct should have known it "unlawful." Laningham v. Navy, 813 F.3d 1236, 1243 (D.C. Cir. 1987), *citing* Wisdom v. Department of Hous. & Urban Dev., 713 F.2d 422, 425 (8th Cir.1983), cert. denied, 465 U.S. 1021 (1984). And the burden of proving a "willful and intentional" violation is upon the plaintiff at all times. Laningham, 813 F.3d at 1243; Doyon v. U.S. Department of Justice, 304 F. Supp.2d 32, 34 (D.D.C. 2004).

Meeting the "willful and intentional" requirement is extremely demanding. To establish a "willful" or "intentional" disclosure, a claimant must "prove that the agency 'acted with something greater than gross negligence.'" Deters v. United States Parole Comm'n, 85 F.3d, 655, 660 (D.C. Cir. 1996) *quoting* Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987). Thus, Plaintiff cannot avoid summary judgment by presenting evidence that the Government

---

[3](...continued)
    (A) actual damages sustained by the individual as a result of the refusal or failure [to comply with the Act], but in no case shall a person entitled to recovery receive less than the sum of $1,000; and

    (B) the costs of the action together with reasonable attorney fees as determined by the court.

See 5 U.S.C. § 552a(g)(4) (emphasis added).

acted negligently, Moskiewicz v. Dept. of Agriculture, 791 F.2d 561, 565 (7th Cir.1986), or that the Government handled a matter in a disjointed or confused manner, Perry v. Block, 684 F.2d 121, 129 (D.C. Cir.1982), or that the Government acted "inadvertently [to] contravene" the Privacy Act. Albright, 732 F.2d at 189. "An agency acts in an intentional or willful manner 'either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act.'" Id. (*quoting* Albright v. United States, 732 F.2d 181, 189 (D.C. Cir. 1984)). "[T]he violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." Deters, 85 F.3d at 660 (*quoting* Laningham, 813 F.2d at 1242) (original internal quotation marks omitted). [4]

Plaintiff cannot meet this burden, and the mere fact that information may have been disclosed in violation of the Act does not create a presumption of "intentional or willful" conduct. Accordingly, Defendant is entitled to judgment as a matter of law.

### B.  Plaintiff Cannot Demonstrate That The Defendant "Willfully and Intentionally" Disclosed any Documents in its System of Records.

Of all of the documents contained in the large directory described by Plaintiff, only one document was found to have referenced Plaintiff. [5] Moreover, as soon as the document was

---

[4]  The D.C. Circuit and others circuits have not hesitated to decide issues of intent and willfulness under the Privacy Act at the summary judgment stage. See, e.g., Laningham, 813 F.2d 1236 (affirming entry of summary judgment for defendant because Privacy Act plaintiff failed to show any genuine issue about defendant's intent); Moskiewicz, 791 F.2d 561 (same); Perry, 684 F.2d 121 (same); see also Anderson v. Liberty Lobby, 477 U.S. 242, 256 (1986); Laningham, 813 F.2d at 1241 n.6 (D.C. Cir.1987) (summary judgment rules apply equally when the issue in dispute involves a party's state of mind).

[5]  Defendant does not concede that the document is covered by the Privacy Act, nor does the Defendant concede that Plaintiff has suffered the requisite actual damages for recovery
(continued...)

brought to the management's attention, it was immediately removed from the server. In her complaint, however, Plaintiff nakedly asserts that someone within the LM management "intentionally and willfully" placed the information on the server. Complaint at ¶ 69; see also Complaint at ¶ 71 ("Either Celinda Crawford, or someone else with access to the workplace computer assigned by Defendant to Celinda Crawford, placed the information described above, on the server"). Plaintiff offers no colorable facts or evidence as to who actually placed the document on the server, nor does she present any factual allegations demonstrating that unspecified person's willful or intentional violation of Plaintiff's privacy. See generally Complaint.[6/]

Moreover, immediate action on the part of the Defendant to secure the document negates any determination that the agency acted willfully and intentionally to violate Plaintiff's rights. Albright v. United States, 732 F.2d 181, 190 (D.C. Cir. 1984) (subsequent actions by agency to protect Privacy rights of employees demonstrates a lack of willful and intentional conduct); Smith v. Bureau of Prisons, 1996 WL 43556 *2 (D.D.C. January 31, 1996) (willful and intentional standard not met where alleged violation had been rectified). The agency acted within the same day to remove the document from the shared server. Complaint at ¶ 74; Exh. 5. Accordingly, Plaintiff cannot demonstrate that the Defendant "Willfully and Intentionally"

---

[5](...continued)
of monetary damages under the act. Rather, the determination of those issues is not necessary for the purposes of this motion, as Plaintiff cannot overcome the significant hurdle of demonstrating that the Defendant acted "wilfully and intentionally."

[6] Indeed, a review by the Office of Legacy Management found that Plaintiff was not the only employee who had documents relating to her on the shared server. Exh. 5. Thus, Plaintiff cannot demonstrate that the one document relating to her was placed on the shared server with the requisite intent.

disclosed any documents in its system of records in violation of the Privacy Act.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint, or in the alternative, grant summary judgment in favor of Defendant.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843