

# Department of Energy
Washington, DC 20585

March 29, 2006

## NOTICE OF DISMISSAL OF FORMAL COMPLAINT OF DISCRIMINATION

**CERTIFIED**
Ms. Marilyn Tolbert-Smith
12529 Covenant Way
Hagerstown, MD 21742

                  Re: DOE Case No. 05-5541-HQ-LM
                     Filed on: February 17, 2006
                     Bases: disability (mental); and retaliation

Dear Ms. Tolbert-Smith:

This is in reference to your equal employment opportunity (EEO) complaint of discrimination, referenced above. Please be advised that your complaint has been dismissed for the following reason. The record establishes that you received a NOTICE OF FINAL INTERVIEW WITH EEO COUNSELOR AND RIGHT TO FILE A FORMAL COMPLAINT OF DISCRIMINATION by certified mail on January 25, 2006. The record shows that the envelope containing your formal complaint, filed by your attorney, was postmarked on February 17, 2006, or more than 15 days beyond the time frame for filing an EEO complaint of discrimination. See EEOC Regulation 29 CFR Section 1614.105(d). Therefore, your complaint must be dismissed pursuant to EEOC Regulation 29 CFR Section 1614.107(a)(2).

Accordingly, no further action will be taken by the Department with respect to your complaint.

## STATEMENT OF RIGHTS

This is the final decision of the Department of Energy, with respect to your complaint. If you are dissatisfied with this decision, you may file a notice of appeal with the Equal Employment Opportunity Commission (EEOC) **WITHIN 30 CALENDAR DAYS** of the date that you receive this decision. The appeal should be addressed to the U. S. Equal Employment Opportunity Commission, Office of Federal Operations, P. O. Box 19848, Washington, D.C. 20036, or hand-delivered to the Office of Federal Operations at 1801 L Street, N.W., Washington, D.C. 20507. In the alternative, you can send a facsimile to (202) 663-7022.

Any statement in support of the appeal must be submitted to the EEOC, with a copy to this office, within **30 calendar days** of filing the notice of appeal. The Commission may exercise its discretion to extend the time limit and accept the appeal if it is not submitted within the prescribed **30 calendar days**, based upon a written showing that you were not notified of the prescribed time limit and were not otherwise aware of it, or that circumstances beyond your control prevented filing the notice of appeal

Printed with soy ink on recycled paper


EXHIBIT

within the prescribed time limit. **A copy of the EEOC's appeal form is attached to this decision.**

If you elect not to appeal to the EEOC, you have the right to file a civil action in an appropriate United States District Court **WITHIN 90 CALENDAR DAYS** of the date you receive this decision. A civil action may also be filed any time **AFTER 180 CALENDAR DAYS** from the date of filing your appeal with the EEOC, if a final decision has not been issued by the EEOC's Office of Federal Operations. The limitations period for filing a civil action under the Age Discrimination in Employment Act of 1967, (ADEA) as amended, 29 U.S.C. 621 et seq., may differ from the period set out for the filing of civil actions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. 791. You may be foreclosed from filing a civil action on any claim brought under the ADEA if you fail to file within the limitations period applied by the Court in the jurisdiction in which your action is filed.

If you file a civil action, **YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL HEAD OF THE DEPARTMENT OF ENERGY, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE.** Failure to do so may result in the dismissal of your case. "Department" means the national organization, not the local office, facility or department in which you work. In your case, you must name Samuel Bodman, Secretary, U. S. Department of Energy, 1000 Independence Avenue, S.W., Washington, DC, 20585. **Filing a civil action will terminate the administrative processing of your complaint.**

You are further notified that if you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; and the Rehabilitation Act of 1973, as amended, 29 U.S.C. 791, 794 (c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does **not** extend your time in which to file a civil action.

Sincerely,

Poli A. Marmolejos
Director
Office of Civil Rights and Diversity

Attachment:
EEOC Form 573

cc: Cheryl Polydor, Esq.