UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith, <br> 12529 Covenant Way <br> Hagerstown, MD 21742 <br><br> Plaintiff, <br><br> v. <br><br> Samuel Bodman, <br> Secretary <br> U.S. Department of Energy <br> 1000 Independence Avenue, S.W. <br> Washington, D.C., 20585 <br><br> Defendant. | Civil Action No. 06cv1216 (RWR) <br> Judge Richard W. Roberts |

**PLAINTIFF'S MOTION REQUESTING LEAVE OF THE COURT TO FILE MOTION TO STRIKE IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Plaintiff, by counsel, respectfully requests this Court's permission, pursuant to Fed. R. Civ. P. 6(b)(2), to file the attached Motion to Strike, in opposition to Defendant's Motion to Dismiss her Complaint. A Memorandum of Points and Authorities and a proposed Order accompany Plaintiff's Motion.

Respectfully Submitted,

*/s/ Cheryl Polydor*

Cheryl Polydor, Esq.
DC Bar Id #: 454066
John Berry, PLLC
1990 M Street, NW, Suite 610
Washington, DC 20036
(202) 955-1100
Attorney for Plaintiff Marilyn Tolbert-Smith

Dated: October 25, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>    Plaintiff,<br><br>  v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>    Defendant. | Civil Action No. 06cv1216 (RWR)<br>Judge Richard W. Roberts |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION REQUESTING LEAVE TO FILE MOTION TO STRIKE

  Plaintiff, by counsel, respectfully submits this Memorandum in support of her request, pursuant to Fed. R. Civ. P. 6(b)(2), for the Court's permission to file a Motion to Strike in opposition to Defendant's Motion to Dismiss the Complaint. Counsel makes this request on the basis of excusable neglect on her part, and in addition, a sincere belief that the equitable considerations traditionally reviewed by courts in these matters, amply support a ruling that Plaintiff may proceed in this case with her well-grounded allegations of employment discrimination and retaliation.

  Moreover, counsel wishes to point out that, if the Court were to grant this request, there would be little risk of prejudice to Defendant, as Plaintiff also seeks today to file an Amended Complaint arising out of two new administrative complaints recently dismissed by Defendant, on grounds that they raise issues closely related to those in the pending Complaint. Counsel also

2

notes that Defendant evidently failed to timely respond to the Complaint in this case, with its Motion to Dismiss.

I. **Counsel Respectfully Invokes Excusable Neglect**

Counsel first acknowledges that permission to file a pleading otherwise time-barred is a matter of the Court's discretion, and not a matter of entitlement. Having said that, counsel respectfully requests that the Court exercise its discretion in this case, in accordance with counsel's showing of excusable neglect, and related equitable considerations. See, e.g. Smith v. District of Columbia, 430 F.3d 450. The court in that case explained the analysis as follows:

> Factors to be considered in making a determination of excusable neglect are the danger of prejudice to the other party . . . the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Smith v. District of Columbia, 430 F.3d 450, 457 n. 51.

Here, counsel recently experienced the death of a close family member, specifically, her husband's Mother, with whom both she and her husband were very close. As a result of this loss, counsel has found in the past few weeks that that she has not been as diligent in monitoring deadlines in her cases, and otherwise keeping as assiduously on top of her busy caseload. Counsel notes that she has never before missed a court deadline.

Adding to the problem in this case, counsel only recently has begun to use, and become familiar with, the Electronic Case Filing System employed by this Court. Counsel has recently made the transition to a heavy litigation schedule at a small private law firm, and among other things, is learning the "ins and outs" of the system, including questions of service. Counsel has not yet had the opportunity to schedule the training offered.

Thus, counsel did not immediately realize that merely by establishing her password and account on the system, she had consented to service by e-mail, so that a simple, unadorned e-mail notification will suffice to perfect service of most pleadings.

It was only in the past couple of days, while reviewing the service and filing requirements in anticipation of serving Plaintiff's Amended Complaint, that counsel realized that the time for her to respond to Defendant's Motion to Dismiss had not only begun to run, but had run out. Counsel then immediately set to work preparing Plaintiff's reply, and now requests leave of this Court to file it. As discussed below, counsel also is prepared to demonstrate that the balance of equities in Plaintiff's case weighs heavily in favor of permitting Plaintiff to have "her day in court."

## II.   The Interests of Justice and Fundamental Fairness Favor Plaintiff

Counsel notes first that as a general proposition, the federal courts generally have made clear that employment discrimination claims under Title VII are particularly appropriate for application of the doctrine. See, e.g. Bethel v. Jefferson, 589 F. 2d 631, 642 (D.C. Cir. 1978) (calling for interpretation of Title VII "animated by [its] broad humanitarian and remedial purpose" and criticizing the "application of technicalities to foreclose recourse to [its] administrative or judicial processes.")[1] See also GLUS v. G.C. Murphy Co., 562 F.2d 880, 887-888 (1978) ("jurisdictional requirements for bringing suit under Title VII should be liberally construed.") Accord, Tavernaris v. Beaver Area School District, 454 F. Supp. 355 (W.D. Pa 1978) (applying by analogy Fed. R. Civ. P. 6(e) to determine that a Title VII action had been

---

[1] Although the complainant who benefited from the court's application of the equitable tolling doctrine in this case was not represented by counsel, the court noted generally that "Title VII is rife with procedural requirements sufficiently labyrinthine to baffle even the most experienced lawyer." Bethel v. Jefferson, 589 F. 2d 631, at 641, n. 61.

4

timely filed, given "the expressed desire of Congress and the judiciary that Title VII claimants be accorded ready access to litigate their charges').

The present case would seem to present particularly suitable circumstances for the Court to apply equitable tolling, in light of the Agency's almost half-year delay in processing Ms. Tolbert-Smith's underlying EEO charge, and its more recent failure to timely respond to the Complaint.

Moreover, Ms. Tolbert-Smith today prepares to file an Amended Complaint with this Court, occasioned by the Agency's recent dismissal of two formal EEO complaints, filed on July 7 and July 18, 2006, respectively, which it deemed like or related to the pending litigation, and accordingly declined to process at the administrative level. Thus, the Agency certainly will not be prejudiced if the present Complaint is allowed to stand.

### III. CONCLUSION

In sum, Ms. Tolbert-Smith, by counsel, submits that permitting her to move forward in the pending action will best serve the interests of justice and fundamental fairness.

Respectfully Submitted,

*[signature]*

Cheryl Polydor, Esq.
DC Bar Id #: 454066
John Berry, PLLC
1990 M Street, NW
Suite 610
Washington, DC 20036
Phone: (202) 955-1100
Fax: (202) 955-1101

Dated: October 25, 2006    Attorney for Plaintiff Marilyn Tolbert-Smith

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>      Plaintiff,<br><br>v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>      Defendant. | Civil Action No. 06cv1216 (RWR)<br>Judge Richard W. Roberts |

## ORDER

Upon consideration of Plaintiff's Motion Requesting Leave Of The Court To File Motion to Strike Defendant's Motion To Dismiss, Or In The Alternative, Summary Judgment, the Court hereby

ORDERS that Plaintiff's Motion is granted, and Plaintiff is deemed to have served it on Defendant on the date below.

 

_____
The Honorable Richard W. Roberts
United States District Court Judge

Date: _____