UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith, <br> 12529 Covenant Way <br> Hagerstown, MD 21742 <br><br> Plaintiff, <br><br> v. <br><br> Samuel Bodman, <br> Secretary <br> U.S. Department of Energy <br> 1000 Independence Avenue, S.W. <br> Washington, D.C., 20585 <br><br> Defendant. | Civil Action No. 06cv1216 (RWR) <br> Judge Richard W. Reynolds |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND PROTECTIVE MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY

Plaintiff Marilyn Tolbert-Smith, through counsel, hereby files her response to Defendant's Second Motion for Enlargement of Time, and states that she does not oppose this request. Similarly, Ms. Tolbert-Smith earlier consented to Defendant's original Motion for Enlargement of Time. Ms. Tolbert-Smith has cooperated with the Defendant in the interest of fairness and judicial efficiency, and in the hope that, with preliminary matters fully aired and disposed of, she and the Defendant will proceed to the merits of her case without further delay.

Plaintiff, however, must clarify certain points, and correct an inaccurate statement found in Defendant's Motion, which, if left unaddressed, could cause prejudice to her case. Accordingly, Plaintiff respectfully states as follows:

1.        Plaintiff filed the present action, pursuant to Title VII, the Rehabilitation Act and the Privacy Act, on July 3, 2006. As discussed in her Opposition to Defendant's Motion to

Dismiss, filed on October 25, 2006, Plaintiff disputes Defendant's assertion that she filed this action on July 5, 2006 (see Defendant's Second Motion for Enlargement of Time, ¶ 1).

2. On November 22, 2006, Plaintiff timely sought leave of the Court to withdraw her Motion to Strike, in response to Defendant's request. In fact, Plaintiff's counsel filed her withdrawal two days in advance of the date requested by Defendant. There is, accordingly, no factual basis for Defendant's claim that Plaintiff filed her Motion to Strike "late." (Defendant's Motion, ¶ 6).

3. Defendant's counsel also states that "counsel for Plaintiff was not available" and that she "did not return the message" left for her on November 22, 2006, seeking consent to his Motion (Defendant's Motion, ¶ 7). Plaintiff's counsel did not respond to the message simply because she did not receive it - until *after* Defendant had filed his Motion. Defendant's counsel called and left a voicemail message on her mobile phone (which was temporarily out of commission) on the afternoon of the 22nd, instead of calling her at her office. All pleadings and correspondence provide the office address, and office phone and fax numbers, for Plaintiff's counsel. While Defendant's counsel possibly may not have realized that he was calling her mobile number, rather than her office number, Plaintiff's counsel wishes to make clear that she was in her office and available to speak with Defendant's counsel all day on November 22.

                                                        Respectfully Submitted,

/s/_____

Cheryl Polydor, Esq., DC Bar Id #: 454066
Law Firm of John Berry, PLLC
1990 M Street, NW, Suite 610
Washington, DC 20036
Tel. (202) 955-1100   Fax: (202) 955-1101
<u>Attorney for Plaintiff Marilyn Tolbert-Smith</u>

Dated: Dec 7, 2006

2