UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN TOLBERT-SMITH | ) |
| | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 06cv1216 (RWR) |
| | ) |
| SAMUEL BODMAN, Secretary, | ) |
| U.S. Department of Energy | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

In her Opposition, Plaintiff puts forth an excuse for missing every single deadline imposed upon her under the EEO regulations and the rules of this Court.[1] Nevertheless, her excuses do not justify her habitual late filing, nor do they satisfy the requirement of equitable tolling. In addition, Plaintiff has failed to dispute any facts set forth by Defendant in the properly supported Statement of Material Facts Not in Genuine Dispute, and further failed to establish that any supervisor acted with retaliatory animus under the Privacy Act when a document making vague references to her request for reasonable accommodation were placed on a shared computer server. Accordingly, Defendant is entitled to judgment as a matter of law.

A.    **Plaintiff's Formal Administrative Complaint was Untimely.**

      1.    **Plaintiff's Obligation to File Her Formal Administrative Complaint Began to Run When Plaintiff Received the Notice of Final Interview and Rights.**

In her Opposition, Plaintiff admits that she actually received a copy of the Notice of Final Interview and Rights on January 25, 2006, and that she forwarded it to her attorney within the

---

[1]    Indeed, even Plaintiff's Opposition was filed five (5) days late. See Plaintiff's Opposition (Dkt. No. 8).

time remaining to file a formal administrative complaint. Opposition at 6. Nevertheless, Plaintiff cites to the EEO regulation at 29 C.F.R. § 1614.605(d) to support her argument that the 15 day time limit did not begin to run until her attorney received a copy of the Notice of Final Interview and Rights from the agency on February 22, 2006, and that the fact that Plaintiff actually received and personally signed for the Notice on January 25, 2006 is of no consequence. However, this rationale was rejected in McKay v. England, 01cv2535 (JR), 2003 WL 1799247, *2 (D.D.C. March 27, 2003), where a complainant made a similar argument in defense of an untimely filing. In McKay, the Court pointed out that the very same regulation cited by Plaintiff here also required that "a complainant 'shall at all times be responsible for proceeding with the complaint whether or not he or she has designated a representative.'" Id. (*quoting* 29 C.F.R. § 1614.605(e)). Thus, the Court held, the regulation "reflects the common-sense axiom that a plaintiff must shoulder some responsibility for advancing his complaint." Id. (*citing* Carney v. City of Shawnee, Kan., 24 F.Supp.2d 1185, 1189 (D.Kan.1998) (the limitations period began to run on the day plaintiff received notice, even though plaintiff's attorney had requested, but never gotten, receipt of right to sue letter pursuant to 29 C.F.R. § 1614.605(e)). The Court in McKay further pointed out the absurdity of Plaintiff's argument when it found that "[t]aken to an extreme, plaintiff's application of 29 C.F.R. § 1614.605(d) would mean that had his attorney never received notice, the 90-day time period would never have begun running. This unacceptable, illogical result shows the error of plaintiff's reliance on the regulation." Id. at n. 1. Accordingly, because the complainant had actual notice of the proceedings, which contained an explicit warning that he must file within a specified time frame, the McKay Court found that he failed to act in a timely fashion, and dismissed the complaint. Id. at *2.

Plaintiff further cites to the unpublished opinion of the Honorable Colleen Kollar-Kotelly in Jackson v. Snow, 2006 WL 212136 (D.D.C. 2006), for the proposition that the Court has judicially recognized that Plaintiff's receipt of the Notice does not trigger the 15-day time line for filing a formal complaint. However, the Court in Jackson, does not even remotely stand for this proposition. Indeed, Judge Kotelly, in Jackson, specifically recognized the rule established by the Supreme Court in Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1990), that notice "is 'received' when the agency delivers its notice to a claimant or a claimant's attorney - **whichever comes first**." 2006 WL 212136 at 3 (emphasis added). Because the complainant's attorney filed the complaint outside of the time limitations, Judge Kotelly found that her complaint was untimely, irrespective of the fact that it was filed within the time that Plaintiff herself received the notice. Id.

