UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith, <br> 12529 Covenant Way <br> Hagerstown, MD 21742 <br><br> Plaintiff, <br><br> v. <br><br> Samuel Bodman, <br> Secretary <br> U.S. Department of Energy <br> 1000 Independence Avenue, S.W. <br> Washington, D.C., 20585 <br><br> Defendant. | Civil Action No. 06cv1216 (RWR) <br> Judge Richard W. Roberts |

### PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Marilyn Tolbert-Smith, by counsel, hereby submits this Surreply in order to address new assertions made by Defendant in his Reply that are not only new, but erroneous.

**I.   Plaintiff Presented Evidence To Demonstrate Her Timely Filing, Not "Excuses" for Filing Late**

Defendant in his Reply fails to acknowledge the evidence of timely filing presented with Plaintiff's Opposition, and claims incorrectly that she seeks to "excuse" her late filing.

Plaintiff in fact submitted clear evidence of her timely filing, through counsel, of her formal administrative complaint and her civil Complaint. Moreover, Defendant's claim that Plaintiff failed to alert agency officials to the timely mailing of her administrative complaint is false, as demonstrated by the e-mail exchange of March 30, 2006 between Plaintiff's counsel and agency attorney Katie Strangis, Esq. (copy attached as Exhibit 1).

### A. Plaintiff Timely Filed Her Administrative Complaint, and Was Rebuffed by Agency Counsel When She Offered to Provide Evidence of Her Timely Filing

Defendant in his Reply responds to Plaintiff's showing that she timely mailed her administrative complaint - a demonstration made necessary by a postal mishap that prevented it from reaching the agency until she mailed it a second time- by claiming that Plaintiff failed "to inform the agency" of such mailing. Defendant's Reply at 5. Defendant claims on this basis that Plaintiff's assertion of timeliness is therefore "highly questionable," and that "Plaintiff has further frustrated the very purpose of the administrative exhaustion requirement of Title VII." Id.

In fact, as demonstrated by the attached e-mail exchange between Plaintiff's counsel and agency attorney Katie Strangis, Esq., Plaintiff's counsel informed attorney Strangis on March 30, 2006 that Plaintiff had timely filed the administrative complaint, and that she had evidence of the timely filing in her case file. Attorney Strangis responded by telling Plaintiff's counsel that she could "appeal to the EEOC" if she wished. See Exhibit 1, attached.

Thus, Plaintiff properly attempted to provide the agency with evidence of her timely filing, but was summarily rebuffed. Accordingly, if anyone may be said to have "frustrated the very purpose of the administrative exhaustion requirement of Title VII" in this case, it is Defendant.[1]

---

[1] Plaintiff described the initial mailing of her formal administrative complaint in the civil Complaint filed with this Court (Complaint ¶¶ 15-17), and included the evidence of the initial, ill-fated mailing with her Opposition to Defendant's Motion to Dismiss (Plaintiff's Opposition, Exhibit 1).

2

B. **Plaintiff Timely Filed This Civil Action, and Presented Evidence in the Form of a Time and Date-Stamped Copy of her Complaint, and a Date-Stamped Copy of the Summons Issued to the Attorney General**

Perhaps most disturbingly, Defendant claims in his Reply that "Plaintiff admits to all allegations in Defendant's Statement of Material Facts Not in Genuine Dispute regarding the late filing of the Complaint." Defendant's Reply at 8. In fact, Plaintiff explicitly stated that she timely filed the Complaint on July 3, 2006. See Plaintiff's Statement of Genuine Issues ¶ 10.

Moreover, Plaintiff fully explained the circumstances of the filing in her Opposition to Defendant's Motion to Dismiss. See Plaintiff's Opposition at 10-13. Plaintiff backed up this account of her timely filing, not with an "excuse," but with a date-and time-stamped copy of the Complaint, imprinted with a time of "PM 11:59" and "July 33, 2006" [sic]. See Plaintiff's Opposition, Exhibit 2. In addition, Plaintiff submitted the returned summons issued by the Office of the Clerk, to be served upon the United States Attorney General, which contained a date stamp of "July 3, 2006," next to the Clerk's stamped name, with the Deputy Clerk' signature below. See Plaintiff's Opposition, Exhibit 3.

C. **Defendant's Arguments Against Equitable Tolling Are Undermined by His Filing Not One But Two Motions for Enlargement of Time to File his Reply**

Following Plaintiff's filing of her Opposition to his Motion to Dismiss, Defendant twice sought additional time to prepare and file his Reply. See Defendant's Protective Motion for Enlargement of Time (Dkt. No. 11, filed November 6, 2006) and Defendant's Second Protective Motion for Enlargement of Time to File his Reply (Dkt. No. 14, filed Nov. 27, 2006).

On finally filing his Reply, Defendant first attempts to dismiss the existence of Plaintiff's clear evidence of timely filing, instead labeling her Opposition as a series of excuses for her "habitual late filing." Defendant's Reply at 1. Defendant then argues strenuously against any

3

possibility of equitable tolling, which Plaintiff presented as an alternative argument in her Opposition to Defendant's Motion to Dismiss.

