UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 06cv1216 (RWR) |
| | ) |
| **SAMUEL BODMAN, Secretary,** | ) |
| **U.S. Department of Energy** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**NOTICE OF RECENT AUTHORITY IN SUPPORT OF
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendant, Samuel Bodman, Secretary of the United States Department of Energy, through counsel, respectfully informs the Court that the United States Court of Appeals for the District of Columbia Circuit in Colbert v. Potter, No. 05-5330, ___ F.3d ___, 2006 WL 3687233 *14 (D.C. Cir. December 15, 2006), held that the submission of documentary evidence without any indication of its significance on its face, and with only argument from the party's attorney regarding the meaning of the evidence, was insufficient to create a genuine issue of material fact sufficient to avoid summary judgment. Specifically, in response to the appellee's motion for summary judgment for failing to timely file a Title VII civil action, appellant submitted a copy of the Final Agency Decision bearing the imprint "Received - Mar 20 2004," proffered that the imprint was the appellant counsel's office stamp indicating when she received the Final Decision, and argued that the postmark of "March 18, 2004" on the Postal Service return-receipt did not accurately reflect when she received the document. The Court of Appeals held that the appellant's failure to provide an affidavit from her counsel, pursuant to Fed. R. 56(e), explaining the imprint or otherwise providing admissible evidence to refute the postmark date was "not

enough to create a genuine issue of material fact sufficient to avoid summary judgment." Id.

In his Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Defendant argued that Plaintiff failed to provide an affidavit refuting the court stamp indicating that the civil action was filed on July 5, 2006. Defendant's Reply at 8-9. Rather, Plaintiff only provided the Court with a document bearing date stamps that gives no indication as to when Plaintiff filed the civil action, and then proffered that she was at the courthouse just minutes before midnight on July 3, 2006, and that she could not somehow understand that she needed to use the District Court's date-stamp machine instead of the Bankruptcy Court's or the Court of Appeals'. The Circuit Court's opinion in Colbert supports Defendant's argument that, without an affidavit by Plaintiff's counsel explaining the inconclusive date stamps on the document or otherwise refuting the District Court's July 5, 2006 stamp, Plaintiff failed to create a genuine issue of material fact to avoid summary judgment in favor of Defendant.

                Respectfully submitted,

                /s/ Jeffrey A. Taylor
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                /s/ Rudolph Contreras
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                /s/ Darrell C. Valdez
                DARRELL C. VALDEZ, D.C. BAR # 420232
                Assistant United States Attorney
                Judiciary Center Building
                555 4th St., N.W., Civil Division
                Washington, D.C. 20530
                (202) 307-2843