**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARILYN TOLBERT-SMITH | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 06cv1216 (RWR) |
| | ) |
| SAMUEL BODMAN, Secretary, | ) |
| U.S. Department of Energy | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO FILE SUR-REPLY**

Defendant, Samuel Bodman, Secretary of the U.S. Department of Energy, respectfully

submits this Opposition to Plaintiff's Motion to File a Sur-Reply.

In an attempt to "get in the last word" without allowing Defendant to respond, Plaintiff

asks to file a Sur-Reply in response to Defendant's reply memorandum regarding the pending

Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. A Sur-Reply,

however, is not proper as Defendant did not address any matter that was not otherwise raised by

Plaintiff in her Opposition to Defendant's Motion. Accordingly, her Motion to File Sur-Reply

should be denied.

A.      **Background.**

Plaintiff filed the present action on Wednesday, July 5, 2006, alleging that her employer,

the Department of Energy, discriminated, harassed and retaliated against her as a result of her

disability, clinical depression, and further violated the Privacy Act by allegedly placing protected

material on a shared computer drive. Dkt. No. 1. A copy of the Summons and Complaint was

served upon the United States Attorney's Office on August 8, 2006, and Defendant timely filed a

Motion to Dismiss or, in the Alternative, for Summary Judgment on October 6, 2006.  Dkt. Nos.

6 and 7.  In his Motion, Defendant asserted (1) that Plaintiff failed to timely file a formal

administrative complaint; (2) that Plaintiff failed to timely file her civil action after the agency

dismissed her claim as untimely; and (3) that Plaintiff could not demonstrate a protected

disclosure, nor an intentional or willful violation of the Privacy Act.

On October 25, 2006 – 5 days after Plaintiff's response was due – Plaintiff filed a Motion

to Strike Defendant's Motion and a Motion to Late-File.  Dkt. Nos. 8 and 9, respectively.[1]

Plaintiff subsequently withdrew her Motion to Strike, and requested that the Court treat her

arguments within the Motion as an Opposition to Defendant's dispositive motion.  Motion to

Withdraw Motion to Strike, Dkt. No. 12.  In her Opposition,  Plaintiff asserted that (1) she timely

mailed her administrative complaint after the final counseling but that after the address label fell

off and it was returned as undeliverable, she re-mailed the complaint in a new envelope; (2) that

even if the second mailing was the operable date, it was timely because the clock did not begin to

run on Plaintiff until her attorney received the Notice of Final Counseling; (3) that she was

---

[1]     In her Motion to Strike, Plaintiff alleged, without any factual or legal support, that
Defendant's response to the Complaint was untimely.  In response to Plaintiff's Motion to Strike,
Defendant served a Rule 11 notice upon counsel for Plaintiff, pointing out that Plaintiff's Motion
was without any factual or legal basis, as the Defendant actually filed his response to Plaintiff's
Complaint four (4) days before the date it was due, and demanding that Plaintiff withdraw the
Motion to Strike.  Pursuant to the Rule 11 notice, Plaintiff had 21 days within which to withdraw
her Motion to Strike, or Defendant would file for sanctions, including reasonable attorney's fees.
Fed. R. Civ. P. 11(c).  Accordingly, Defendant moved for additional time to file a Reply
memorandum, in order to give Plaintiff time to withdraw her frivolous Motion.  Dkt. No. 11.
        On November 9, 2006, Plaintiff agreed, through counsel, to withdraw her Motion to
Strike, and assured Defendant that she would file the withdrawal "no later than one week from
today [11/9/06]".  However, Plaintiff did not withdraw her Motion to Strike within the time
frame specified, but rather waited until late in the day on November 22, 2006 – one week late.
Dkt. No. 12.  As a result of Plaintiff's late withdrawal of her Motion to Strike, Defendant needed
additional time to prepare and file a Reply.  Dkt. No. 14.

present in the courthouse to file civil action just before midnight on July 3, 2006, but when

confronted with three date-stamp machines at the "speedy filing" box, she did not understand

how to use the machine that was clearly marked for District Court filings; and (4) that she set

forth adequate facts in her Complaint to overcome summary judgment.

