UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN TOLBERT-SMITH )<br> )<br>      Plaintiff, )<br>v. )<br> )<br>SAMUEL BODMAN, Secretary, )<br>U.S. Department of Energy )<br> )<br>      Defendant. )<br> ) | Civil Action No. 06cv1216 (RWR) |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Defendant, Samuel W. Bodman, Secretary of the Department of Energy, by his undersigned attorneys, hereby answers plaintiff's First Amended Complaint for declaratory and injunctive relief.

FIRST DEFENSE

The complaint fails to state a claim for which relief can be granted.

SECOND DEFENSE

Plaintiff failed to exhaust her administrative remedies.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

In response to the numbered paragraphs of the Complaint for damages, defendant states as follows:

Jurisdiction

1.      This paragraph contains Plaintiff's characterization of the lawsuit and jurisdictional allegations, and as such contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff purports

to assert the jurisdiction of those statutes as the basis of her claims, but denies that Plaintiff has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.; the Rehabilitation Act of 1973, 29 U.S.C. §791; and the Privacy Act, 5 U.S.C. §552a.

2. This paragraph contains Plaintiff's characterization of the lawsuit and jurisdictional allegations, and as such contains legal conclusions to which no response is required. To the extent a response is deemed required Defendant admits that Plaintiff purports to assert the jurisdiction of those statutes as the basis of her claims, but denies that Plaintiff has exhausted her administrative remedies so as to satisfy jurisdictional requirements of claims brought pursuant to Title VII of the Civil Rights Act, and the Rehabilitation Act.

3. This paragraph contains Plaintiff's characterization of the lawsuit and jurisdictional allegations, and as such contains legal conclusions to which no response is required. To the extent a response is deemed required Defendant admits that Plaintiff purports to assert the jurisdiction of the Privacy Act, but denies that Plaintiff has exhausted her administrative remedies so as to satisfy jurisdictional requirements of claims brought pursuant to Privacy Act. Defendant further denies that it improperly and illegally disclosed confidential information about Plaintiff from its records.

Venue

4. This paragraph contains Plaintiff's characterization of the lawsuit and venue allegations, and as such contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that any "unlawful employment practice" occurred, but admits that venue over Plaintiff's discrimination and retaliation claims is proper in

the District of Columbia.

5.  This paragraph contains Plaintiff's characterization of the lawsuit and venue allegations, and as such contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that venue over Plaintiff's Privacy Act claim is proper in the District of Columbia.

## Jury Demand

6.  This paragraph contains a demand for a jury trial, not averment of fact for which an answer is required. To the extent an answer is deemed required, Defendant denies that trial by jury is available for all of Plaintiff's claims.

## Parties

7.  Defendant admits that Plaintiff is an employee of the Department of Energy as a program analyst in LM. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph. To the extent that a response is deemed required, Defendant denies.

8.  Defendant admits that Defendant is the Secretary of the Department of Energy, which is an agency of the United States with its headquarters in the District of Columbia.

9-20.  Allegations in Paragraphs 9 through 20 have previously been addressed in Defendant's Motion to Dismiss, and need not be responded to until the Court has ruled on its Motion. To the extent that a response is deemed required, Defendant refers the Court to the Statement of Facts contained in the Motion to Dismiss, and denies the allegations in paragraphs 9-20.

21.  Defendant admits that Plaintiff submitted a second and third formal EEO

complaint on July 7, 2006 and July 18, 2006, respectively, but denies the remaining allegations paragraph 21.

22.     Defendant admits that a Notice of Dismissal of Complaint of Discrimination was sent to Plaintiff and her counsel on August 25, 2006, dismissing Plaintiff's July 7, 2006, and July 18, 2006 formal EEO complaints.  Defendant denies Plaintiff's characterizations of the Notice of Dismissal, and refers the Court to the actual Notice of Dismissal for the reasons stated therein.

Facts

23.     Defendant admits that Plaintiff is employed by the Department of Energy, and further admits that Plaintiff has worked for LM as a program analyst since its formation in December, 2003.  Defendant is without sufficient information to admit or deny the remaining allegations contained in the paragraph.  To the extent that a response is deemed required, Defendant denies the remaining allegations in paragraph 23.

24.     This paragraph contains Plaintiff's characterization of her experience and professional expertise, and as such contains conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff's experience and professional expertise is information technology management.

25.     Defendant admits that Terrance Brennan was Plaintiff's supervisor since April 18, 2004; and that on or about June 11, 2006, Terrance Brennan became a Team Leader in LM.  Defendant denies the remaining allegations contained in paragraph 25.

26.     Defendant admits that Celinda Crawford is Director of the Office of Business Operations for LM.  Defendant denies the remaining allegations contained in paragraph 26.

27.     Defendant admits that David Geiser is the Deputy Director of LM. Defendant

denies the remaining allegations contained in paragraph 27.

28.	Defendant admits that Michael Owen has been the Director of LM since December, 2003.

29.	Denied.

30.	Denied.

31.	Denied.

32.	Denied.

33.	Denied.

34.	Denied.

35.	Denied.

36.	Defendant admits that Plaintiff has requested accommodation from LM in the past but denies the remaining allegation and characterizations contained in paragraph 36.

37.	Defendant admits that Defendant was aware of Plaintiff's condition at the time she make requests for accommodation. Defendant denies the remaining allegations contained in paragraph 37.

38.	Defendant admits that Plaintiff requested reassignment to a different supervisor and permission to work from home and other forms of accommodation. Defendant denies the remaining allegations contained in paragraph 38.

39.	Denied.

40.	Denied.

41.	Denied.

42.	Defendant admits that other employees have been approved for medical flexi-

place and non-medical flexi-place based on their applications for such placement, and the nature of the individual needs and assignments. Defendant denies the remaining allegations contained in paragraph 42.

43.     Defendant admits that LM management has assisted employees, including Plaintiff in securing a temporary detail and/or assignment. Defendant denies the remaining allegations contained in paragraph 43.

44.     Denied.

45-81.  Allegations in Paragraphs 45 through 81 have previously been addressed in Defendant's Motion to Dismiss, and need not be responded to until the Court has ruled on its Motion. To the extent that a response is deemed required, Defendant refers the Court to the Statement of Facts contained in the Motion to Dismiss, and denies the allegations in paragraphs 45-81.

82.     Denied.

83.     Denied.

84.     Defendant admits that Plaintiff was denied a temporary detail to the I-Manage Project Team in the Office of the Chief Financial Officer (CFO) for financial reasons and on-going mission requirements. Defendant denies the remaining allegations contained in paragraph in paragraph 84.

85.     Denied.

86.     Defendant admits that Celinda Crawford responded to Plaintiff's request for accommodation. Defendant denies the remaining allegations contained in paragraph 86.

87.     Defendant admits the contents of statements in the June 23, 2006 and July 7,

2006, letters, and refers the Court to those letters for the full content and context. Defendant denies Plaintiff's characterizations of those letters, and the remaining allegation contained in paragraph 87.

88.     Defendant admits LM's offer to reassign the Plaintiff to Morgantown, West Virginia. Defendant denies the remaining allegations in paragraph 88.

89.     Denied. The final sentence of Paragraph 89 is a statement of law to which no response is required.

90.     Denied.

91.     Denied.

92.     Defendant admits that Plaintiff received Letters of Counseling for her performance and conduct. Defendant denies the remaining allegation and characterizations contained in paragraph 92.

93.     Defendant admits that an outside consultant, Raj Gupta, was retained to investigate Plaintiff's allegation of physical threats by Mr. Brennan against Plaintiff, and that Mr. Gupta found no threat to exist. Defendant denies the remaining allegation contained in paragraph 93.

94.     Denied.

95.     Denied.

96.     This paragraph contains no statement of fact as to which Defendant is required to respond. Defendant incorporates all of the responses to Plaintiff's formal EEO complaints, and further all responses hereto. To the extent that a response is deemed required, Defendant denies any allegation contained in Plaintiff's formal EEO complaints.

97. Defendant denies that plaintiff has complied with all requirements of the federal sector EEO process and denies that her complaint was wrongfully dismissed. Defendant admits that her "additional" formal EEO complaints were dismissed and that she was informed of her right to file a civil action if Plaintiff elected not to appeal to the EEOC. Defendant denies that Plaintiff has exhausted her administrative remedies.

### Count One: Disability Discrimination

98. Defendant incorporates all responses to Paragraphs 1-97 above by reference.

99. Defendant admits that Plaintiff has a mental disability. Defendant denies the remaining allegations in paragraph 99.

100. Denied.

101. Defendant admits that Defendant was aware of Plaintiff's condition at the time she make requests for accommodation. Defendant denies the remaining allegations contained in paragraph 101.

102. Denied.

103. Denied.

### Count Two: Title VII Discrimination

104. Defendant incorporates all responses to Paragraphs 1-97 above by reference.

105. Denied.

106. Denied.

### Count Three: Retaliation

103 (sic). Defendant admits that Plaintiff filed a request for EEO counseling and has subsequently filed formal complaints of disability discrimination. Defendant denies the

remaining allegations contained in paragraph 103.

104 (sic).    Admit that the Defendant and its employees were aware of Plaintiff's EEO activities after Plaintiff filed a formal EEO complaint. Defendant denies the remaining allegations contained in paragraph 104.

105 (sic).    Denied.

106 (sic).    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

Count Four: Violation of Privacy Act

110-114.    Allegations in Paragraphs 110 through 114 have previously been addressed in Defendant's Motion to Dismiss, and need not be responded to until the Court has ruled on its Motion. To the extent that a response is deemed required, Defendant refers Plaintiff to the Statement of Facts contained in the Motion to Dismiss, incorporates all responses to Paragraphs 1-97 above by reference; and denies the allegations in paragraphs 110-114.

Prayer for Relief

Defendant denies that plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever. Defendant further avers that certain of Plaintiff's compensatory damages claim would be subject to and limited by 42 U.S.C. §1981a.

All allegations contained in the Complaint not specifically admitted or denied are hereby denied as if separately and specifically set forth.

Therefore, having fully answered, Defendant respectfully requests that the Court dismiss this case with prejudice, award Defendant its costs, and grant such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843