UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN TOLBERT-SMITH )<br>)<br>      Plaintiff, )<br>v. )<br>)<br>SAMUEL BODMAN, )<br> Secretary )<br>U.S. Department of Energy )<br>_____ ) | Civil Action No. 06cv1216 (RWR) |

## JOINT REPORT PURSUANT TO RULE 16.3

Pursuant to LCvR 16.3, the parties hereby report to the Court that counsel for the parties conferred by telephone on March 9, 2007. As a consequence of this conference, the parties, by and through undersigned counsel, hereby report to the Court as follows:

(1) **Case Tracking/ Dispositive Motions.**

Plaintiff respectfully requests that the matter be placed on the expedited track.

Defendant believes that this matter may proceed on a standard track.

At this point, neither the Plaintiff nor Defendant believes the entire case can be resolved by dispositive motion. Defendant will be filing a Motion for Partial Judgment on the Pleadings regarding Plaintiff's Discrimination claim (Count One), Hostile Work Environment claim (Count Two) and Privacy Act claim (Count Four). There are no pending motions. Defendant believes that, because the Motion for Partial Judgment on the Pleadings would profoundly narrow the issues before the Court as well as the scope of discovery, discovery should be stayed until resolution Defendant's motion. Plaintiff believes that discovery should not be stayed on this basis, particularly as Defendant already has moved to have Plaintiff's case dismissed in its entirety and to obtain summary

judgment on the Privacy Act claim (Count Four). Defendant states that it intends to re-file the previous Motion as a Motion for Partial Judgment on the Pleadings.

(2)   a.   **Deadline for Joining Additional Parties or Amending Pleadings.**

Neither party anticipates joining additional parties or amending their pleadings, but the parties agree to do so within 60 days from the date of the Initial Scheduling Conference if needed. Plaintiff believes that the legal or factual issues cannot be narrowed at this time. Defendant believes that the legal issues can be narrowed.

    b.   **Agreement as to Factual and Legal Issues:**

(i)   Whether or not Plaintiff was unlawfully discriminated or retaliated against, or subjected to a hostile work environment, in violation of the Rehabilitation Act, 29 U.S.C. §§ 702, et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

(ii)   Whether Defendant violated Plaintiff's rights under the Privacy Act of 1974, as amended, 5 U.S.C.§ 552a, by willfully and unlawfully disclosing confidential information relating to Plaintiff's reasonable accommodation request, and medical diagnosis and treatment, without her consent.

(3)   **Assignment to Magistrate Judge.** Neither Plaintiff nor Defendant agrees to have this case referred to a Magistrate Judge for all purposes. However, the parties believe that referral to a Magistrate Judge for case evaluation and settlement discussions at an early point in the case may be beneficial.

(4)   **Prospects of Settlement.** The parties believe that there is some possibility of settlement, and that further discussions on this point would be beneficial at this

time before incurring discovery costs.

(5) **Alternate Dispute Resolution (ADR).** The parties believe that referral to a Magistrate Judge for case evaluation and settlement discussions for the next 60 days may be helpful.

(6) **Resolution by Summary Judgment.** At this point, the parties do not believe this entire case can be decided by dispositive motion. However, the parties agree that any motions for summary judgment will be filed within 45 days after the close of discovery, that oppositions or cross-motions be filed 30 days thereafter, and that any replies be filed 14 days after the filing of the oppositions or cross-motions.

(7) **Initial Disclosures.** The parties have agreed that the administrative record satisfies the requirements for Initial Disclosures.

(8) **Limitations on Discovery.**

    (a) **Number of Interrogatories.** Twenty-five (25) per side.

    (b) **Number of Depositions.** The parties believe that ten (10) depositions per side, including experts, will be sufficient.

    (c) **Duration of Depositions.** Seven (7) hours each.

    (d) **Need for Protective Order.** Due to sensitive personal and/or medical information that may be exchanged, the parties may submit an appropriate Protective Order.

    (e) **Date for Completion of Discovery.** The parties believe that one hundred twenty (120) days after the end of settlement discussions with the Magistrate Judge should be allowed for discovery.

(9) **Exchange of Expert Witness Information.**

    (a) **Proponent's Disclosures**: 60 days after the end of settlement discussions with the Magistrate Judge.

    (b) **Opponent's Disclosures**: 30 days after proponent's disclosure(s).

(10) **Class Action Procedures.** Not applicable.

(11) **Bifurcation of Trial and/or Discovery.** Not appropriate for this case.

(12) **Date for Pretrial Conference.** The parties request that the Court set a pretrial conference date 30 days after ruling on any dispositive motions, or 30 days after the deadline for filing dispositive motions if no such motions are filed.

(13) **Trial Date.** The parties request that a firm trial date be set at the pretrial conference.

(14) **Other Matters.** Pursuant to the Court's Order,

    (a) Plaintiff Provides the Following Statement of Plaintiff's Case:

Plaintiff Marilyn Tolbert-Smith brings this Complaint and First Amended Complaint against the United States Department of Energy ("Defendant"), for ongoing violations of the Rehabilitation Act of 1973, as amended, 29 U.S.C § 791 ("Rehabilitation Act"); ongoing violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"); and violations of the Privacy Act of 1974, as amended, 5 U.S.C.A. § 552a. Plaintiff alleges that these violations arise from Defendant's ongoing failure to reasonably accommodate Plaintiff's disability (clinical depression with suicidal ideation); Defendant's ongoing discriminatory treatment of Plaintiff, including disability-based harassment and a hostile work environment; Defendant's ongoing reprisal for Plaintiff's prior participation in statutorily protected Equal Employment Opportunity ("EEO") activities, and Defendant's willful and unlawful disclosure of confidential information

relating to Plaintiff's reasonable accommodation request, and medical diagnosis and treatment, without her consent.

(b)  Defendant denies that any acts of discrimination or retaliation occurred, and further avers Plaintiff was provided reasonable accommodation for any alleged disability, and that any employment decisions were for legitimate, non-discriminatory reasons.  Defendant also asserts that the Defendant did not willfully or intentionally disclose any information protected by the Privacy Act.

/s/
_____
CHERYL POLYDOR, DC Bar #454066
Attorney at Law
John Berry, PLLC 1990 M Street, N.W.
Suite 610
Washington, D.C. 20036
(202) 955-1100
Attorney for Plaintiff

JEFFREY A. TAYLOR, DC BAR # 498610
United States Attorney


RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

/s/
_____
DARRELL C. VALDEZ, DC BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843
Attorneys for Defendant