## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civil Action No. 06cv1216 (RWR)** |
| | ) |
| **SAMUEL BODMAN,** | ) |
| **Secretary** | ) |
| **U.S. Department of Energy** | ) |
| | ) |

### DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Samuel Bodman, Secretary of the U.S. Department of Energy ("DOE" or the "Agency") respectfully moves, pursuant to Fed. R. Civ. P. 12(c), for a partial judgment on the pleadings on the grounds that, based upon the allegations contained in the Plaintiff's Amended Complaint and the Defendant's Answer, Plaintiff has failed to set forth any facts or evidence that she exhausted her administrative remedies, or timely filed her civil action, and further failed to demonstrate a violation of the Privacy Act. Accordingly, the Court should enter judgment on Count One (Discriminatory Treatment), Count Two (Hostile Work Environment), and Count Four (Privacy Act Violation) of the Amended Complaint. In the alternative, Defendant moves for partial summary judgment on those same counts, pursuant to Fed. R. Civ. P. 56, as there is no genuine issue of material fact in this case and Defendant is entitled to judgment as a matter of law.

In support of this motion, the Court is respectfully referred to the accompanying

Statement of Material Facts Not in Genuine Dispute and Memorandum of Points and

Authorities.[1/]  A proposed Order consistent with this motion is attached hereto.


Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

---

[1]      Exhibits are attached and relied upon for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over certain claims.  It is well established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civil Action No. 06cv1216 (RWR)** |
| | ) |
| **SAMUEL BODMAN,** | ) |
| **Secretary** | ) |
| **U.S. Department of Energy** | ) |
| | ) |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

1.      Plaintiff is employed as a program analyst with the Department of Energy. Amended Complaint at ¶ 7.

2.      On or about August 6, 2005, Plaintiff filed a Request for Counseling with the Agency's Office of Civil Rights ("OCR"), alleging disability discrimination in violation of the Rehabilitation Act.  Id. at ¶ 9.

3.      On January 11, 2006, OCR held a Final Counseling Interview, and issued a Notice of Final Interview with EEO Counselor and Right to File a Formal Complaint of Discrimination ("Notice of Final Interview and Rights).  Exh. 1.  The Notice of Final Interview and Rights specifically explained that a formal complaint of discrimination must be filed "WITHIN 15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE."  Id. at 1 (emphasis in original).

4.      The Notice of Final Interview and Rights was sent to Plaintiff, return receipt requested.  Exh. 2.  The Notice of Final Interview and Rights was actually received by Plaintiff on January 25, 2006.  Id.

5.      On February 17, 2006, Plaintiff, through counsel, mailed a formal complaint of discrimination to the OCR.  Exh. 3.  The envelope containing the formal complaint was

postmarked on February 17, 2006.  Id.

6.      On March 29, 2006, the OCR sent a Notice of Dismissal of Formal Complaint of Discrimination ("Notice of Dismissal") to Plaintiff's counsel.  Exh. 4.

7.      The Notice of Dismissal specifically informed the Plaintiff that if she wished to appeal the OCR's decision to the Equal Employment Opportunity Commission (EEOC), she must file a Notice of Appeal within 30 calendar days after receipt of the Final Order.  Exh. 4 at 1. Plaintiff was further informed in the Notice of Dismissal that if she wanted to file a civil action with the appropriate United States District Court, she must file within 90 days of receipt of the Final Order, if no appeal is filed, or may file within 180 calendar days from the date of filing an appeal with the EEOC if no final decision on the appeal has been made by the EEOC.  Id. at 2.

8.      The Notice of Dismissal was received by counsel on April 3, 2006.  Amended Complaint at ¶ 19.

9.      At no time did Plaintiff ever present to the OCR or the EEOC an envelope or other documentary evidence that Plaintiff timely filed a formal complaint with the OCR within 15 days of Plaintiff's receipt of the Notice of Final Interview.  See generally Amended Complaint.

10.     Plaintiff did not file an appeal with the EEOC, accordingly, her civil action was to be filed on or before Monday, July 3, 2006.

11.     Plaintiff filed the present action on Wednesday, July 5, 2006.

12.     On or about March 31, 2006, Plaintiff discovered that a document referencing Plaintiff's request for reasonable accommodation was placed on a shared server.  Amended Complaint at ¶ 76.  Plaintiff reported her discovery to her LM management.  Id.

4

13.     The document on the shared server was an e-mail responding to Plaintiff's request for reasonable accommodation.  Exh. 5.

14.     The document on the shared server did not reference any specific physical or medical condition or disability.  Id.

15.     Once LM management was made aware of the document, the document was removed from the shared server within 24 hours.  Id.  See also Amended Complaint at ¶ 77.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civil Action No. 06cv1216 (RWR)** |
| | ) |
| **SAMUEL BODMAN,** | ) |
| **Secretary** | ) |
| **U.S. Department of Energy** | ) |
| _____ | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
### OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

This is an action in which Plaintiff alleges that her employer, the Department of Energy, discriminated against and harassed her as a result of her disability, clinical depression, Amended Complaint at ¶ 98-106 (Counts One and Two); retaliated against her for engaging in protected activity, Amended Complaint at 103(sic)-109(sic); and further violated the Privacy Act by allegedly placing protected material on a shared computer drive.  Amended Complaint at ¶¶ 110-114.  Plaintiff seeks "reasonable accommodation," reassignment, front and back pay, recovery of lost benefits, compensatory damages, attorneys' fees, and other damages.  See Amended Complaint at p. 19.  The Court should dismiss Plaintiff's discrimination claim because she failed to exhaust her administrative remedies or to timely file her civil action after the EEOC denied her claim on its merits.  The Court should further dismiss Plaintiff's Privacy Act claim as Plaintiff cannot demonstrate an intentional or willful violation of the Act.

### STATEMENT OF FACTS

**A.    Plaintiff's Discrimination and Hostile Work Environment Claims (Counts One and Two)**

According to the Amended Complaint, Plaintiff is employed as a program analyst with

the Department of Energy.  Amended Complaint at ¶ 7.  On or about August 6, 2005, Plaintiff

filed a Request for Counseling with the Agency's Office of Civil Rights ("OCR"), alleging

discrimination in violation of the Rehabilitation Act.  Id. at ¶ 9.  On January 11, 2006, OCR held

a Final Counseling Interview, and issued a Notice of Final Interview with EEO Counselor and

Right to File a Formal Complaint of Discrimination ("Notice of Final Interview and Rights).

Exh. 1.  The Notice of Final Interview and Rights specifically explained that a formal complaint

of discrimination must be filed "WITHIN 15 CALENDAR DAYS AFTER RECEIPT OF THIS

NOTICE."  Id. at 1 (emphasis in original).  The Notice of Final Interview and Rights was sent to

Plaintiff, return receipt requested, and was actually received by Plaintiff on January 25, 2006.

Exh. 2.

On February 17, 2006, Plaintiff's attorney mailed a formal complaint of discrimination to

the OCR.  Exh. 3.  The envelope containing the formal complaint was postmarked on February

17, 2006.  Id.

On March 29, 2006, the OCR dismissed the formal complaint as untimely.  Exh. 4.  A

Notice of Dismissal of Formal Complaint of Discrimination ("Notice of Dismissal") was mailed

to Plaintiff's counsel, and was received by counsel on April 3, 2006.  Amended Complaint at ¶

19.  The Notice of Dismissal specifically informed the Plaintiff that if she wished to appeal the

OCR's decision to the Equal Employment Opportunity Commission (EEOC), she must file a

Notice of Appeal within 30 calendar days after receipt of the Final Order.  Exh. 4 at 1.  Plaintiff

was further informed in the Notice of Dismissal that if she wanted to file a civil action with the

appropriate United States District Court, she must file within 90 days of receipt of the Final

Order, if no appeal is filed, or may file within 180 calendar days from the date of filing an appeal

with the EEOC if no final decision on the appeal has been made by the EEOC.  Id. at 2.

Because Plaintiff did not file an appeal with the EEOC, her civil action was due to be filed on or before Monday, July 3, 2006.  Nevertheless, Plaintiff filed the present action on Wednesday, July 5, 2006 – 2 days after the time deadline.

**B.    Plaintiff's Privacy Act Claim.**

On or about March 31, 2006, Plaintiff discovered that a document referencing her request for reasonable accommodation was placed on a shared server.  Amended Complaint at ¶ 76.  The document did not specifically reference any specific physical or medical condition or disability, but rather was an e-mail responding to Plaintiff's request for reasonable accommodation.  Exh. 5.

Plaintiff reported her discovery to her LM management.  Id.  That very day, the document was removed from the shared server.  Id.  See also Amended Complaint at ¶ 77.

## ARGUMENT

**I.    PLAINTIFF'S DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS ARE TIME-BARRED.**

To the extent that plaintiff's complaint may be deemed to allege any discrimination or retaliation under the Rehabilitation Act, she failed to timely file her formal administrative claim and further failed to timely file her civil complaint with this Court.  The Rehabilitation Act forbids employment discrimination based on a person's permanent disability, and further forbids retaliation for participating in protected employment activity.  In the Rehabilitation Act, Congress established the exclusive remedy for federal employee complaints alleging disability discrimination, see Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976), and waived the government's sovereign immunity to permit discrimination suits against federal agencies, see

3

Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990), rehearing denied, 498 U.S. 1075 (1991).

This waiver of sovereign immunity, however, is subject to "certain preconditions." Brown, 425 U.S. at 832.  A plaintiff must first seek relief in the agency that allegedly discriminated against her before filing suit by following the procedures outlined in 29 C.F.R. Part 1614.  See id. at 831-32; 29 C.F.R. § 1614.106(a)   Specifically, a plaintiff must file a formal complaint of discrimination within 15 days of receipt of the Notice of Final Interview and Rights. 29 C.F.R. § 1614.106(a).  The agency "shall dismiss an entire complaint" if it fails to comply with the time limits.  29 C.F.R. § 1616.107(a)(2).  After the dismissal of an administrative action, the complainant must then either file an appeal from an agency final order within 30 days of receipt of that order, 29 C.F.R. §1614.402; or file a civil action "[w]ithin 90 days of receipt of notice of final action taken by" the employing agency.  42 U.S.C.  §2000e-16(c); 29 C.F.R. §1614.407 (2000).

The requirement that an aggrieved employee must first seek relief in the agency that has allegedly engaged in discrimination is "not a mere technicality."  Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996).  Rather, "it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983), cert. denied, 464 U.S. 1042 (1984).  The "sine qua non for civil action is the filing of a complaint [with the agency]."  Porter v. Adams, 639 F.2d 273, 276 (5th Cir. 1981); see also Brown, 425 U.S. at 833 (noting that Title VII "provides for a careful blend of administrative and judicial enforcement powers.").   Indeed, the

Supreme Court has cautioned that congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (per curium).

The deadline to file a civil action is not jurisdictional, but operates like a statute of limitations. Bayer v. U.S. Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Gilmore v. Reno, 33 F.Supp.2d 20, 24 (D.D.C. 1998). Thus, equitable tolling is permissible only in narrowly tailored circumstances. Irwin, 498 U.S. at 95-96 ("federal courts have typically extended equitable relief only sparingly.... We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). Plaintiff bears the burden of pleading and proving equitable reasons for failure to comply with this requirement. Bayer, 956 F.2d at 333; Smith v. Dalton, 971 F. Supp. 1, 3 (D.D.C. 1997). The power to equitably toll a statute of limitations, however, is "exercised only in extraordinary and carefully circumscribed instances." Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotations and citation omitted). None of the factors supporting equitable tolling are present here.

### A.     Plaintiff's Administrative Formal Complaint was Untimely.

Here, Plaintiff actually received a copy of the Notice of Final Interview and Rights on January 25, 2006. Exh. 2. Consequently, her administrative formal complaint was to be filed on or before February 9, 2006. Nevertheless, Plaintiff did not mail her formal complaint until February 17, 2006 – 8 days late. Exh. 3.

In her civil complaint, Plaintiff argues that the 15 day time limit did not begin to run

when Plaintiff received and signed for the Notice of Final Interview and Rights, but rather when her attorney received a copy of the Notice on February 22, 2006. Amended Complaint at ¶ 14. This argument, of course, flies in the face of reality, as Plaintiff, through counsel, actually filed her formal complaint 5 days earlier, on February 17, 2006, and thus, counsel received the Notice well before the complaint alleges.

In any event, Plaintiff's argument that the date counsel received the notice is the operative time frame is without legal merit. In Irwin, a Title VII complainant, like Plaintiff here, failed to timely file a complaint within the required time period (30 days in that matter). 498 U.S. 89, 95-96. Irwin filed a complaint in district court 29 days after he had received the letter but 44 days after the letter was received at the attorney's office. Id. The complainant argued that his failure to timely file the civil action should have been excused because he ultimately filed within 30 days of the day on which he personally received notice. Id. at 96. The Supreme Court, however, rejected the complainant's argument, stating that "[u]nder our system of representative litigation, 'each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'" Id. at 92 (quoting Link v. Wabash R. Co., 370 U.S. 626, 634 (1962)). The present case is even more compelling for dismissal than that in Irwin, as the Plaintiff herself had actual receipt of the Notice of Final Interview and Rights on January 17, 2006. Indeed, she signed the return receipt, accepting the document on that very day. Exh. 2. Thus, Plaintiff cannot claim sanctuary with a date that occurred well-after she received actual notice.

The present matter is similar to the facts in Ganheart v. Lujan, 733 F. Supp. 1053 (E.D. La. 1990). In Ganheart, the plaintiff filed an administrative appeal of the EEO Final Decision

6

well-outside the prescribed time period, and then filed a civil action with the District Court after

the appeal was denied as untimely.  733 F. Supp. at 1055.  Applying the equitable tolling

standards set forth by the Supreme Court in <u>Baldwin County Welcome Center v. Brown</u>, the

court found that plaintiff there received adequate notice of  the time limitations, and the

government agency did not engage in any affirmative misconduct to lull the plaintiff into

inaction.  <u>Id</u>. at 1058 ("The simple fact is that [plaintiff] was told . . . what she must do to

preserve her claim, and she did not do it.") (quoting <u>Baldwin</u>, 466 U.S. at 151).<u>1/</u>  Because the

Plaintiff here filed her formal complaint well-outside the 15 day time limit, she failed to exhaust

her administrative remedies, and Counts One and Two of the Amended Complaint should be

dismissed.

> **B.**      <u>**Plaintiff's Civil Action is Untimely**</u>.

Even if the Court finds that Plaintiff's formal administrative complaint was timely,

Plaintiff clearly filed her civil action outside of the time required under the Rehabilitation Act.

The Notice of Dismissal from OCR clearly sets out the plaintiff's obligations to preserve her

claim with the District Court.  The notice specifically sets forth that if she wished to appeal the

decision to the Equal Employment Opportunity Commission (EEOC), she must file a Notice of

Appeal within 30 calendar days after receipt of the Final Order, and if she wanted to file a civil

action with the appropriate United States District Court, she must file within 90 days of receipt of

---

[1]      Like the plaintiff here, the plaintiff in <u>Ganheart</u>, filed a civil action after the denial
of the late appeal as untimely.  733 F. Supp. at 1056.  Thus, the only issue for the court to
determine was whether the EEOC abused its discretion in denying plaintiff's tardy appeal.  <u>Id</u>. at
1058. Based upon the grounds raised in the administrative proceeding for the late-filing, the court
found that it was unable to say that the EEOC abused its discretion.  <u>Id</u>.  Here, the plaintiff
merely filed her formal complaint without offering any grounds to the OCR for her untimely
filing.  Therefore, the Court cannot find that the OCR abused its discretion.

the Final Order. Exh. 4. Plaintiff failed to follow either requirement. By plaintiff's own admission, the Notice of Dismissal and Statement of Rights was received by her attorney on April 3, 2006. Amended Complaint at ¶ 18. Thus, her civil action was to be filed on or before Monday, July 3, 2006. Plaintiff's civil complaint was not filed until July 5, 2006 – 93 days after her counsel received the Notice of Dismissal, and 2 days after the date due. See generally Amended Complaint.[2]

In summary, plaintiff failed to satisfy the exhaustion requirement and can not demonstrate any extraordinary circumstances that would support equitable tolling. Accordingly, her attempt to obtain judicial review or any relief for any alleged acts of discrimination must be dismissed.

## II.    PRIVACY ACT CLAIM SHOULD BE DISMISSED.

### A.    The Governing Substantive Law:  The Privacy Act

The governing substantive law is provided by the Privacy Act, 5 U.S.C. § 552a. Broadly speaking, the Privacy Act sets forth requirements for the maintenance and "disclosure" of certain designated personnel system of records. 5 U.S.C. § 552a. If an agency fails to accurately and securely maintain or safeguard its records, or there is an alleged disclosure in violation of the Privacy Act, the person claiming to have been injured by the agency action may bring a damages action. 5 U.S.C. § 552a(g).[3] However, the Act does not "make the Government strictly liable

---

[2]    Because the 90th day, July 2, 2006, fell on a Sunday, the civil action would arguably have been timely if it was filed the following Monday, July 3, 2006. Fed. R. Civ. P. 6(a). Plaintiff, however, missed this date as well.

[3]    Section 552a(g)(4) of the Act, which provides that:

In any suit brought under the provisions of subsection (g)(1)(C) or

(continued...)

for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions." Albright v. United States, 732 F.2d 181, 189 (D.C. Cir.1984). Rather, a Privacy Act plaintiff must demonstrate that the agency "willfully and intentionally" failed to comply with the Act's requirements, and further must demonstrate that the agency's action caused "actual damages." 5 U.S.C. §552a(g)(1)(D).

To rise to the level of "willful and intentional," the violation must be so "patently egregious and unlawful" that anyone undertaking the conduct should have known it "unlawful." Laningham v. Navy, 813 F.3d 1236, 1243 (D.C. Cir. 1987), *citing* Wisdom v. Department of Hous. & Urban Dev., 713 F.2d 422, 425 (8th Cir.1983), cert. denied, 465 U.S. 1021 (1984). And the burden of proving a "willful and intentional" violation is upon the plaintiff at all times. Laningham, 813 F.3d at 1243; Doyon v. U.S. Department of Justice, 304 F. Supp.2d 32, 34 (D.D.C. 2004).

Meeting the "willful and intentional" requirement is extremely demanding. To establish a "willful" or "intentional" disclosure, a claimant must "prove that the agency 'acted with

---

[3](...continued)
> (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of –
>
> (A) actual damages sustained by the individual as a result of the refusal or failure [to comply with the Act], but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
>
> (B) the costs of the action together with reasonable attorney fees as determined by the court.

See 5 U.S.C. § 552a(g)(4) (emphasis added).

something greater than gross negligence.'" <u>Deters v. United States Parole Comm'n</u>, 85 F.3d,

655, 660 (D.C. Cir. 1996) *quoting* <u>Tijerina v. Walters</u>, 821 F.2d 789, 799 (D.C. Cir. 1987).

Thus, Plaintiff cannot avoid summary judgment by presenting evidence that the Government

acted negligently, <u>Moskiewicz v. Dept. of Agriculture</u>, 791 F.2d 561, 565 (7th Cir.1986), or that

the Government handled a matter in a disjointed or confused manner, <u>Perry v. Block</u>, 684 F.2d

121, 129 (D.C. Cir.1982), or that the Government acted "inadvertently [to] contravene" the

Privacy Act.  <u>Albright</u>, 732 F.2d at 189.  "An agency acts in an intentional or willful manner

'either by committing the act without grounds for believing it to be lawful, or by flagrantly

disregarding others' rights under the Act.'" <u>Id</u>. (*quoting* <u>Albright v. United States</u>, 732 F.2d 181,

189 (D.C. Cir. 1984)).  "[T]he violation must be so patently egregious and unlawful that anyone

undertaking the conduct should have known it unlawful."  <u>Deters</u>, 85 F.3d at 660 (*quoting*

<u>Laningham</u>, 813 F.2d at 1242) (original internal quotation marks omitted). [4]/

    Plaintiff cannot meet this burden, and the mere fact that information may have been

disclosed in violation of the Act does not create a presumption of "intentional or willful"

conduct.  Accordingly, Defendant is entitled to judgment as a matter of law.

   **B.    <u>Plaintiff Cannot Demonstrate That The Defendant "Willfully and
         Intentionally" Disclosed any Documents in its System of Records</u>**.

    Of all of the documents contained in the large directory described by Plaintiff, only one

-----

    [4]    The D.C. Circuit and others circuits have not hesitated to decide issues of intent
and willfulness under the Privacy Act at the summary judgment stage.  <u>See</u>, <u>e.g.</u>, <u>Laningham</u>, 813
F.2d 1236 (affirming entry of summary judgment for defendant because Privacy Act plaintiff
failed to show any genuine issue about defendant's intent); <u>Moskiewicz</u>, 791 F.2d 561 (same);
<u>Perry</u>, 684 F.2d 121 (same); <u>see also</u> <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 256 (1986);
<u>Laningham</u>, 813 F.2d at 1241 n.6 (D.C. Cir.1987) (summary judgment rules apply equally when
the issue in dispute involves a party's state of mind).

document was found to have referenced Plaintiff. [5]  Moreover, as soon as the document was brought to the management's attention, it was immediately removed from the server.  In her Amended Complaint, however, Plaintiff nakedly asserts that someone within the LM management "intentionally and willfully" placed the information on the server.  Amended Complaint at ¶ 72; see also Amended Complaint at ¶ 74 ("Either Celinda Crawford, or someone else with access to the workplace computer assigned by Defendant to Celinda Crawford, placed the information described above, on the server").  Plaintiff offers no colorable facts or evidence as to who actually placed the document on the server, nor does she present any factual allegations demonstrating that unspecified person's willful or intentional violation of Plaintiff's privacy.  See generally Amended Complaint.[6]

Moreover, immediate action on the part of the Defendant to secure the document negates any determination that the agency acted willfully and intentionally to violate Plaintiff's rights.  Albright v. United States, 732 F.2d 181, 190 (D.C. Cir. 1984) (subsequent actions by agency to protect Privacy rights of employees demonstrates a lack of willful and intentional conduct);  Smith v. Bureau of Prisons, 1996 WL 43556 *2 (D.D.C. January 31, 1996) (willful and intentional standard not met where alleged violation had been rectified).  The agency acted

---

[5]    Defendant does not concede that the document is covered by the Privacy Act, nor does the Defendant concede that Plaintiff has suffered the requisite actual damages for recovery of monetary damages under the act.  Rather, the determination of those issues is not necessary for the purposes of this motion, as Plaintiff cannot overcome the significant hurdle of demonstrating that the Defendant acted "wilfully and intentionally."

[6]    Indeed, a review by the Office of Legacy Management found that Plaintiff was not the only employee who had documents relating to her on the shared server.  Exh. 5.  Thus, Plaintiff cannot demonstrate that the one document relating to her was placed on the shared server with the requisite intent.

within the same day to remove the document from the shared server. Amended Complaint at ¶ 77; Exh. 5. Accordingly, Plaintiff cannot demonstrate that the Defendant "Willfully and Intentionally" disclosed any documents in its system of records in violation of the Privacy Act.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss Counts One, Two and Four of Plaintiff's Amended Complaint, or in the alternative, grant summary judgment in favor of Defendant on those counts.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843