UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>      Plaintiff,<br><br>      v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>      Defendant. | Civil Action No. 06cv1216 (RWR)<br>Judge Richard W. Roberts |

### PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT

Plaintiff Marilyn Tolbert-Smith, by counsel, hereby submits this opposition to Defendant's Motion for Partial Judgment on the Pleadings. Defendant's present Motion is virtually identical to his earlier-filed Motion for Dismissal or Summary Judgment. While Defendant may be entitled to offer the same arguments a second time, Plaintiff notes that he unaccountably fails to acknowledge, let alone refute, the evidence of timely filing of Plaintiff's administrative complaint and civil action, which Plaintiff presented in responding to Defendant's earlier Motion. Defendant also relies on a number of erroneous or misleading factual assertions to support his arguments. Finally, Defendant's attempt to obtain summary judgment on Plaintiff's Privacy Act allegations plainly is without merit as a matter of law. For these reasons, and those presented in Plaintiff's Reply and Surreply to Defendant's original Motion to Dismiss, this Court should deny Defendant's Motion.

I. **THE GOVERNMENT FAILS TO CARRY THE HEAVY BURDEN NECESSARY TO PREVAIL ON ITS MOTION**

The government bears a heavy burden in seeking to have this Court dismiss the Amended Complaint, and clearly fails to carry it. Repetition of its arguments does not strengthen them.

First, in seeking dismissal of the employment discrimination claims found in Counts One and Two of the Amended Complaint, Defendant bears the burden of proving that the action is untimely. See Bowden v. U.S., 106 F.3d 433, 437 (D.C. Cir. 1997). Defendant cannot do so in this case, because Plaintiff filed both her administrative complaint and civil action on time.

In seeking summary judgment on Plaintiff's Privacy Act claims (Count Four of the Amended Complaint), based on the alleged failure to state a claim, the government faces a high hurdle as well. The Supreme Court has defined the applicable standard of review as follows:

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . . The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged.

See Conley v. Gibson, 355 U.S. 41, at 45-46 (1957), as cited in Schuler v. U.S., 617 F.2d 605, at 608 (D.C. Cir. 1979). The Defendant specifically must demonstrate, pursuant to Fed. R. Civ. Pro. 56 (c), "the absence of a genuine dispute of material fact." See Edwards v. EPA, 2006 WL 2965507 (D.D.C. October 18, 2006), citing Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).

In this case, the facts alleged in the Amended Complaint demonstrate that Defendant repeatedly and intentionally violated Plaintiff's Privacy Act rights. Moreover, Defendant fails in his Motion and supporting memorandum (Memorandum) to address most of the Privacy Act allegations in the Amended Complaint, making no mention of the pattern of blatant misconduct specifically carried out by Terry Brennan, Plaintiff's former supervisor, now team leader. See

Amended Complaint, ¶¶ 44-51. Defendant does, however, deny these allegations (or most of these allegations) in his Answer to the Amended Complaint. See Defendant's Answer, ¶¶ 44-51. For this reason alone, Defendant as a matter of law cannot obtain summary judgment, and his Motion should be denied.

## II. PLAINTIFF TIMELY FILED HER ADMINISTRATIVE COMPLAINT AND CIVIL ACTION, AND PRESENTED EVIDENCE TO PROVE IT

Defendant in his pending Motion claims that Plaintiff "has failed to set forth any facts or evidence that she exhausted her administrative remedies, or timely filed her civil action, and further failed to demonstrate a violation of the Privacy Act." (Emphasis supplied.) Defendant's Motion, page 1.

Defendant's statement is not true. Plaintiff in fact has previously provided documentary evidence of her timely filing, by counsel, of her formal administrative complaint and her civil action. Moreover, Defendant's claim that Plaintiff failed to alert Department of Energy (Agency) officials to the timely mailing of her administrative complaint also is incorrect, as demonstrated by the e-mail exchange of March 30, 2006 between Plaintiff's counsel and Agency counsel Katie Strangis, Esq. (copy attached as Exhibit 1; previously filed as Exhibit 1 to Plaintiff's Surreply to Defendant's Motion to Dismiss).

With this opposition to Defendant's pending Motion, Plaintiff presents an affidavit executed by her attorney summarizing the facts and evidence of her timely filing the administrative complaint and the pending civil action. See Plaintiff's Exhibit 2, attached.

Plaintiff also has previously submitted both facts and evidence demonstrating that Defendant willfully and intentionally violated her rights under the Privacy Act of 1974, 5 U.S.C. 552a, as amended. Plaintiff addresses the allegations of untimely filing below, and the Privacy Act in Section II of this Memorandum.

3

## A. Plaintiff Timely Filed Her Administrative Complaint, but Was Rebuffed By Agency Counsel When She Offered Evidence of Her Timely Filing

When an agency dismisses a Formal EEO Complaint ("formal" or "administrative" complaint) on grounds that it was untimely filed, it has the burden of establishing facts necessary to show the dismissal was valid. See Jackson-Bostic v. Postmaster General, EEOC No. 01A13948 (2002). The Agency cannot do so here, because the Plaintiff filed her administrative complaint on time.

### 1. Counsel Timely Mailed the Administrative Complaint on February 9, 2006

Plaintiff received her "Notice of Final Interview with EEO Counselor and Right to File a Formal Complaint of Discrimination" (Notice) on January 25, 2006.[1] At some point, she contacted the undersigned attorney to discuss the possibility of filing a formal administrative complaint.

To ensure there could be no question concerning timeliness, counsel filed Plaintiff's formal complaint within 15 days after Plaintiff received the Notice, by mailing it from her law office via first-class mail, postage pre-paid, in an envelope with a mailing label affixed, addressed to the Agency's Office of Civil Rights and Diversity, on February 9, 2006. A copy of the mailing envelope and complaint are attached as Plaintiff's Exhibit 3 (originally submitted to this Court with Plaintiff's Reply to Defendant's original Motion to Dismiss).

However, on February 17, 2006, the envelope containing the complaint was returned by the U.S. Postal Service, with the address label missing, and only vestiges of the glue from the back of the mailing label remaining. The label evidently had been removed or destroyed at some point

---

[1] Defendant states erroneously at one point that Plaintiff received the Notice on January 17, 2006. See Defendant's Memorandum, p. 6. However, Defendant's own Exhibit 2 (the certified mail receipt signed by Plaintiff) demonstrates that Plaintiff in fact received the Notice on January 25.

in the course of handling by the Postal Service, and the envelope had been stamped, "Return to Sender."

Counsel immediately transferred the complaint to a new envelope, with the address now typed directly on it, and placed the complaint in the mail for the second time. It was this mailing, with a postmark of February 17, 2006, that evidently reached the Agency. See Defendant's Memorandum, page 2 et seq. A copy of this second mailing envelope is attached as Plaintiff's Exhibit 4 (also presented to this Court with Plaintiff's Reply to Defendant's original Motion to Dismiss).

Plaintiff, in the proceedings before this Court, previously has pointed to, and provided evidence of, the initial mailing of her administrative complaint to establish its timeliness. See Plaintiff's Complaint; Amended Complaint; and Reply and Surreply to Defendant's Motion to Dismiss. However, Defendant unaccountably makes no reference to this original mailing in his pending Motion.

The EEOC and the courts frequently have had occasion to review the kind of mailing mishap that occurred here, and found the complaints at issue to be timely filed. See, e.g. National Cement Company v. Federal Mine Safety and Health Commission, 27 F. 3d 526, 531 (11th Cir. 1994) (incorrect address, resulting in return and re-mailing of complaint); Thomas v. Sec'y of Transportation, EEOC 01A00199 (2000) (lack of street address altogether, resulting in return and re-mailing); and House v. U.S. Postal Service, EEOC Request No. 05910352 (May 1991) (incomplete address). Thus, Plaintiff timely filed her administrative complaint by mail on February 9, 2006.

In addition, Plaintiff also may be said to have timely filed the complaint a second time when she placed it in the mail again on February 17, 2006. The EEOC regulations provide that, when

5

the employee has notified the agency that she is represented by counsel, all notices must be served on the attorney. See 29 CFR §1614.605(d). Further, "time frames for receipt of materials shall be computed from the time of receipt by the attorney." A recent, unpublished decision of this Court indicates judicial recognition of this rule. See Jackson v. Snow, 2006 WL 212136, page 3 (D.D.C. 2006) (unpublished).

In this case, Plaintiff's counsel did not receive a copy of the Notice from the Agency until February 22, 2006. Accordingly, the filing deadline for Plaintiff's administrative complaint was March 9, 2006. Therefore, Plaintiff, by counsel, filed her complaint on time, not only with the initial mailing, but also when she mailed the complaint to the Agency a second time on February 17, 2006.

### 2. The Agency Failed to Acknowledge Plaintiff's Evidence of Timely Filing.

Defendant includes with his Motion a revised Statement of Material Facts Not in Genuine Dispute. To Plaintiff's surprise, Defendant states, at ¶ 9, that:

> At no time did Plaintiff ever present to the OCR or the EEOC an envelope or other documentary evidence that Plaintiff timely filed a formal complaint with the OCR within 15 days of Plaintiff's receipt of the Notice of Final Interview. See generally Amended Complaint.

Defendant's Statement of Material Facts Not in Genuine Dispute, ¶ 9

Plaintiff notes first, that Defendant's reference to the EEOC here is puzzling. Plaintiff currently has a "spin-off complaint" pending before the EEOC, based on the Agency's ongoing failure to comply with its legal obligations in processing the administrative complaint filed by Plaintiff filed on December 29, 2006. See Tolbert-Smith v. Bodman, EEOC Docket No. 0120071684 (filed Feb. 15, 2007).[2] However, the administrative complaint that initiated the

---

[2] Plaintiff brought the EEOC proceeding because the Agency failed to timely conduct counseling on the underlying informal charge; has failed to date to dismiss the Formal EEO Complaint, as legally required, based on Ms. Tolbert-Smith's pending civil action; continues to date to insist that Ms. Tolbert-Smith cooperate in the Agency's

6

action presently before this Court never was filed with the EEOC. Accordingly, there was no reason for Plaintiff to present evidence of timely filing of the complaint to the EEOC.

More important, as Defendant is well aware, Plaintiff's counsel was prepared to provide the Agency with evidence of timely filing of the administrative complaint, before the Agency dismissed it. On March 30, 2006, Agency attorney Katie Strangis, Esq. - with whom Plaintiff's counsel was then engaged in EEO mediation - informed her by e-mail that the Agency's Office of Civil Rights and Diversity (OCR) was preparing to dismiss her client's complaint on grounds of alleged untimeliness.

Plaintiff's counsel responded immediately by informing Ms. Strangis that the complaint was timely filed. Specifically, Plaintiff's counsel explained first, that the statute of limitations had not yet begun to run, because the Agency had failed to provide her, as Plaintiff's counsel of record, with a copy of the Notice of Final Interview. Moreover, counsel explained that her client records clearly demonstrated that the complaint had been timely filed.

Attorney Strangest replied that, "Regardless of what you believe with respect to timing, the claim has been dismissed. It is, of course, your right to appeal this decision to the EEOC." See E-mail exchange between Cheryl Polydor, Esq., and Katie Strangis, Esq. (copy attached as Exhibit 1 (originally filed with this Court as Exhibit 1 to Plaintiff's Surreply to Defendant's Motion to Dismiss).

On April 3, 2006, counsel for Plaintiff received a "Notice of Dismissal of Complaint of Discrimination" from the Agency, and she filed this civil action with the Court on July 3, 2007.

---

investigation of the administrative complaint, and to subject her and her attorney to the unprofessional and rude treatment meted out by the assigned EEO investigator.

B.  **Plaintiff Timely Filed This Civil Action, and Presented Evidence in the Form Of a Time and Date-Stamped Copy of her Complaint, and a Date-Stamped Copy of the Attorney General's Summons Issued By the Court Clerk**

Defendant argues that Plaintiff failed to timely file this civil action. Again, Defendant's Motion and Memorandum inexplicably fail to make any mention of, let alone rebut, the evidence and facts Plaintiff has previously presented to demonstrate her timely filing of this action.

Plaintiff agrees, and has never denied, that the filing deadline for her civil complaint was July 3, 2006. On that date, Plaintiff's counsel arrived at the Third Street entrance of the J. Barrett Prettyman Federal Courthouse several minutes before midnight, prepared to immediately file the Complaint in the "after hours" filing box. However, she was disconcerted to discover that evening, that the three different time clocks designated for the three different courts that accept filings at the "after hours" filing box (the United States District Court for the District of Columbia; the United States Bankruptcy Court for the District of Columbia, and the United States Court of Appeals for the District of Columbia Circuit), which sit side by side next to the filing slots, all were set at different times, and even different dates. Moreover, some malfunction obviously had occurred, as the clocks actually displayed dates of "July 33" and "July 34" during the time counsel was present.

The Bankruptcy Court clock, for example, displayed the impossible date of "July 33, 2006" and a time of "PM 11:59." The date-stamped copy of the Complaint Plaintiff's counsel brought back to the office for her records contains this date and time stamp, as well as the date and time of "July 34, 2006" and "AM 12:03" with the imprint of the "U.S. Court of Appeals for the D.C. Circuit." See Plaintiff's Exhibit 5 (previously submitted as Exhibit 2 with Plaintiff's Reply to Defendant's Motion to Dismiss). The copy does not, however, have a legible stamp of

any kind associated with the United States District Court for the District of Columbia, where she actually filed the <u>Complaint.</u>

Concerned about the unsettling array of dates and times she had encountered on July 3, counsel telephoned the Office of the Clerk of the Court the very next business day – which was July 5, 2007, given the intervening Fourth of July holiday - in order to confirm that the <u>Complaint</u> had been properly docketed. However, to her dismay, the employee she spoke with informed her that the <u>Complaint</u> had been docketed with a date of July 5, 2006.

Plaintiff's counsel informed the employee about the confusion she had encountered on July 3, and the fact that she had brought back to her office a date-stamped copy of the <u>Complaint</u> imprinted with a time of "PM 11:59" and "July 33, 2006" (in reality, July 3). The employee told her that the Office of the Clerk had no authority to do anything about the matter, and that Plaintiff's counsel would have to address any such concerns with the assigned Judge, as needed.

Counsel subsequently received the three returned summons issued by the Office of the Clerk for service of the <u>Complaint</u>. While two of the three returned summonses issued by the Clerk's Office reflected a date of July 5, 2006, the summons to be served upon the United States Attorney General contained a date stamp of "July 3, 2006" next to the Clerk's stamped name, with the Deputy Clerk's signature below. The same summons had a second, conflicting date stamp of "July 5, 2006." See Plaintiff's <u>Exhibit 6</u> (originally submitted as Exhibit 3 with Plaintiff's <u>Reply</u> to Defendant's <u>Motion to Dismiss</u>).

On these facts, the Court should find the <u>Complaint</u> timely filed on July 3, 2006. A review of the case law reveals that, not surprisingly, courts have resolved similar date-stamping and processing ambiguities in favor of the filing party. <u>See, e.g.</u> <u>Toliver v. Sullivan Diagnostic Treatment Center</u>, 748 F. Supp. 223 (S.D. N.Y. 1990) (Title VII complaint was timely filed,

notwithstanding that documents were formally stamped "received" three days later); Loya v. Sands Unified School Dist., 721 F.2d 729 (9th Cir. 1983) (trial court erred in dismissing Title VII complaint where improperly completed copy of complaint arrived in custody of clerk within the filing period, and corrected copy was not filed until after close of filing period). See also Perry v. Galludet University, 738 A. 2d 1222 (1999).

In sum, despite the government's claims to the contrary, Plaintiff's attorney personally filed the Complaint on July 3, 2006, in the "after-hours" filing box maintained by this Court at the Third Street entrance to the Courthouse.

### C. Assuming that Some Technical Construction of the Facts Supports Defendant's Untimeliness Claims, Equitable Tolling Is Appropriate Here

Plaintiff timely filed her administrative complaint and civil action in this case. At the same time, Plaintiff's counsel will acknowledge that she certainly would have preferred that the filings had gone more smoothly. Accordingly, Plaintiff would like to respectfully request that, if by some technical construction of the facts, her filings should be deemed untimely, the Court exercise its discretion to apply the equitable tolling doctrine.

This case is particularly appropriate for application of the equitable tolling doctrine. In particular, Plaintiff notes that the Agency failed to complete counseling of the informal charge which initiated this process, within the mandatory 45-day time frame - and instead took almost a half-year to issue the "Notice of Final Interview with EEO Counselor and Right to File a Formal Complaint of Discrimination." See 29 C.F.R. §1614.105(d). Defendant acknowledges, but offers no explanation for, this egregious delay on the Agency's part. See Defendant's Memorandum, page 2.

As stated in the Complaint and Amended Complaint, Defendant also failed to comply with its legal obligations with respect to Plaintiff's Freedom of Information Act

10

("FOIA")/ Privacy Act request, running far afoul of the 20-day statutory time mandated by the FOIA. See 5 U.S.C. § 552(a) (6) (a) (i). See Amended Complaint, ¶67.

Plaintiff filed her FOIA request in September –October 2005; did not receive any response from the Agency until after she retained counsel, and even then, did not receive a complete (or almost complete) response until almost a half-year later. This delay was particularly disturbing to Plaintiff and her attorney, as the purpose of the request was to obtain communications between Plaintiff's supervisors and herself, which she required in connection with her EEO claims. Plaintiff respectfully submits that the Agency's unexplained, months-long delays in fulfilling its statutory obligations under both the federal EEO laws and the FOIA – particularly when balanced against a claimed filing delay literally amounting to a few minutes in regard to her civil action – supports a determination that the interests of justice and fundamental fairness will best be served by permitting Plaintiff to proceed with her civil action in its entirety, without further delay.

Finally, Plaintiff notes that she already has been compelled to amend her Complaint once, based on her managers' retaliatory actions in response to her filing this civil action, and she is now preparing to amend the Complaint yet again, due to the ongoing campaign of retaliation and harassment she faces at work. Accordingly, Defendant will not be unduly prejudiced by permitting Plaintiff to proceed with this action in its entirety.

III.    **PLAINTIFF HAS ESTABLISHED A SERIES OF WILLFUL AND INTENTIONAL AGENCY VIOLATIONS OF HER PRIVACY ACT RIGHTS**

The government also seeks summary judgment on the Privacy Act allegations in Count Four of the Amended Complaint. Defendant fails in his Motion and supporting memorandum to address most of the Privacy Act violations in the Amended Complaint, making no mention of the pattern of blatant misconduct specifically carried out by Terry Brennan, Plaintiff's former

supervisor, now team leader. See <u>Amended Complaint,</u> ¶¶ 44-51. For this reason alone, Defendant as a matter of law cannot obtain summary judgment, and his Motion should be denied.

Specifically, Mr. Brennan personally visited the office of Plaintiff's treating psychiatrist, Dr. William Prescott, M.D., without Plaintiff's prior knowledge or permission, seeking details of her medical diagnosis (clinical depression with suicidal ideation), treatment and prognosis.

Mr. Brennan, as well as other managers, also made frequent remarks to Plaintiff, in the presence and hearing of her colleagues, regarding her allegedly "not trying hard enough" to overcome her illness; questioning whether she was "taking her meds;" questioning whether the treatment she was receiving from Dr. Prescott was effective; and encouraging Plaintiff's colleagues "to pray for her." <u>Id</u>.

Mr. Brennan's cruel and offensive remarks concerning Plaintiff's illness, as well as his inexcusable intrusion into Plaintiff's relationship with her treating psychiatrist, clearly represent "willful" and "intentional" violations of the Privacy Act. <u>See, e.g.</u> <u>Laningham v. Navy</u>, 813 F.3d 1236, 1243 (D.C. Circuit 1987) (misconduct must be "patently egregious and unlawful").

This blatant campaign of harassment culminated in Mr. Brennan's, or another management official's, intentionally and willfully placing – on a computer server accessible to Agency employees and members of the public - records referring and relating to Plaintiff's request for reasonable accommodation.

As noted, Defendant fails to address this series of specific violations openly committed by Mr. Brennan and other management officials. Defendant does, however, deny the allegations in his <u>Answer</u> to the <u>Amended Complaint</u>. See Defendant's <u>Answer</u>, ¶ 44-51. On this basis alone, Defendant's <u>Motion for Summary Judgment</u> should be denied.

Moreover, Defendant's argument regarding the one Privacy Act allegation he does address - the placement of Plaintiff's reasonable accommodation request on the Agency's "shared drive" - is seriously flawed. Defendant maintains that this claim falls short of the requisite "willful and intentional" misconduct that must be shown to establish a Privacy Act violation. However, Defendant's analysis is incomplete in a fundamental respect; the D.C. Circuit has carved out a rule for establishing agency intent that favors the Plaintiff in this case. That rule essentially states that if it can be shown that an agency's conduct was a result of retaliation against the plaintiff, the "intentional or willful" requirement of the Privacy Act has been met. See Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 584 (D.C. Cir. 2002); see also Downie v. City of Middleburg Hts., 301 F.3d 688, 697-99 (6th Cir. 2002).

In Toolasprashad, involving a federal prisoner's challenge to falsified transfer records, the agency argued and the court below found that "the record would not support a finding that defendants acted willfully or intentionally." Toolasprashad, 286 F.3d 576, 58 However, the D.C. Circuit disagreed, holding that a showing that agency officials were motivated by retaliation satisfies the definition of a "willful or intentional" violation of the Privacy Act.

The rule established in the Toolasprashad is apt in the present case. Here, Mr. Brennan's and the other managers' campaign of abuse is highly suggestive of retaliatory animus. In addition, it is significant that the placement of Plaintiff's request for reasonable accommodation on the Agency's server or "shared drive" evidently occurred on March 31, 2006.

The date is significant in at least two ways. First, March 31, 2006 was just three days after the Agency permitted Plaintiff to return to work (on March 28, 2006), following her filing of an EEO complaint challenging, inter alia, the Agency's decision to keep her out of work on

indefinite administrative leave, on the pretext that her illness demanded it. See <u>Amended Complaint</u>, ¶ 78 and ¶ 62-66.

Moreover, on March 29, 2006 - just two days before the Agency placed Plaintiff's reasonable accommodation request on its computer server – the Agency dismissed her EEO complaint, allegedly because it was untimely filed. These facts, taken together, present strong evidence of retaliation on the part of agency management.

In sum, the <u>Amended Complaint</u> sets forth a series of Privacy Act violations, many of which Defendant fails to address, which clearly satisfy the test for "willful and intentional" misconduct. Accordingly, Defendant's <u>Motion for Summary Judgment</u> should be denied.

## IV. **PLAINTIFF DOES NOT ASSENT TO DEFENDANT'S INACCURATE STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

In response to Defendant's revised <u>Statement of Material Facts Not in Genuine Dispute</u>, Plaintiff files a revised <u>Statement of Genuine Issues</u>, which identifies numerous areas of disagreement between the parties. Accordingly, the present action is not an appropriate case for dismissal or summary judgment on the pleadings, and Defendant's <u>Motion</u> should be denied.

First, as discussed in detail in this <u>Memorandum</u>, Plaintiff states on the basis of documentary evidence previously submitted to this Court, and in her attorney's executed affidavit (attached as <u>Exhibit 2</u>), that she timely filed this action and the underlying administrative complaint. See Plaintiff's <u>Statement of Genuine Issues</u>, ¶¶ 5; 8-9; 11.

Moreover, Plaintiff's <u>Statement of Genuine Issues</u> makes clear that she finds wholly unsupported the series of factual allegations Defendant presents in an attempt to counter her Privacy Act claims. See Plaintiff's <u>Statement of Genuine Issues</u>, ¶¶ 13-15.

Defendant explicitly relies on his <u>Exhibit 5</u> (see Defendant's <u>Statement of Material Facts Not in Genuine Dispute</u>, ¶ 13) and Plaintiff's <u>Amended Complaint</u>, ¶ 77. However, Defendant's

14

Exhibit 5 is an in-house agency memorandum, dated August 16, 2006, regarding an unidentified "File No. 106125061," which has no clear connection to the particulars of Plaintiff's case. In addition, the cited paragraph of Plaintiff's Amended Complaint not only fails to support Defendant's position regarding the Privacy Act violation she suffered, it provides evidence that the violation occurred; namely, that Defendant deliberately placed a document or documents revealing the existence of Plaintiff's disability and her request for reasonable accommodation on a widely accessible computer "shared drive" maintained by Defendant.

The Amended Complaint also offers no support for Plaintiff's contention that "the document was removed from the shared server" within 24 hours of Agency management's being made aware of the problem, as Defendant contends. Defendant's Statement of Material Facts Not in Genuine Dispute, ¶ 15. In fact, Plaintiff does not know when "management became aware of the problem," and she has reason to believe that a specific management official or officials placed the document on the server intentionally. See Amended Complaint, ¶¶ 72-75.

## V.  CONCLUSION

For the reasons discussed above, and those set forth in Plaintiff's Reply and Surreply to Defendant's earlier-filed Motion for Dismissal or Summary Judgment, the Court should deny Defendant's virtually identical Motion for Partial Judgment now pending, and permit the Plaintiff to pursue her employment discrimination, retaliation and Privacy Act claims, without further delay.

                                      Respectfully Submitted,
                                      __/s/_____
                                      Cheryl Polydor, Esq.  D.C. Bar Id #: 454066
                                      Law Firm of John Berry, P.L.L.C.
                                      1990 M Street, N.W., Suite 610, Washington, D.C. 20036
                                       Phone: (202) 955-1100 Fax: (202) 955-110

Dated: March 25, 2007          Attorney for Plaintiff Marilyn Tolbert-Smith

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith, )<br>12529 Covenant Way )<br>Hagerstown, MD 21742 )<br>   )<br>        Plaintiff, )<br>   )<br>v.  )<br>   )<br>Samuel Bodman, )<br>Secretary )<br>U.S. Department of Energy )<br>1000 Independence Avenue, S.W. )<br>Washington, D.C., 20585 )<br>   )<br>        Defendant. )<br>   ) | Civil Action No. 06cv1216<br>Judge Richard W. Roberts |

## PLAINTIFF'S STATEMENT OF GENUINE ISSUES

Pursuant to Local Civil Rules ("LCvR") 7(h) and Fed. R. Civ. Pro. 56.1, Plaintiff Marilyn Tolbert-Smith ("Tolbert-Smith" or "Plaintiff") submits the following Statement of Genuine Issues, in response to Defendant's Statement of Material Facts Not in Genuine Dispute.

Specific responses and objections are presented below in numbered paragraphs tracking the numbering scheme in Defendant's Statement.

1. Plaintiff does not dispute that she is an employee of the Defendant as a program analyst with the Department of Energy, Office of Legacy Management ("Agency").

2. Plaintiff does not dispute that she filed a Request for Counseling with the Agency's Office of Civil Rights ("OCR") on or about August 6, 2007.

3. Plaintiff does not dispute that on January 11, 2006, OCR issued a Notice of Final Interview with EEO Counselor and Right to File a Formal Complaint of Discrimination

("Notice of Final Interview and Rights"), which explained that a formal complaint of discrimination must be filed within 15 calendar days after receipt of the Notice.

4.  Plaintiff does not dispute that the Notice of Final Interview and Rights was sent to her, return receipt requested, and that she received it on January 25, 2006.

5.  Plaintiff does not dispute that her attorney mailed her Formal EEO Complaint to OCR on February 17, 2006. However, Plaintiff's attorney had previously mailed it to OCR, on February 9, 2006. It was returned to her office by the U.S. Postal Service on February 17, 2006, because the address label on the returned envelope had been removed or destroyed in the course of handling by the Postal Service. Amended Complaint at ¶¶ 16 -18; Plaintiff's Exhibits 3 - 4.

6.  Plaintiff does not dispute that OCR sent a Notice of Dismissal of Formal Complaint of Discrimination to Plaintiff's counsel on March 29, 2006. However, Plaintiff notes that she did not receive the Notice until April 3, 2007.

7.  Plaintiff does not dispute that the Notice of Dismissal informed her that she must file a Notice of Appeal within 30 calendar days after receipt of the Final Order if she wished to appeal to the EEOC. Plaintiff also does not dispute that the Notice informed her that if she wanted to file a civil action, she must file within 90 days of receipt of the Final Order, if no appeal were filed, that she was entitled to file an appeal within 80 calendar days from the date of filing an appeal with the EEOC, if no final decision on the appeal has been made by the EEOC.

8.  Plaintiff does not dispute that the Notice of Dismissal was received by her attorney on April 3, 2006.

9.      Plaintiff states first that this statement is immaterial. Plaintiff does not dispute that she did not present to the Agency's OCR or to the EEOC an envelope or other documentary evidence that Plaintiff timely filed a formal complaint with the OCR. However, Plaintiff did offer to provide evidence of her timely filing of Plaintiff's formal complaint to Agency counsel Katie Strangis, Esq., with whom she had been dealing in connection with Plaintiff's EEO matters.  Plaintiff further notes that by reply e-mail, Ms. Strangis summarily rebuffed this offer, and told Plaintiff's counsel that her recourse was to file suit with the EEOC. Plaintiff further notes that there was no basis for her to have presented evidence to the EEOC of the timely filing of her formal complaint, as she never pursued the complaint to the EEOC.

10.     Plaintiff does not dispute that her civil action was to be filed on or before July 3, 2006.

11.     Plaintiff objects to this paragraph because Plaintiff filed the present action on July 3, 2006.  See  Plaintiff's Memorandum of Points & Authorities in Opposition to Defendant's Motion to Dismiss, and her Exhibits 2 and 3 thereto; Plaintiff's Surreply to Defendant's Motion to Dismiss; and Plaintiff's Memorandum of Points & Authorities in Opposition to Defendant's Motion for Partial Judgment on the Pleadings, and her Exhibits 5 and 6 thereto.

12.     Plaintiff does not dispute that Plaintiff became aware of Defendant's placement of her confidential information on its server on or about March 31, 2006, and that she reported her discovery to her LM management.

13.     This paragraph is not supported by citation in violation of LcVR 7(h).  Absent proper evidentiary support, the allegations in this paragraph cannot be evaluated or properly

3

considered as part of a statement of facts. See LCvR 7(h) (statement of material facts "shall include references to the parts of the record relied on to support the statement").

      14.    This paragraph is not supported by citation in violation of LcVR 7(h). Absent proper evidentiary support, the allegations in this paragraph cannot be evaluated or properly considered as part of a statement of facts. See LCvR 7(h) (statement of material facts "shall include references to the parts of the record relied on to support the statement").

      15.    This paragraph is not supported by citation in violation of LcVR 7(h). Absent proper evidentiary support, the allegations in this paragraph cannot be evaluated or properly considered as part of a statement of facts. See LCvR 7(h) (statement of material facts "shall include references to the parts of the record relied on to support the statement").

                      Respectfully submitted,

                      __/s/_____

                      Cheryl Polydor, Esq.
                      DC Bar Id #: 454066
                      John Berry, PLLC
                      1990 M Street, NW
                      Suite 610
                      Washington, DC 20036
                      (202) 955-1100
                      Fax: (202) 955-1101
                      <u>Attorney for Plaintiff</u>

<u>Dated</u>: March 25, 2007