**Cheryl Polydor**

| | |
|---|---|
| **From:** | Strangis, Katie [Katie.Strangis@hq.doe.gov] |
| **Sent:** | Thursday, March 30, 2006 2:58 PM |
| **To:** | Cheryl Polydor |
| **Subject:** | RE: Tolbert-Smith Complaint of Discrimination |

Cheryl,

Regardless of what you believe with respect to timing, the claim has been dismissed. It is, of course, your right to appeal this decision to the EEOC.

Katie

Katie Strangis
Attorney-Advisor
Office of the Assistant General Counsel for General Law U.S. Department of Energy 1000 Independence Avenue, SW Washington, DC 20585
202-586-8623

-----Original Message-----
From: Cheryl Polydor [mailto:cpolydor@worklaws.com]
Sent: Thursday, March 30, 2006 2:44 PM
To: Strangis, Katie
Subject: Tolbert-Smith Complaint of Discrimination

Ms. Tolbert-Smith's formal complaint was timely filed. In fact, because the agency has failed to provide me to date with a copy of the Notice of Final Interview, the statute of limitations has not yet begun to run on her time to file a complaint.

Additionally, even if the above were not the case, our case records unequivocally demonstrate that Ms. Tolbert-Smith's formal complaint was timely filed.

Cheryl Polydor, Esq.
Attorney at Law
John Berry P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C 20036
Tel. (202) 955-1100
This communication may be privileged and confidential. If you receive this e-mail by mistake please delete it and kindly notify the sender.
-----Original Message-----
From: Strangis, Katie [mailto:Katie.Strangis@hq.doe.gov]
Sent: Thursday, March 30, 2006 1:59 PM
To: Cheryl Polydor
Subject: RE: Tolbert-Smith - FOIA/Privacy Act Materials [II]

Cheryl,

Please note that I am faxing you a letter from the Office of Civil Rights and Diversity at the DOE regarding the information you requested from that office. This will also serve to inform you that OCRD considers your clients EEO appeal un-timely and as such has dismissed the case in whole. A letter will be sent to you explaining this in greater detail. Please let me know if you have any questions.

Sincerely,
Katie

EXHIBIT
1

1

Katie Strangis
Attorney-Advisor
Office of the Assistant General Counsel for General Law U.S. Department
of Energy
1000 Independence Avenue, SW
Washington, DC 20585
202-586-8623


-----Original Message-----
From: Cheryl Polydor [mailto:cpolydor@worklaws.com]
Sent: Wednesday, March 29, 2006 5:50 PM
To: Strangis, Katie
Subject: RE: Tolbert-Smith - FOIA/Privacy Act Materials [II]

Dear Katie:

Based on a quick check of Ms. Tolbert-Smith's file, I have in hand a
request submitted by my client in September 2005, and was under the
impression that the request originally was submitted earlier (i.e., a
year ago).

    The Freedom of Information Act requires an agency to make a
determination on a FOIA request within 20 working days of receipt. 5
U.S.C. Section 552(a)(6)(A)(i). You acknowledge the Department's receipt
of a FOIA request from my client in November 2005, and also acknowledge
the fact that the Department still has not provided a determination or
response to her request to date, approximately four months later.
Accordingly, there is no purpose to be served by my client or I
conducting a search of our files to provide you with any further
documentation of her request.

    In this connection, I remind you that we already have been asked
to provide you with a copy of her Formal Complaint of Discrimination,
which you told me you could not locate, despite its having been properly
filed with the Department's Office of Civil Rights and Diversity. I
note in addition, as previously reported to you, that the Department has
failed to provide me with a copy of the Notice of Final Interview and
Report of Counseling.

    I would appreciate your ensuring, as the Department's attorney
of record, that the appropriate agency officials take care of these
matters as soon as possible. Thank you.

                                        Cheryl


Cheryl Polydor, Esq.
Attorney at Law
John Berry P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C 20036
Tel. (202) 955-1100
This communication may be privileged and confidential. If you receive
this e-mail by mistake please delete it and kindly notify the sender.
-----Original Message-----
From: Strangis, Katie [mailto:Katie.Strangis@hq.doe.gov]
Sent: Wednesday, March 29, 2006 4:57 PM
To: Cheryl Polydor
Subject: RE: Tolbert-Smith - FOIA/Privacy Act Materials

Dear Cheryl:

With regard to the FOIA request, I have been assured by the FOIA office
that it will be ready as soon as possible. I need to correct one point,
that is, I checked with them and the only request they have on record

from your client came in October 2005; thus, the request is a great deal less than a year old. If you have documentation to refute this date I would be interested in seeing it. I have nothing to do with the charges, that is between the FOIA office and your client.

You asked for assurances that management will abide by what we discussed in the mediation. It was my understanding from the mediator that discussion about this case was not to take place until the next mediation. As such, management signed mediation agreements and of course intends to fully abide by them. I don't believe further discussion on this point is appropriate in this forum.

The agency has approached mediation in good faith, and continues to do so. If you feel that further legal action is warranted on your part that is of course your right. We maintain our position and firmly believe that absolutely no discrimination has occurred in this situation; additionally, we have done and will continue to do everything in our power that is appropriate and reasonable to accommodate your client.

Thanks,
Katie Strangis


Katie Strangis
Attorney-Advisor
Office of the Assistant General Counsel for General Law U.S. Department of Energy
1000 Independence Avenue, SW
Washington, DC 20585
202-586-8623


-----Original Message-----
From: Cheryl Polydor [mailto:cpolydor@worklaws.com]
Sent: Wednesday, March 29, 2006 4:45 PM
To: Strangis, Katie
Subject: Tolbert-Smith - FOIA/Privacy Act Materials

Dear Katie:


I would appreciate your promptly providing Ms. Tolbert-Smith with the materials prepared by the agency in response to her FOIA/Privacy Act request of more than a year ago. Based on your recent e-mail message to me, I understood that the materials were ready for Ms. Tolbert-Smith, and that you were simply awaiting word from us regarding the proper recipient of the materials. As I've already informed you, we ask that the Department provide the materials directly to Ms. Tolbert-Smith. Please advise me as soon as possible of the status of Ms. Tolbert-Smith's request, and also indicate in advance if the agency will be seeking any payment from Ms. Tolbert-Smith for the materials.


I also am still awaiting your assurance that management will comply with the temporary agreement that arose out of our Mediation session last week. Ms. Tolbert-Smith has held up her end of the bargain and reported to work both yesterday and today, and plans to continue to report to work as agreed.


Finally, I must report that Ms. Tolbert-Smith continues to be subjected to a hostile environment on her return to work- in particular, by the actions and words of her supervisor, Terry Brennan.

3

For example, during a discussion of Ms. Tolbert-Smith's new performance
standards, which require her to perform records management tasks, Ms.
Tolbert-Smith reminded Mr. Brennan that she is an information management
specialist, and not a records management specialist. I understand that
Sharon Rudy, also present at the meeting, confirmed this point.
Whereupon Mr. Brennan said to my client, "If you don't do records, than
I don't have a job for you."


This continued pattern of harassment is an egregious violation of Ms.
Tolbert-Smith's rights under the Rehabilitation Act, and necessitates
our filing an amended or new complaint against the agency. We also are
considering other legal action to protect my client from this abuse.
Moreover, the ongoing pattern of illegal conduct by management officials
- which remains unchecked even in the wake of our sitting down to
mediation - leads me to question the Department's commitment to the
mediation process, and to the possible negotiation of a mutually
satisfactory settlement, without the need for us to resort to
litigation. Accordingly, I would appreciate your advising me of the
Department's current position in this matter. Thank you.


Cheryl



Cheryl Polydor, Esq.
Attorney at Law
John Berry P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C 20036

Tel. (202) 955-1100

This communication may be privileged and confidential. If you receive
this e-mail by mistake please delete it and kindly notify the sender.