UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>    Plaintiff,<br><br>  v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>    Defendant. | Civil Action No. 06cv1216<br>Judge Richard W. Roberts |

**DECLARATION OF CHERYL POLYDOR**

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, this 25th day of March 2007, as follows:

1. I am the attorney of record for the Plaintiff, Marilyn Tolbert-Smith.

2. I am employed at the Law Firm of John Berry, P.L.L.C. (Firm), and our offices are located at 1990 M Street, N.W., Washington, D.C. 20036, in Suite 610.

3. On or about August 31, 2005, Plaintiff, an employee of Defendant, contacted the Defendant's (Agency's) Office of Civil Rights and Diversity to file a request for counseling, or informal Equal Employment Opportunity (EEO), against the Agency.

4. On or about November 30, 2005, Plaintiff retained the Firm to represent her in connection with her EEO matters.

5. I notified the Agency, orally and in writing, shortly after Plaintiff retained the Firm, that I was Plaintiff's counsel of record, and requested that all future communications regarding Plaintiff's EEO claims and related request for reasonable accommodation be sent directly to me.

6. Plaintiff contacted me sometime after she received the "Notice of Final Interview with EEO Counselor and Right to File a Formal Complaint of Discrimination" (Notice of Final Interview) on January 25, 2007, sent by the Agency to her home address by certified mail. I do not recall the date Plaintiff contacted me to discuss her receipt of the Notice of Final Interview.

7. The Agency did not send me, as Plaintiff's attorney of record, the Notice of Final Interview, until on or about February 22, 2007, when I received the Notice in the mail at my office.

8. On February 9, 2006, I filed the Plaintiff's administrative complaint by mail. On that date, I placed the administrative complaint, accompanied by a cover letter, in a mailing envelope addressed to the Agency's Office of Civil Rights and Diversity, U.S. Department of Energy, Forrestal Building, Room 5B-168, 1000 Independence Avenue, S.W., Washington, D.C. 20585, with pre-paid first class postage, and mailed it from a U.S. Postal Service mailbox near my office.

9. Because I was unable that day to find in my office a mailing label with adhesive backing, I had typed the mailing address on a sheet of paper, and affixed the address on the mailing envelope with glue.

10. On February 17, 2006, the complaint and cover letter came back to me in the mail at my office, with a stamped announcement on the front of the envelope from the U.S. Postal Service stating "Returned to Sender," and no mailing label.

11. There was no mailing label on the returned envelope, only some vestiges of the glue I had applied to affix the address to the envelope on February 9, 2006, when I originally mailed the complaint to the Agency.

12. On February 17, 2006, I prepared a new mailing envelope addressed to the Agency's Office of Civil Rights and Diversity, with pre-paid first-class postage, and placed the administrative complaint and cover letter in the new envelope. I typed the address directly on the envelope this time, and mailed the administrative complaint later that day from a U.S. Postal Service mailbox near my office.

13. On March 30, 2006, I received an e-mail from Agency attorney Katie Strangis, Esq., with whom I was then in communication concerning Plaintiff's EEO charge and EEO mediation. In her March 30th e-mail, Ms. Strangest informed me that the Agency's Office of Civil Rights and Diversity had concluded that Plaintiff's administrative complaint was untimely filed, and that, accordingly, the Office would be sending

me the requisite notice informing me that Plaintiff's complaint was dismissed on this basis.

14. I responded immediately by e-mail the same day, informing Ms. Strangis that the complaint in fact was timely filed. Specifically, I explained first, that the statute of limitations had not yet begun to run, because the Agency had failed to send me, as Plaintiff's counsel of record, the Notice of Final Interview.

15. In addition, I explained in my e-mail to Ms. Strangis that the records in my case file demonstrated that the complaint had been timely filed.

16. Ms. Strangis in turn responded by e-mail, stating that, "Regardless of what you believe with respect to timing, the claim has been dismissed. It is, of course, your right to appeal this decision to the EEOC."

17. On April 3, 2006, I received a "Notice of Dismissal of Complaint of Discrimination" from the Agency.

18. On July 3, 2006, I printed and assembled Plaintiff's federal court complaint (Complaint), preparatory to filing it at the "after-hours" filing box maintained by the Clerk of the Court at the Third Street entrance of the E. Barrett Prettyman Federal Courthouse in Washington, D.C.

19. I arrived at the Third Street entrance of the E. Barrett Prettyman Federal Courthouse, where the "after-hours" filing box for this Court is located, alongside the after-hours filing boxes for the U.S. Bankruptcy Court for D.C. and the U.S. Court of Appeals for the D.C. Circuit, several minutes before midnight on July 3, 2006.

20. On my arrival, I began to proceed directly to the vestibule where the "after-hours" filing boxes are located. I had been to the Third Street entrance for an after-hours filing once before, only a month earlier (June 5, 2006), to file an unrelated case with this Court. On that earlier occasion, the security officers stationed at the security checkpoint inside the Third Street entrance, told me that I was not required to pass through the metal detector, since I was merely visiting the "after hours" filing vestibule, and not seeking entry to the rest of the Courthouse building.

21. When I entered the Third Street entrance to the Courthouse on July 3, 2006, I assumed the procedure would be the same. However, when I entered the Courthouse on that date and attempted to enter the vestibule where the "after-hours" filing boxes are located, the security officers on

3

                duty at the security checkpoint stopped me, and told me that I was required to pass through the metal detector.

22. I explained to the officers that I was there only to visit the "after hours" filing box, but the officers explained that I nevertheless was required to pass through the metal detector. I complied.

23. After passing through the metal detector, and responding to questions from the security officers regarding the cell phone and mobile phone in my purse, I proceeded to the vestibule where the "after hours" filing boxes are located.

24. On entering the "after hours" filing vestibule on the evening of July 3, I was disconcerted to discover that the three different time clocks (designated for the three different courts), which sit side by side next to the "after-hours" filing slots, all were set at different times, and even different dates.

25. I concluded that some malfunction had occurred, since while I was there, the clocks displayed dates of "July 33, 2006" and "July 34, 2006."

26. I proceeded to stamp in the Complaint I had brought for filing, as well as the copy of the Complaint I had brought to stamp and bring back to my office for my case file. In my confusion, I do not recall precisely which clocks I used to stamp the Complaint and the copy for my records

27. However, the copy of the Complaint I brought back to my office for my records displays the identifying stamp of the U.S. Bankruptcy Court, with a date of "July 33, 2006" and a time of "PM 11:59," as well as the identifying stamp of the U.S. Court of Appeals for the D.C. Circuit, with a date of "July 34, 2006," and time of "AM 12:03." The copy does not, however, have a legible stamp of any kind associated with the United States District Court for the District of Columbia, where I actually filed the Complaint, and where the Complaint was docketed.

28. Concerned about the unsettling array of dates and times I had encountered on July 3, I telephoned the Office of the Clerk of the Court the very next business day (July 5) to confirm that the Complaint had been properly docketed. The very next business day was July 5 because of the intervening Fourth of July holiday, when the Court was closed.

29. However, to my dismay, the employee I spoke with in the Clerk's Office told me that the Complaint had been docketed with a date of July 5, 2006.

30. I told the employee about the confusion I had encountered on July 3, and the fact that I had brought back to my office a date-stamped copy of the Complaint that included an imprint of the U.S. Bankruptcy Court, with a time of "PM 11:59" and "July 33, 2006" (in reality, July 3). The employee told me that the Office of the Clerk had no authority to do anything about the matter, and that I would have to address any such concerns with the assigned Judge, as needed.

31. I subsequently received the three returned summons issued by the Office of the Clerk for service of the Complaint. While two of the three summonses issued by the Clerk's Office reflected a date of July 5, 2006, the summons to be served upon the United States Attorney General contained a date stamp of "July 3, 2006" next to the Clerk's stamped name, with the Deputy Clerk' signature below. The same summons had a second, conflicting date stamp of "July 5, 2006."

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed on this 25th day of March 2007:

                                                    /s/
                                             Cheryl Polydor, Esq.
                                             DC Bar Id #: 454066
                                           John Berry, P.L.L.C.
                                           1990 M Street, N.W.
                                           Suite 610
                                           Washington, DC 20036
                                           Phone: (202) 955-1100
                                           Fax: (202) 955-1101
                                           <u>Attorney for Plaintiff</u>