JOHN BERRY, P.L.L.C.
ATTORNEYS AT LAW
1990 M STREET, N.W., SUITE 610
WASHINGTON, D.C. 20036
WWW.WORKLAWS.COM

JOHN V. BERRY
ROBERT P. WALDECK
CHERYL POLYDOR
SARA C. VINS*

*ADMITTED ONLY IN VIRGINIA,
PRACTICING IN D.C. PENDING ADMISSION
UNDER SUPERVISION
OF JOHN V. BERRY, ESQ.

TELEPHONE: (202) 955-1100
FACSIMILE: (202) 955-1101

Director
U.S. Department of Energy - Office of Civil Rights & Diversity
Forrestal Building, Room 5B-168
1000 Independence Ave. SW
Washington, DC 20585

### Re: Marilyn Tolbert-Smith - Formal Complaint of Discrimination

**By First-Class Mail**
February 9, 2006

Dear Sir or Madam:

Please find attached a formal complaint of discrimination for Marilyn Tolbert-Smith. Also attached is a copy of the Designation of Representative form signed by Ms. Tolbert-Smith, designating me as her legal representative. Because the Notice of Final Interview sent to Ms. Tolbert-Smith did not contain the DOE forms for these matters, I have provided the necessary information without them. If you have any questions, please contact me at (202) 955-1100.

Thank you for your attention to this matter.

Sincerely,

Cheryl Polydor
Senior Associate

cc:    Marilyn Tolbert-Smith
       File

Enclosures



EXHIBIT
3

PENGAD 800-631-6989

# FORMAL COMPLAINT OF DISCRIMINATION

## Complainant's Name and Address
Marilyn Tolbert-Smith
12529 Covenant Way
Hagerstown, MD 21742

## Complainant's Home Telephone
301-797-5902

## Complainant's E-Mail
TolbertSmith@aol.com

## Complainant's Employment Status
Ms. Tolbert-Smith is employed with DOE's Office of Legacy Mangement. She has been on forced administrative leave since July 2005, despite her physician's September 2005 determination that she was then ready to return to work, and fully capable of performing her duties with reasonable accommodation.

## Most Recent Instances of Alleged Discrimination
Management continues to date to subject Ms. Tolbert-Smith to unlawful and demeaning discrimination, harassment, retaliation and a hostile work environment. Some of the most recent examples are as follows:

(1) Management's current ongoing failure to contact Ms. Tolbert-Smith regarding a start date for her return to work, despite receipt of the January 2006 clinical report prepared by Dr. Prescott, her physician. Dr. Prescott stated in the report that Ms. Tolbert-Smith was prepared to return to work with reasonable accommodation. Management's deafening silence regarding a start date despite Dr. Prescott's positive clinical report – which echoes the report he made back in September 2005 – is one of the latest incidents in management's ongoing pattern of unlawful conduct.

(2) Management's recent restatement of its denial of Ms. Tolbert-Smith's repeated requests for reasonable accommodation, except to the extent of suggesting that she continue to avail herself of the services of DOE's "EAP" Office, which is of course available to all DOE employees. See Letter of February 4, 2006, signed by Celinda Crawford, Director, Office of Legacy Mgmt., Office of Business Resources and addressed to Ms. Tolbert-Smith's attorney, Cheryl Polydor, Esq. See also Letter of December 22, 2005, signed by Celinda Crawford, and addressed to Ms. Tolbert-Smith (management's initial response to Ms. Tolbert-Smith's requests for reasonable accommodation). This spurious offer of accommodation violates management's affirmative obligations under the Rehabilitation Act of 1973, as amended. Moreover, it demonstrates the characteristically callous and flippant attitude consistently exhibited by Ms. Crawford and other management representatives regarding Ms. Tolbert-Smith, and her history of serious illness. This pervasive attitude among her supervisors in the Office of Legacy Management, and their

accompanying debasing and humiliating treatment of her, have created a hostile work environment as defined under Title VII of the Civil Rights Act of 1964, as amended.

(3) Management's radical restructuring of Ms. Tolbert-Smith's performance standards, in an evident attempt to "set her up" for failure when she does return to work. See Letter of December 22, 2005, signed by Celinda Crawford, and addressed to Ms. Tolbert-Smith (including new performance plan for Ms. Tolbert-Smith). The sheer number of responsibilities and tasks reflected in the new performance standards is well outside the norm for a typical workload in the Office of Legacy Management.

Moreover, the new performance standards fundamentally change the nature of Ms. Tolbert-Smith's job. This is directly at odds with the statement made by Terrance Brennan, Ms. Tolbert-Smith's first-level supervisor, to the EEO Counselor, in attempting to justify management's failure to grant Ms. Tolbert-Smith's repeated requests for reassignment. Mr. Brennan stated that "there was really no other supervisor in his organization that the complainant could be reassigned to because the nature of the work she did was very specific to the group . . ." (emphasis supplied). See Summary of EEO Counselor's Inquiry – Terrance Brennan, EEO Counselor's Report of January 11, 2006, p. 3. This clear-cut discrepancy between management's imposition of the new performance standards - which represents a wholesale restructuring of Ms. Tolbert-Smith's job - and her supervisor's contradictory statement that the nature of her job- as defined under her earlier performance standards- was so very specific as to preclude any serious consideration of reassignment, exposes the discriminatory motivation for management's treatment of Ms. Tolbert-Smith. Management's "talking out of both sides of its mouth" is classic evidence of pretext.

## Bases of Discrimination Alleged
These include:
Disability and/or history of disability and/or perception of disability – mental disability (clinical depression); Harassment and Hostile Work Environment; Failure to Accommodate; Retaliation/Reprisal as defined under Title VII and the FMLA; Age

## Alleged Discriminating Officials
The alleged discriminating officials include the following:
Michael Owen; Celinda Crawford; Terrance Brennan - DOE Office of Legacy Management
Theresa Summers - DOE Employee Labor Relations Department

## EEO Counselor
Gerald P. Tognetti

## Date of Initial EEO Contact
August 31, 2005

## Date of Final Interview and EEO Counselor's Report
January 11, 2006

**Discriminatory Action(s) Alleged**

The discriminatory treatment that forms the basis of this Formal Complaint of Discrimination has occurred primarily during the period beginning May 2004 and continuing to the present.

This discriminatory treatment includes the most recent examples of management's unlawful conduct of Ms. Tolbert-Smith described at page 1 of this Complaint, as well as the incidents of unlawful conduct alleged in Ms. Tolbert-Smith's underlying EEO charge, and reported to the EEOC Counselor (hereby incorporated by reference in this Complaint).

With reference to the underlying EEO charge, evidence of management's discriminatory treatment of Ms. Tolbert-Smith is found in the statements made by management officials to the EEO Counselor, as summarized in the EEO Counselor's Report, at pp. 3-4. For example, both Terrance Brennan, Ms. Tolbert-Smith's first level supervisor, and Celinda Crawford, her second level supervisor, made statements that reveal their discriminatory and/or retaliatory treatment of Ms. Tolbert-Smith; expose the hostile environment in which she has worked; and indicate hostile and stereotypical attitudes to her illness and right to reasonable accommodation. For example, Mr. Brennan states that he "bent over backwards to accommodate [her]." Ms. Crawford states that Ms. Tolbert-Smith's "medical condition is such that it didn't really matter who she worked for."

Additional instances of the unlawful treatment suffered by Ms. Tolbert-Smith to date include:

(1) Management's failure to respond to Ms. Tolbert-Smith's repeated requests for reasonable accommodation for approximately a year and a half, until December 2005.

(2) Management's actual *explicit discouragement* of Ms. Tolbert-Smith's requests for reasonable accommodation, and her attempts to discuss the lack of response to her requests. In particular, Terrance Brennan and Celinda Crawford, her first and second level supervisors, respectively, told Ms. Tolbert-Smith not to contact Michael Owen, Director of the Office of Legacy Management regarding her reasonable accommodation requests. Further, Mr. Owen himself discouraged Ms. Tolbert-Smith's attempts to speak with him or otherwise contact him.

Further, it appears that the EEO Counselor did not contact Mr. Owen during the counseling period. A review of the "Summary of Counselor's Inquiry" in the EEO Counselor's Report reveals no record of the Counselor's contacting, or attempting to contact him.

(3) Management's failure to engage in good faith with Ms. Tolbert-Smith in the interactive process required under the Rehabilitation Act to identify and provide reasonable accommodation. Management failed to do so despite its awareness of her disability, and her explicit requests for assistance and accommodation.

(4) Management's utterly deficient response to Ms. Tolbert's request for accommodation, documented in Celinda Crawford's December 22, 2005 Letter (discussed at page 1 of this Complaint).

3

(5) Management's improper and unlawful involvement and interference in Ms. Tolbert-Smith's medical care, most strikingly epitomized by their contacting her physician, Dr. Prescott, to discuss her medical condition without her authorization, and treating her in a coercive manner that influenced and facilitated her hospitalization in July 2005. This conduct in particular represents an egregious violation of Ms. Tolbert-Smith's civil rights and privacy rights, in conjunction with her EEO rights.

(6) Management's placing Ms. Tolbert-Smith, and forcing her to remain to date, on extended administrative leave, based on the unfounded, pretextual justification that her illness compelled and compels it – notwithstanding the clinical determinations made and reported by Dr. Prescott, Ms. Tolbert-Smith's physician –in March 2005, September 2005 and again in January 2005 - that she was/is able to return to work with reasonable accommodation.

(7) Management's creation and tolerance of a hostile work environment, including but not limited to the actions described elsewhere in this Complaint, as well as a pattern of painfully degrading and humiliating treatment and comments made to her and about her, often in the presence and hearing of her colleagues. For example, Terrance Brennan, Ms. Tolbert-Smith's direct supervisor, has on more than one occasion (a) verbally chastised her for "not trying hard enough" to overcome her illness; (b) questioned whether she is "taking her meds;" (c) made belittling remarks about the efficacy of her medical treatment; (d) made disparaging remarks about Dr. Prescott's ability to provide her with effective professional treatment; and
(e) suggested to Ms. Tolbert-Smith's colleagues that they "pray for her." Mr. Brennan's conduct represents an egregious violation of Ms. Tolbert-Smith's privacy rights as well as her EEO rights.

(8) A period of particularly hostile and abusive treatment by Mr. Brennan around the time of, and during, an offsite business retreat in June 2005. This episode, characterized by his ostentatiously shunning her at the retreat site. and then abusing her verbally at the office, was made even more stressful and distressing to Ms. Tolbert-Smith given the presence of her son (whose attendance was approved in advance by management).

(9) Management's refusal to approve work-related training (e.g., the "Enterprise Architecture" training she sought in March 2005), despite the availability of funds, her need for such training to better perform her assigned duties and the opportunity for such training afforded similarly-situated non-disabled employees.

(10) The failure by management to comply with statutory time limits for responding to Ms. Tolbert-Smith's outstanding FOIA/Privacy Act request for materials containing further support for this Complaint (in particular, e-mail correspondence between Ms. Tolbert-Smith and several management representatives).

4

## Requested Remedy

(1) The opportunity to return to work with reasonable accommodation, including but not limited to reassignment

(2) Back pay

(3) Front pay

(4) "Make whole" relief, including any lost pay, benefits and seniority resulting from management's unlawful conduct

(5) Compensatory damages, including but not limited to reimbursement for medical and other expenses; attorneys' fees; and compensation for severe emotional suffering and stress, and damage to professional reputation and professional status

(7) Interest

(8) Any and all other forms of relief which may be deemed appropriate in this matter

## No Grievance, MSPB Appeal or Civil Action in U.S. District Court

To date, Ms. Tolbert-Smith has not pursued the allegations in this Complaint in any other formal proceeding.

## DESIGNATION OF REPRESENTATIVE

I, Marilyn Tolbert-Smith hereby designate the law firm of John Berry, P.L.L.C., located at 1990 M Street, N.W., Suite 610, Washington, D.C., 20036, (202) 955-1100, to represent me in my legal matters. Please provide that Firm with copies of any information that you would normally provide me to this Law Firm, upon request.

*Marilyn Tolbert-Smith*                    11/30/2005
Marilyn Tolbert-Smith                         Date



JOHN BERRY, P.L.L.C.
ATTORNEYS AT LAW
1990 M STREET, N.W., SUITE 610
WASHINGTON, D.C. 20036