UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith, )<br>12529 Covenant Way )<br>Hagerstown, MD 21742 )<br>                                                      )<br>            Plaintiff,                       )<br>                                                      )<br>       v.                                          )<br>                                                      )<br>Samuel Bodman,                    )<br>Secretary                                   )<br>U.S. Department of Energy  )<br>1000 Independence Avenue, S.W. )<br>Washington, D.C., 20585         )<br>                                                      )<br>            Defendant.                    )<br>_____) | Civil Action No. 06cv1216 (RWR)<br>Judge Richard W. Roberts |

## COMPLAINANT'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO ENLARGE THE TIME TO COMPLETE DISCOVERY

By Order of this Court, discovery closes in this matter on December 18, 2007. Comes Now, Complainant, through counsel, and respectfully asks this Court to deny Defendant's Motion to Enlarge the Time to Complete Discovery, which he filed on December 5, 2007, two days after he initiated discovery. Defendant has failed to provide any valid reason for the requested enlargement. In fact, good cause exists for denial of Defendant's Motion, given his failure to cooperate with Plaintiff in completing discovery in the time allotted.

Defendant seeks additional time to complete discovery on the basis of his attorney's involvement in other cases, and on the upcoming holidays. Defendant's Motion, ¶ 2. This reference to counsel's caseload and the upcoming holidays is disingenuous, given that Plaintiff served Defendant with her discovery requests, including Notice of Depositions, on October 26, 2007. Despite repeated attempts to contact and confer with Defendant, Plaintiff has received no

1

response to date, except for Defendant's suggestion, made on November 28, 2007, that the parties jointly request additional time for discovery; Defendant's filing of his pending Motion for Enlargement of Time on December 5, 2007; and finally, Defendant's statement, by email dated December 12, 2007, that he would not produce any of the deposition witnesses noticed by Plaintiff on October 26, 2007, until the second week of January 2008, one month following the close of discovery.

Moreover, Defendant states misleadingly in his Motion that, "Plaintiff has further failed to provide Defendant with any dates within the discovery period in which she is available for a deposition or an Independent Medical Examination as noticed by Defendant." Defendant's Motion, ¶ 4. In fact, Defendant filed his Motion for Enlargement of Time on December 5, 2007, *the same day (and actually before) he served Plaintiff with notice of his intent to take her deposition* on December 17, 2007. The very same day Plaintiff received the deposition notice, she informed Defendant that she was available on December 17, as requested.[1]

Plaintiff also responded to the Notice of Request for an Independent Medical Examination, served on her by Defendant on December 3, 2007, the very same day she received it. In this instance, she sought additional information regarding the purpose and scope of the requested examination.

Thus, granting Defendant's Motion for Enlargement of Time would reward him for failing to respond in a timely manner to Plaintiff's discovery requests. Accordingly, Plaintiff seeks an Order denying Defendant's Motion, while compelling him to respond to her Interrogatories and Request for Production, and to produce the four witnesses identified in her Notice of Depositions, on or before January 9, 2007. Additionally, Complainant respectfully

---

[1] Plaintiff's counsel subsequently learned that she would be out of town on December 17, and immediately contacted Defendant's counsel to schedule the deposition on another date.

2

requests that this Court excuse the Complainant from providing any further response to the Defendant's discovery requests of December 5 and December 7, 2007, or responding to any new discovery requests Defendant may submit in this matter.

## ARGUMENT

### I. Defendant's Failure to Timely Provide Any Response to Plaintiff's Discovery Requests Should Not Be Rewarded

By Minute Order of September 19, 2007, Judge Roberts reset the date for the close of discovery, previously set for October 9, 2007, and notified the parties that discovery would close on December 18, 2007. Plaintiff, by fax and email, served on Defendant a Notice of Depositions, Interrogatories, and a Request for Production of Documents on October 26, 2007. Despite repeated emails and calls made by her attorney to Defendant's counsel, Plaintiff received no response of any kind until November 28, 2007. On November 28, more than a month after being served with her discovery requests, attorney for the Defendant contacted Plaintiff's attorney seeking consent to a Motion for Enlargement of Time to Complete Discovery.

At a previously scheduled meeting on November 29, 2007 to discuss possible settlement, the Defendant again proposed a Consent Motion, or Joint Motion, to Enlarge the Time for Discovery. Defendant stated that he had not provided any response to Plaintiff until that time because he had been immersed in work on other cases. He did not explain why his caseload had prevented him from providing *any response* to Plaintiff's repeated emails in the preceding month, if only to explain his predicament and seek Plaintiff's agreement, at an earlier date, to additional time for discovery. He also failed to explain why he could not enlist the assistance of the Agency attorney assigned with him to this case.

Plaintiff informed Defendant that under the circumstances she could not agree to the proposed Consent Motion. Plaintiff was concerned that Defendant had, until that time, wholly ignored her discovery requests, which she had served on October 26, 2007. In addition, Defendant had not yet initiated any discovery himself, and it appeared to Plaintiff that he sought additional time for discovery primarily for this reason. Finally, Plaintiff's health is frail and she is finding it increasingly important for her physical and mental well-being to seek a close to the litigation process, either through settlement, or if necessary, by proceeding to trial.

Defendant not only failed to provide any response to Plaintiff's discovery request until more than a month after service, Defendant himself failed to initiate discovery until December 3, 2007.[2] On that date, he served Plaintiff with a Notice of Independent Medical Examination (IME). On December 4, 2007, Defendant served her with his First Request for Production of Documents and Interrogatories. On December 5, 2007 Defendant filed his Motion for Enlargement of Time to Complete Discovery. Later the same day, he served Plaintiff with a Notice of Deposition, seeking to take her deposition on December 17, 2007.

Plaintiff responded to both the Defendant's Notice of IME and his Notice of Deposition the very same day she received each of them. Defendant nevertheless unaccountably stated in his Motion that, "Plaintiff has further failed to provide Defendant with any dates within the discovery period in which she is available for a deposition or an Independent Medical Examination as noticed by Defendant." Defendant's Motion, ¶ 4.

To date, the Defendant has provided no response, not even a partial response, to Plaintiff's Interrogatories and Request for Production of Documents, which were served on him

---

[2] While Defendant was not required to initiate discovery earlier, his serving Defendant with Interrogatories and a Request for Production of Documents just 14 days before the close of discovery is at odds with Fed. R.Civ.Pro. 34, which affords parties 30 days to respond to such requests.

4

more than 30 days ago. He informed Plaintiff in writing on December 12, 2007, that he would not be producing the requested deposition witnesses, which Plaintiff noticed on October 26, 2007, until the second week of January 2008, in part due to the upcoming holidays. Under these circumstances, fundamental fairness supports denial of Defendant's Motion.

### II. Defendant Has Had Ample Opportunity For Discovery

Plaintiff filed her Complaint in this matter more than a year ago, in July 2006. In the interest of focusing on possible settlement, she has previously joined with the Defendant to seek an extension of discovery, by Joint Motion filed May 16, 2007, and also filed a Consent Motion to extend or stay discovery for the same purpose, on August 9, 2007.

Moreover, Plaintiff's counsel normally consents to extensions of time sought or proposed by opposing counsel, and has done so on other occasions in this case. In this instance, however, the time for discovery has already been significantly extended, and the Defendant's stated reasons for seeking additional time at this late date are difficult to credit.

### III. Plaintiff, who has Severe Depression, would be Harmed by Unnecessary Delay

Plaintiff also opposes any further enlargement of the time for discovery in light of the fragile state of her health. As stated in her Complaint, Plaintiff suffers from a disabling illness, and she has reported to the undersigned counsel that she is looking forward to either reaching settlement or pressing on with her lawsuit. Accordingly, Plaintiff respectfully requests that any unnecessary delays not be tolerated by this Court.

**CONCLUSION**

For the reasons stated in this Memorandum, Plaintiff Marilyn Tolbert-Smith respectfully requests that the Court deny Defendant's Motion.

/s/
Cheryl Polydor, Esq.
D.C. Bar Id#: 454066
LAW FIRM OF JOHN BERRY, P.L.L.C.
1990 M. Street, N.W., Suite 610
Washington, D.C., 20036
Tel: (202) 955-1100
Fax: (202) 955-1101
<u>Attorney for Plaintiff</u>