UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 06cv1216 (RWR) |
| ) | |
| **SAMUEL BODMAN,** ) | |
| Secretary ) | |
| U.S. Department of Energy ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MOTION FOR ORDER OF MENTAL EXAMINATION**

Pursuant to Fed. R. Civ. P. 35(a), Defendant respectfully requests an Order for Plaintiff Marilyn Tolbert-Smith, to submit to a mental examination by a licensed psychiatrist to be designated by Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Civil Rule 35, when a party has placed his or her mental or physical condition in controversy, the Court may order the party to submit to a mental or physical examination by a suitably licensed examiner. Fed. R. Civ. P. 35(a). Under the Rule, the party seeking the examination need only demonstrate "good cause" and that the condition to be examined be "in controversy," in order to trigger the trial court's discretionary authority to order the examination. Id.

In the present matter, Plaintiff alleges that the Defendant discriminated against her as a result of her mental illness, Clinical Depression, in violation of the Rehabilitation Act. Amended Complaint at ¶¶ 30-32. Plaintiff alleges that her mental illness is a qualifying disability under the Rehabilitation Act, id. at 30, that she has a history of being disabled, id. at 34, and that she is able

to perform the essential functions of her job "with or without reasonable accommodation." Id. at 33. In support of her claim, Plaintiff has provided Defendant with select information from her prior treating psychiatrist indicating that Plaintiff's mental condition has been long-standing, and that acute episodes of exacerbation have long-preceded the alleged discriminatory action, and that her recent episodes of acute exacerbation were caused by the discriminatory treatment by Defendant. The information, however, is vastly incomplete and very selective. Additionally, the information from the treating psychiatrist indicates that his diagnosis differs from the diagnosis provided by Plaintiff in her Amended Complaint. Thus, the Defendant is entitled to conduct an examination into the Plaintiff's mental/medical condition to determine for itself the nature and extent of Plaintiff's claimed disability, the history of her condition and treatment, the cause of her condition, the ability of Plaintiff to perform the essential functions of her job, and the reasonable accommodation, if any, required.

Moreover, in actions alleging discrimination, compensatory awards are intended to compensate victims of intentional discrimination and/or retaliation, and to provide an effective deterrence to an employer who engages in such conduct. Nyman v. Chairman, FDIC, 967 F.Supp. 1562, 1572 n. 7 (D.D.C. 1997) (*citing* HR. 1, 102nd Cong. §2(b)(2)(1991)). However, "compensatory damages must be proven and cannot be presumed." Peyton v. DiMario, 287 F.3d 1121, 1126 (D.C. Cir. 2002) (*quoting* Carey v. Piphus, 435 U.S. 247, 263-64 (1978)); Nyman, 967 F.Supp. at 1571 (same). Thus, any award of compensatory damages must be "supported by evidence, and . . . not shock the conscience, or . . . not inordinately large so as to be obviously unreasonable." Id. at 1127. See also Gipson v. Wells Fargo Bank N.A., 460 F.Supp.2d 12, 12-13 (D.D.C. 2006) (evidence may be introduced to demonstrate what emotional and physical

injuries were caused by the employer's conduct, and which were not).  Once a plaintiff has introduced evidence of recoverable damages, the defendant remains free to challenge the amount of a damages award, or to establish an affirmative defense that a plaintiff failed to mitigate his damages.  Barbour v. Merrill, 48 F.3d 1270, 1279-80 (D.C. Cir. 1995), cert. dismissed, 516 U.S. 1155 (1996).  Failure of a defendant to present relevant evidence[1] to challenge a plaintiff's evidence of compensatory damages or a causal connection between the injuries alleged and the employer's actions will severely limit, or even bar, a defendant from challenging the amounts requested.  See, e.g., Nyman, 967 F.Supp. at 1572.

In the present matter, Plaintiff's Amended Complaint seeks compensatory damages, including for "severe emotional suffering and stress."  Amended Complaint at p. 16.  By making this allegation and requesting this relief, Plaintiff has put her mental condition squarely in controversy and has provided good cause for an examination to determine the existence and extent of such alleged damages.  Benham v. Rice, 238 F.R.D. 15 (D.D.C. 2006); Smith v. Koplan, 215 F.R.D. 11 (D.D.C. 2003).  Plaintiff's own testimony on this issue, however, is self-serving and unreliable, and her credibility is a major issue in this case.  Without the opportunity for an independent mental examination, Defendant will be unable to counter Plaintiff's opinions regarding her mental condition.

Furthermore, Plaintiff is expected to call both fact and expert witnesses to testify concerning the nature and extent of psychological harm allegedly caused by Defendant.  Plaintiff

---

[1] Under the Federal Rules of Evidence, all "relevant evidence," which is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence," is admissible.  Fed. R. Evid. 401 and 402.

alleges that the Defendant's treatment of her "injured and distressed Plaintiff, and caused her great stress and humiliation," id. at ¶ 49; "caused Plaintiff to experience a great state of stress and anxiety," id. at ¶ 59; that her illness was "exacerbated," id. at ¶ 60; and that her forced administrative leave for her illness was "unfounded." Id. at 64.  An independent mental examination should be permitted when the party to be examined contemplates use of experts and other witnesses to substantiate her claim of psychological harm at the hands of the other party. *See* Smith v. Koplan, *supra*, 215 F.R.D. at 13-14.

Defendant attempted to obtain Plaintiff's cooperation in obtaining an independent mental/medical examination by serving upon Plaintiff's counsel a Notice of Mental/Medical Examination, specifying a proposed date, time, place and examining psychiatrist.  However, Plaintiff refused the examination.

The examination requested is to be performed by a psychiatrist, Christiane Tellefsen, M.D., who is Board certified in psychiatry and forensic psychiatry.  Her curriculum vitae, attached here, demonstrates that she is well qualified to conduct the independent mental examination.  The manner of the examination will be an interview and psychological testing, and is expected to be completed in one day.  Dr. Tellefsen will prepare a report of her examination.

Wherefore, for all of the foregoing reasons, Defendant respectfully requests that the Court order Plaintiff Marilyn Tolbert-Smith to submit to a mental examination by Christiane Tellefsen, a licensed psychiatrist as set forth in the attached Notice of Examination.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843