Like the complainant in McKay, Plaintiff here received actual notice of the final interview on January 25, 2006. That notice specifically set forth the requirement that she file her formal administrative complaint within 15 days. Notably, Plaintiff's counsel admits that she actually received a copy of the notice, through her client, within the time limitations. Plaintiff's Opposition at 6. Yet, she failed to file it within the limitations period. Accordingly, the claim should be dismissed.

The present matter is similar to the facts in Ganheart v. Lujan, 733 F. Supp. 1053 (E.D. La. 1990). In Ganheart, the plaintiff filed an administrative appeal of the EEO Final Decision well-outside the prescribed time period, and then filed a civil action with the District Court after the appeal was denied as untimely. 733 F. Supp. at 1055. Applying the equitable tolling standards set forth by the Supreme Court in Baldwin County Welcome Center v. Brown, the

3

court found that plaintiff there received adequate notice of the time limitations, and the government agency did not engage in any affirmative misconduct to lull the plaintiff into inaction. Id. at 1058 ("The simple fact is that [plaintiff] was told . . . what she must do to preserve her claim, and she did not do it.") (quoting Baldwin, 466 U.S. at 151). Because the Plaintiff here filed her formal complaint well-outside the 15 day time limit, she failed to exhaust her administrative remedies, and the complaint should be dismissed.

> 2.  **Plaintiff Failed To Demonstrate that She Timely Filed Her Formal Administrative Complaint.**

Plaintiff attempts to excuse the untimely filing of her formal administrative complaint by alleging that she mailed the formal complaint to the agency within the 15 day time limit, but that the address label was somehow removed from the envelope at the post office and that the letter was returned as undeliverable. Plaintiff's Opposition at 6. Plaintiff admits, however, that she failed to bring this to the attention of the agency, that she failed to appeal to the EEOC, and that she failed to otherwise raise these allegations or present her evidence of an alleged timely filing at any time during the administrative phase.

Because Plaintiff's administrative complaint never reached a determination based upon the merits, but rather was dismissed during the administrative phase as untimely, the issue for the court to determine at this point is whether the agency abused its discretion in dismissing Plaintiff's tardy complaint. See Ganheart v. Lujan, 733 F. Supp. 1053, 1058 (E.D. La. 1990). Based upon the fact that Plaintiff failed to even raise any defense to her late-filing with the agency or the EEOC, the Court cannot find that the agency abused its discretion.

EEO regulations provide that a document is deemed to be timely filed if "it is received or postmarked before the expiration of the applicable filing period...." 29 C.F.R. §1614.604(b).

Here, the formal complaint received by the agency was postmarked on February 17, 2006. Exh. 3. No other postmark was presented to the agency, and Plaintiff provided no other indication or evidence in the administrative phase that demonstrated that the complaint was mailed or postmarked within the applicable time period. Plaintiff did not provide the agency with a copy of the alleged returned envelope, nor did she submit an explanation to the agency as to why her formal complaint was late.[2/] Rather, Plaintiff merely remailed the formal complaint in a new envelope without providing the agency with any indication that the complaint was previously mailed within the time limits. Plaintiff's Opposition at 7. Accordingly, under the EEO regulations, the sole date that the formal complaint is deemed to have been filed is February 17, 2006 – eight (8) days outside of the time limit.

By failing to inform the agency of any alleged prior mailing, and by failing to provide the agency with a copy of the first envelope that she claimed was timely placed in the mail, Plaintiff has further frustrated the very purpose of the administrative exhaustion requirement of Title VII. The D.C. Circuit Court has explained that the exhaustion requirement is not unimportant. "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." Brown v. Marsh, 777 F.2d 8, 14 (D.C. Cir. 1985). The consultation deadline allows an employer to investigate promptly before evidence becomes stale. See, e.g., Delaware State College v. Ricks, 449 U.S. 250, 256-57 (1980) (stating that the Title VII

---

[2]     It was not until she filed the present civil action that Plaintiff made any claim of an alleged earlier mailing. Such late action by Plaintiff renders the "evidence" of her earlier mailing highly questionable. However, the Court need not even address this "new" evidence as it was never presented to the agency or the EEOC, and cannot be deemed to be an applicable "postmark" under the EEO regulations.

administrative filing requirement protects employers from the burden of defending claims that arise from decisions that were made long ago).

Nor do any of the cases cited by Plaintiff in her Opposition support her position. Indeed, in each of those cases, the complainant presented evidence to the EEOC demonstrating that the complaint was actually sent on time, and the administrative process was allowed to run its course. See National Cement Company v. Federal Mine Safety and Health Commission, 27 F.3d 526, 531 (11th Cir. 1994) (the complainant timely mailed his complaint to the Commission's Arlington, Virginia Office, who then forwarded the complaint to the Washington, D.C. Office, along with the envelope with the timely postmark and a routing slip indicating that the document was received by the Office within the requisite time limits); Thomas v. Secretary of Transportation, EEOC 01A00199 (2000) (complainant presented evidence to the EEOC demonstrating that she timely mailed her complaint); House v. U.S. Postal Service, EEOC Request No. 05910352 (May 1991) (same). In the present matter, Plaintiff waited until after she filed her civil action to make any argument or present any evidence that she timely filed her formal administrative complaint. Thus, neither the agency nor the EEOC was permitted the opportunity to investigate the merits of her claim, or "handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." Brown, 777 F.2d at 14.

**3.      Equitable Tolling Does Not Apply.**

Plaintiff's own failure to provide the "evidence" of her earlier filing negates any application of equitable tolling principles. The power to equitably toll a statute of limitation is "exercised only in extraordinary and carefully circumscribed instances." Smith-Haynie v.

District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotations and citation omitted).  The case law has recognized only four situations in which equitable tolling may be applied: (1) where a claimant has received inadequate notice; (2) where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; (3) where the court has led the plaintiff to believe that she has done everything required of her; and (4) where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction."  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (*per curiam*).  See also Bowden v. U.S., 106 F.3d 433, 438 (D.C. Cir. 1997) (same); Glenn v. Williams, 2006 WL 401816, slip op. at 10 (D.D.C. Feb 21, 2006) (same).  Neither of these circumstances are even arguably applicable to Plaintiff's situation.  Indeed, the Supreme Court has made it clear that the principles of equitable tolling cannot be extended "to what is at best a garden variety claim of excusable neglect."  Irwin v. Department of Veteran's Affairs, 498 U.S. 89, 96 (1990).

      Here, Plaintiff, who has been represented by legal counsel at all stages of the administrative and civil proceedings, makes no allegation that any party acted in a manner so as to mislead her as to her rights and duties, nor does she claim that she was unaware of her rights and responsibilities under Title VII.  Rather, Plaintiff alleges that she sent her formal complaint by regular U.S. mail, taking no action to ensure that it safely and timely reach the agency such as sending by overnight or registered mail.  Plaintiff next claims that the address label fell off of the envelope while in the U.S. mail.  However, instead of immediately notifying the agency or the EEOC of this alleged event and then ensuring the immediate delivery of the evidence supporting the explanation along with the administrative complaint, Plaintiff merely claims that she made up

a new envelope and sent the administrative complaint by mail. It should have been no surprise that the agency dismissed the formal complaint as untimely, and the Court cannot find that it was unreasonable to do so. "Thus, the Plaintiff will not be afforded extra time to file without exercising due diligence, and the plaintiff's excuse must be more than a garden variety claim of excusable neglect." Battle v. Rubin, 121 F. Supp.2d 4, 8 (D.D.C.2000) (*citing* Irwin at 96).

Even after Plaintiff became aware that the label was torn off of the envelope and that her formal complaint was not delivered to the agency, it was the Plaintiff, and not any other person or party, who caused the untimely filing and ultimate dismissal of the case. Plaintiff cannot hold back the very evidence that she intends to rely upon to support her claim that the formal complaint was timely filed, and then cry foul and seek the application of equitable relief when the agency dismisses the case. Plaintiff has failed to make any demonstration of any factors set forth by any court to warrant the equitable tolling of the filing deadline for her civil action, and her Complaint should be dismissed as untimely.

**B.      Plaintiff Failed to Set Forth Admissible Evidence Demonstrating That Her Civil Action Was Timely Filed.**

Plaintiff admits to all allegations in Defendant's Statement of Material Facts Not In Genuine Dispute regarding the late-filing of the Complaint, see Plaintiff's Statement of Genuine Issues ¶¶ 6-9, but then baldly asserts that the Complaint was filed within the requisite time limits. Plaintiff provides no evidence other than date stamps that provide no indication as to when the civil action was filed, let alone that it was filed timely. Notably, Plaintiff's counsel fails to provide any affidavit in support of her claim that the Complaint was timely filed.

Federal Civil Rule 56(e) provides that a non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise

provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Failure by the Plaintiff to provide any such affidavit or sworn statement requires that the Court enter judgment for the Defendant. Id. As the Supreme Court has instructed: "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Circuit Court has also long held that "a mere unsubstantiated allegation . . . creates no genuine issue of fact and will not withstand summary judgment." See Harding v. Gray, 9 F. 3d 150, 154 (D.C. Cir. 1993).[3]

In addition to Plaintiff's failure to provide any sworn affidavit or statement regarding the filing of the Complaint, it is interesting to note that Plaintiff cannot provide this Court with a copy of the complaint with an appropriate, timely date-stamp from the United States District Court. Indeed, although Plaintiff's counsel was confronted with three date-stamp machines at the "speedy filing" box at the courthouse, she somehow managed to obtain a date stamp from every court, except the District Court's, all of which fail to indicate when the Complaint was actually filed. See Plaintiff's Opposition at 11. Moreover, when counsel allegedly contacted the clerk's office and was specifically directed to bring the matter up to the assigned District Court Judge,

---

[3] See also, Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir 1999) ("Accepting . . . [appellant's] conclusory allegations as true...would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial.); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir.1996) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990), quoted in Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir.1993))("'[E]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'")

Plaintiff failed to follow the direction, but rather chose, again, to sit back and do nothing to preserve or protect her rights. Id. at 11-12.[4]

Plaintiff alternatively asks this Court to forgive her untimeliness, citing cases that require courts to liberally construe Title VII in favor of pro se plaintiffs. Plaintiff's Opposition at 13. However, this does not apply to the statute of limitations as even pro se plaintiffs have been held accountable for complying with the time periods, perhaps because the agency and the EEOC are required to advise complainants of their rights and the time limits in their decisions. See Wiley v. Johnson, 436 F.Supp.2d 91, 96 (D.D.C.2006) ("Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day"). See also Smith v. Dalton, 971 F. Supp. 1, 3 (D.D.C. 1997) (granting summary judgment to the defendant because plaintiff's pro se status was insufficient to invoke equitable tolling of the 90 day filing period under Title VII). And the Courts have been even less forgiving when complainants have been represented by counsel throughout the matter. See Settles v. U.S. Parole Commission, 429 F.3d 1098, 1107 (D.C. Cir. 2005) ("It is quite a different matter to suggest that this particular exercise of liberality should extend to a complaint that is not pro se...."); Wilson v. Prudential Financial, 218 F.R.D. 1, 3 n. 6 (D.D.C. 2003) ("because the plaintiff had counsel at the time . . ., the plaintiff cannot take refuge in the "special solicitude" granted pro se litigants who are late in replying:) (*citing* Anderson v. Pirfo, 90cv2276 (LFO), 1990 WL 209984, at *1 (D.D.C. Dec. 6, 1990) *and* Estate of

---

[4] Unlike the Plaintiff here, every complainant in the cases cited by Plaintiff actually filed their complaints on time with the courts and presented a date-stamp and other evidence to prove the point. See Loya v. Desert Sands Unified School District, 771 F.2d 279, 280 (9th Cir. 1983); Toliver v. Sullivan Diagnostic Treatment Center, 748 F. Supp. 223, 225 (S.D.N.Y. 1990). Plaintiff has presented no evidence that indicates when the complaint was actually filed with the Court, other than the Court's date stamp which indicates that it was received on July 5th. Accordingly, neither case helps Plaintiff.

Davidson v. Columbia Hospital for Women Medical Center, 90cv580 (NHJ), 1991 WL 277434, at *2 (D.D.C. Dec. 11, 1991)). Here, the fact that Plaintiff is represented by counsel and has historically failed to comply with all deadlines throughout the administrative and District Court matters militate that this Court should dismiss the Complaint as untimely.

C. **Plaintiff Has Failed to Set Forth Evidence Showing There Is A Genuine Issue for Trial Regarding Her Privacy Act Claim.**

In response to Defendant's Statement of Material Facts Not in Genuine Issue regarding the Privacy Act claim, Plaintiff fails to point to any evidence to dispute Defendant's Statement of Facts, nor does she set forth any facts to demonstrate that the matter is in dispute. Rather, Plaintiff merely responds with the allegation that the Defendant's statement of fact "is not supported by citation [to the record] in violation of LcVR 7(h)." Plaintiff's Statement of Genuine Issues at ¶¶ 12-14. Plaintiff, however, completely ignores the fact that the Defendant not only provided evidence in the record to support its allegations, but further directed the Court to the portions of Plaintiff's Complaint that admit to the very fact asserted. See Statement of Material Fact Not in Genuine Dispute at ¶¶ 12-14 (*citing* Def. Exh. 5 and Plaintiff's Complaint at ¶ 74). Both forms of citation satisfy the requirements of Local Civil Rule 7(h) and Federal Civil Rule 56(e). Accordingly, because Plaintiff has failed to provide any affidavits or other admissible evidence demonstrating that there is a genuine issue for trial, Defendant's Statement of Facts must be deemed admitted. Fed. R. Civ. P. 56(e).

D. **Plaintiff Failed to Demonstrate a Willful and Intentional Violation of the Privacy Act.**

Plaintiff has further failed to satisfy her burden of proving a "willful and intentional" violation of the Privacy Act. Laningham, 813 F.3d at 1243; Doyon v. U.S. Department of

11

Justice, 304 F. Supp.2d 32, 34 (D.D.C. 2004). Plaintiff cites to the D.C. Circuit Court's opinion in <u>Toolasprashad v. Bureau of Prisons</u>, 286 F.3d 576 (D.C. Cir. 2002), to support her claim that her mere claim of retaliation satisfies the requirement that she set forth some fact demonstrating a "willful and intentional" violation. Plaintiff's Opposition at 14. However, <u>Toolsaprashad</u> did not remove the requirement that Plaintiff set forth some fact or evidence to support the claim that the person acting on behalf of the agency had retaliatory intent. See <u>Toolsaprashad</u>, 286 F.3d at 586. And, because the matter before the Court is a Motion for Summary Judgment, Plaintiff must come up with more than an unsupported allegation, but rather she must "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e).

Here, Plaintiff's Complaint identifies the supervisor who placed the information in the shared computer drive as "Cecilia Crawford." Complaint at 71. In her Opposition, however, Plaintiff identified the person who acted with retaliatory animus to be "Terry Brennan." Plaintiff's Opposition at 15. Thus, she has failed to demonstrate any retaliatory animus by any person responsible for placing the document on the shared server.

Moreover, as was demonstrated in Defendant's Exhibit No. 5, Plaintiff was not the only employee who had documents relating to her on the shared server. Def. Exh. 5. Thus, Plaintiff cannot demonstrate that the one document relating to her was placed on the shared server with the requisite intent to retaliate against her, let alone that the document contained any information covered by the Privacy Act. Accordingly, Plaintiff cannot meet her burden, and Defendant is entitled to judgment as a matter of law.

12

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843