On these facts, Plaintiff respectfully submits that equitable considerations now add further support to her legal arguments for denial of Defendant's Motion to Dismiss.

## II.   Plaintiff Did Not Assent to Defendant's Version of the Facts

Defendant in his Reply incorrectly states that "Plaintiff has failed to dispute any facts set forth by Defendant in the properly supported Statement of Material Facts." Defendant's Reply at 1. This is simply not true. As discussed above, Plaintiff clearly disputes Defendant's claim that she untimely filed this action and the underlying administrative complaint.

Moreover, Plaintiff's Statement of Genuine Issues (at ¶¶12-14) makes clear that she finds wholly unsupported the series of factual allegations Defendant presented in an attempt to counter her Privacy Act claim. Defendant's Statement of Material Facts Not in Genuine Dispute, ¶¶ 12-14.

Specifically, Defendant relies on "Exhibit 5" attached to his Motion to Dismiss, and Plaintiff's Complaint, ¶74. However, Exhibit 5 is an in-house agency memorandum, dated August 16, 2006, regarding an unidentified "File No. 106125061," which has no clear connection to the particulars of Plaintiff's case. The cited paragraph of Plaintiff's Complaint not only fails to support Defendant's position regarding the Privacy Act violation she suffered, it provides evidence that the violation occurred; namely, that Defendant deliberately placed a document or documents revealing the existence of Plaintiff's disability and her request for reasonable accommodation on a widely accessible computer "shared drive" maintained by Defendant.

4

In conclusion, Plaintiff submits that Defendant's Reply fails to offer any legitimate support for his Motion to Dismiss.

                          Respectfully Submitted,
                          _/s/_____
                          Cheryl Polydor, Esq.
                          D.C. Bar # 454066
                          The Law Firm of John Berry, PLLC
                          1990 M Street, NW, Suite 610
                          Washington, DC 20036
                          Tel. (202) 955-1100   Fax (202) 955-1101
                          *Attorney for Marilyn Tolbert-Smith*

Dated: December 18, 2006

## Cheryl Polydor

| | |
|---|---|
| From: | Strangis, Katie [Katie.Strangis@hq.doe.gov] |
| Sent: | Thursday, March 30, 2006 2:58 PM |
| To: | Cheryl Polydor |
| Subject: | RE: Tolbert-Smith Complaint of Discrimination |

Cheryl,

Regardless of what you believe with respect to timing, the claim has been dismissed. It is, of course, your right to appeal this decision to the EEOC.

Katie

Katie Strangis
Attorney-Advisor
Office of the Assistant General Counsel for General Law U.S. Department of Energy 1000 Independence Avenue, SW Washington, DC 20585
202-586-8623


-----Original Message-----
From: Cheryl Polydor [mailto:cpolydor@worklaws.com]
Sent: Thursday, March 30, 2006 2:44 PM
To: Strangis, Katie
Subject: Tolbert-Smith Complaint of Discrimination


Ms. Tolbert-Smith's formal complaint was timely filed. In fact, because the agency has failed to provide me to date with a copy of the Notice of Final Interview, the statute of limitations has not yet begun to run on her time to file a complaint.

Additionally, even if the above were not the case, our case records unequivocally demonstrate that Ms. Tolbert-Smith's formal complaint was timely filed.


Cheryl Polydor, Esq.
Attorney at Law
John Berry P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C 20036
Tel. (202) 955-1100
This communication may be privileged and confidential. If you receive this e-mail by mistake please delete it and kindly notify the sender.
-----Original Message-----
From: Strangis, Katie [mailto:Katie.Strangis@hq.doe.gov]
Sent: Thursday, March 30, 2006 1:59 PM
To: Cheryl Polydor
Subject: RE: Tolbert-Smith - FOIA/Privacy Act Materials [II]

Cheryl,

Please note that I am faxing you a letter from the Office of Civil Rights and Diversity at the DOE regarding the information you requested from that office. This will also serve to inform you that OCRD considers your clients EEO appeal un-timely and as such has dismissed the case in whole. A letter will be sent to you explaining this in greater detail. Please let me know if you have any questions.

Sincerely,
Katie


EXHIBIT 1

1

Katie Strangis
Attorney-Advisor
Office of the Assistant General Counsel for General Law U.S. Department
of Energy
1000 Independence Avenue, SW
Washington, DC 20585
202-586-8623


-----Original Message-----
From: Cheryl Polydor [mailto:cpolydor@worklaws.com]
Sent: Wednesday, March 29, 2006 5:50 PM
To: Strangis, Katie
Subject: RE: Tolbert-Smith - FOIA/Privacy Act Materials [II]

Dear Katie:

Based on a quick check of Ms. Tolbert-Smith's file, I have in hand a request submitted by my client in September 2005, and was under the impression that the request originally was submitted earlier (i.e., a year ago).

    The Freedom of Information Act requires an agency to make a determination on a FOIA request within 20 working days of receipt. 5 U.S.C. Section 552(a)(6)(A)(i). You acknowledge the Department's receipt of a FOIA request from my client in November 2005, and also acknowledge the fact that the Department still has not provided a determination or response to her request to date, approximately four months later. Accordingly, there is no purpose to be served by my client or I conducting a search of our files to provide you with any further documentation of her request.

    In this connection, I remind you that we already have been asked to provide you with a copy of her Formal Complaint of Discrimination, which you told me you could not locate, despite its having been properly filed with the Department's Office of Civil Rights and Diversity. I note in addition, as previously reported to you, that the Department has failed to provide me with a copy of the Notice of Final Interview and Report of Counseling.

    I would appreciate your ensuring, as the Department's attorney of record, that the appropriate agency officials take care of these matters as soon as possible. Thank you.

                                                  Cheryl


Cheryl Polydor, Esq.
Attorney at Law
John Berry P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C 20036
Tel. (202) 955-1100
This communication may be privileged and confidential. If you receive this e-mail by mistake please delete it and kindly notify the sender.
-----Original Message-----
From: Strangis, Katie [mailto:Katie.Strangis@hq.doe.gov]
Sent: Wednesday, March 29, 2006 4:57 PM
To: Cheryl Polydor
Subject: RE: Tolbert-Smith - FOIA/Privacy Act Materials

Dear Cheryl:

With regard to the FOIA request, I have been assured by the FOIA office that it will be ready as soon as possible. I need to correct one point, that is, I checked with them and the only request they have on record

2

from your client came in October 2005; thus, the request is a great deal less than a year old. If you have documentation to refute this date I would be interested in seeing it. I have nothing to do with the charges, that is between the FOIA office and your client.

You asked for assurances that management will abide by what we discussed in the mediation. It was my understanding from the mediator that discussion about this case was not to take place until the next mediation. As such, management signed mediation agreements and of course intends to fully abide by them. I don't believe further discussion on this point is appropriate in this forum.

The agency has approached mediation in good faith, and continues to do so. If you feel that further legal action is warranted on your part that is of course your right. We maintain our position and firmly believe that absolutely no discrimination has occurred in this situation; additionally, we have done and will continue to do everything in our power that is appropriate and reasonable to accommodate your client.

Thanks,
Katie Strangis


Katie Strangis
Attorney-Advisor
Office of the Assistant General Counsel for General Law U.S. Department of Energy
1000 Independence Avenue, SW
Washington, DC 20585
202-586-8623


-----Original Message-----
From: Cheryl Polydor [mailto:cpolydor@worklaws.com]
Sent: Wednesday, March 29, 2006 4:45 PM
To: Strangis, Katie
Subject: Tolbert-Smith - FOIA/Privacy Act Materials

Dear Katie:


I would appreciate your promptly providing Ms. Tolbert-Smith with the materials prepared by the agency in response to her FOIA/Privacy Act request of more than a year ago. Based on your recent e-mail message to me, I understood that the materials were ready for Ms. Tolbert-Smith, and that you were simply awaiting word from us regarding the proper recipient of the materials. As I've already informed you, we ask that the Department provide the materials directly to Ms. Tolbert-Smith. Please advise me as soon as possible of the status of Ms. Tolbert-Smith's request, and also indicate in advance if the agency will be seeking any payment from Ms. Tolbert-Smith for the materials.


I also am still awaiting your assurance that management will comply with the temporary agreement that arose out of our Mediation session last week. Ms. Tolbert-Smith has held up her end of the bargain and reported to work both yesterday and today, and plans to continue to report to work as agreed.


Finally, I must report that Ms. Tolbert-Smith continues to be subjected to a hostile environment on her return to work- in particular, by the actions and words of her supervisor, Terry Brennan.

3

For example, during a discussion of Ms. Tolbert-Smith's new performance standards, which require her to perform records management tasks, Ms. Tolbert-Smith reminded Mr. Brennan that she is an information management specialist, and not a records management specialist. I understand that Sharon Rudy, also present at the meeting, confirmed this point. Whereupon Mr. Brennan said to my client, "If you don't do records, than I don't have a job for you."

This continued pattern of harassment is an egregious violation of Ms. Tolbert-Smith's rights under the Rehabilitation Act, and necessitates our filing an amended or new complaint against the agency. We also are considering other legal action to protect my client from this abuse. Moreover, the ongoing pattern of illegal conduct by management officials - which remains unchecked even in the wake of our sitting down to mediation - leads me to question the Department's commitment to the mediation process, and to the possible negotiation of a mutually satisfactory settlement, without the need for us to resort to litigation. Accordingly, I would appreciate your advising me of the Department's current position in this matter. Thank you.


Cheryl



Cheryl Polydor, Esq.
Attorney at Law
John Berry P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C 20036

Tel. (202) 955-1100

This communication may be privileged and confidential. If you receive this e-mail by mistake please delete it and kindly notify the sender.

4