On December 11, 2006, Defendant filed his Reply to Plaintiff's Opposition to

Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.  Dkt. No. 16.  In

his Reply memorandum, Defendant responded to each and every excuse presented by Plaintiff for

her tardiness, demonstrating that her excuses lacked any basis in law, and, in some

circumstances, in fact.  Defendant further pointed out that the case law relied upon by Plaintiff

did not support her argument that her Privacy Act claim was adequate, and that she failed to set

forth evidence showing there is a genuine issue for trial regarding the Privacy Act claim.

Defendant did not address any other matter outside of Plaintiff's Opposition.

**B.**      **Argument.**

"The standard for granting leave to file a surreply is whether the party making the motion

would be unable to contest matters presented to the court for the first time in the opposing party's

reply."  Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C.2001); cf. Alexander v. Federal Bureau

of Investigation, 186 F.R.D. 71, 74 (D.D.C.1998).  If the opposing party's reply merely raised

issues that the parties **have already addressed or had the opportunity to address**, the sur-reply

should be denied.  U.S. Commodity Futures Trading Com'n v. Whitney, 441 F.Supp.2d 61, 73

(D.D.C. 2006).  See also Corel Corp. v. U.S., 165 F.Supp.2d 12, 18 n. 1 (D.D.C. 2001)

("Because I find that the arguments raised in Corel's surreply could have been raised in Corel's

opposition brief, Corel's motion to file a surreply will be denied").

In the present matter, Plaintiff claims that the Defendant raised new arguments in his Reply, and that Defendant's arguments are based on erroneous statements of fact. See Plaintiff's Memorandum of Points and Authorities in Support of Motion for Leave to File a SurReply (Dkt. No. 17) at 1. However, Plaintiff was the party that raised the issues and arguments addressed by Defendant in his Reply.   Indeed, Defendant limited his Reply solely to Plaintiff's claims that the administrative and civil complaints were timely filed and that she should be excused for any filings that are deemed late. See e.g. Whitney, 441 F.Supp.2d at 73 (the standard governing the allowance of a sur-reply depends on whether the Reply "raises issues that the parties have already addressed or had the opportunity to address"); Corel Corp., 165 F.Supp.2d at 18 n. 1 (same).

Nor did Defendant make any misrepresentation of fact in his Reply.  Notably, in her Statement of Genuine Issues, Plaintiff admitted to paragraphs 1-9 and 11 of Defendant's Statement of Material Facts Not in Genuine Dispute, and further did not offer any evidence to refute paragraphs 12-14 of the Defendant's Statement.  Defendant then properly pointed out the lack of any other admissible evidence in the record that would explain the ambiguous documents submitted by Plaintiff or would otherwise explain Plaintiff's dilatory behavior. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (a moving party may rely upon the absence of facts or evidence to support the opponent's claim against a motion for summary judgment).

Accordingly, because Defendant's Reply memorandum was within the boundaries set forth and argued by Plaintiff in her Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Plaintiff's attempt to file a Sur-Reply is not proper, and the Court should deny the motion.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARILYN TOLBERT-SMITH | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 06cv1216 (RWR) |
| | ) |
| SAMUEL BODMAN, Secretary, | ) |
| U.S. Department of Energy | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

UPON CONSIDERATION of the Plaintiff's Motion to File Sur-Reply, the Defendant's

Opposition thereto, and the prior pleading submitted to this Court; and the Court having found

that Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the

Alternative, for Summary Judgment did not raise matters that were not otherwise addressed, or

could have been addressed, by Plaintiff in her Opposition to Defendant's Motion, it is this

_____ day of _____, _____, hereby

ORDERED, that the Plaintiff's Motion to File Sur-Reply is **DENIED**.


_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE