UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith, <br> 12529 Covenant Way <br> Hagerstown, MD 21742 <br><br> Plaintiff, <br><br> v. <br><br> Samuel Bodman, <br> Secretary <br> U.S. Department of Energy <br> 1000 Independence Avenue, S.W. <br> Washington, D.C., 20585 <br><br> Defendant. | Civil Action No. 06cv1216 (RWR) <br> Judge Richard W. Reynolds |

### PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES, PRODUCTION OF DOCUMENTS & DEPOSITIONS

Comes Now, Plaintiff, through counsel, and moves that this Court issue an Order, pursuant to Rule 35 of the Federal Rules of Civil Procedure, compelling the Defendant to respond to her discovery requests of October 26, 2007, to pay Plaintiff's reasonable attorney fees incurred by reason of this Motion and to impose additional sanctions that may be deemed appropriate by this Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

On October 26, 2007, Plaintiff served on the Defendant, by fax and email, a Notice of Depositions, Interrogatories, and Request for Production (collectively, "discovery requests"). A copy of the Plaintiff's combined discovery requests is attached as Exhibit A.

The Defendant did not object to the Plaintiff's discovery requests, nor did he comply with its requirements. Nor has he done so to date.

1

The Defendant also failed to respond in any way to Plaintiff's numerous attempts, beginning on or about November 8, 2007, to contact him by email and telephone, until Defendant suggested by email on November 28, 2007, that the parties jointly file a Motion for Enlargement of Time for Discovery. A copy of Plaintiff's emails to the Defendant regarding her discovery requests and his responses are attached are attached as <u>Exhibit B</u>.

At a previously scheduled meeting on November 29, 2007 to discuss possible settlement, the Defendant again proposed a Joint Motion for Enlargement. Defendant stated that he had not previously responded to Plaintiff because he had been immersed in work on other cases. He also referenced the approaching holiday season. He did not, however, explain why his caseload had prevented him from providing *any response* to Plaintiff's repeated emails and telephone messages in the preceding month. He also failed to explain why the December holiday season had been a factor in his failure to respond to discovery requests filed in October.

Plaintiff informed Defendant the following day, in writing, that under the circumstances, she could not agree to the proposed Motion. Plaintiff was concerned that Defendant had, until that time, wholly ignored her discovery requests, which she had served over a month ago, on October 26, 2007. In addition, because Defendant had not yet initiated any discovery himself, Plaintiff was concerned that this was the true reason he was seeking additional time. Joining in the proposed Motion for Enlargement thus seemed to Plaintiff to represent acquiescence in Defendant's evident failure to cooperate in good faith in the discovery process. Finally, Plaintiff's health is frail and she is finding it increasingly important for her physical and mental well-being to seek a close to the litigation process, either through settlement, or if necessary, by proceeding to trial.

Defendant not only failed to provide any response to Plaintiff's discovery requests until more than a month after service, Defendant himself failed to initiate discovery until December 3, 2007.[1] Defendant was not required to initiate discovery earlier, but serving Plaintiff with Interrogatories and a Request for Production of Documents just 14 days before the close of discovery is at odds with Federal Rule of Civil Procedure 34, which affords parties 30 days to respond to such requests.

On December 5, 2007, two days after initiating discovery, Defendant filed a Motion to Enlarge the Time to Complete Discovery. Plaintiff timely filed her opposition to Defendant's Motion on December 17, 2007.

On December 10, 2007, Plaintiff sent the Defendant a two- page letter, by email and fax, expressing her concern that he had neither responded to her written discovery requests nor provided any possible dates for discovery. See Letter transmitted by email from Cheryl Polydor, Esq. to Darrell Valdez, USADC, on December 10, 2007 (included in Exhibit B).

In an email dated December 12, 2007, Defendant informed Plaintiff that December 17th was "the only date" that he had available for Plaintiff's deposition,[2] and that he would not be able to produce any of the witnesses whose depositions Plaintiff had noticed on October 26 until the second week of January 2008 "due to [his] trial schedule and the intervening and upcoming holiday schedules." See email from Darrell Valdez, USADC, to Cheryl Polydor, Esq., dated December 12, 2007 (included in Exhibit B).

---

[1] On that date, he served Plaintiff with a Notice of Independent Medical Examination (IME). On December 4, 2007, Defendant served Plaintiff with his First Request for Production of Documents and Interrogatories. On December 5, 2007 Defendant filed his Motion for Enlargement of Time to Complete Discovery. Later the same day, he served Plaintiff with a Notice of Deposition, seeking to take her deposition on December 17, 2007.

[2] Plaintiff previously had informed Defendant in writing on December 8, 2007 that she had just learned that she would be out of town for a hearing in another case on that day. She also offered December 18 as an alternate date.

Defendant followed up with an email on December 13, 2007, accusing Plaintiff of "steadfastly refusing to cooperate on completing her obligations under discovery." See email from Darrell Valdez, USADC, to Cheryl Polydor, Esq., dated December 13, 2007, at 2:53 pm, included in Exhibit B. This was, and is, demonstrably false.

In fact, Plaintiff responded to both the Defendant's Notice of IME and his Notice of Deposition the very same day she received each of them. Moreover, the 30-day period allotted for her to respond to the Defendant's Interrogatories and Request for Production, served on December 4, 2007, have not yet run. Finally, even if Plaintiff had failed to respond promptly to Defendant's discovery requests, surely Defendant is aware that one party's failure to comply with its obligations under discovery does not excuse the other party from compliance.

To date, the Defendant has provided *no response*, not even a partial response, or an objection, to Plaintiff's Interrogatories and Request for Production of Documents, which she served on November 26, 2007. He also has failed to date to produce any of the four management witnesses whose depositions Plaintiff noticed on October 26, 2007, and instead, informed Plaintiff just last week that he would not produce any of them until well after the close of the discovery.

The information and materials Plaintiff seeks in her Interrogatories and Request for Production are relevant, proper, required for the preparation of the Plaintiff's case and should be answered. They do not seek information that is subject to any privilege or work product protection. Likewise, the depositions of the four management witnesses Plaintiff seeks are calculated to lead to the discovery of admissible evidence, particularly since the deponents are the managers whom Plaintiff identified in her Complaint as responsible for the alleged discrimination and retaliation. Plaintiff is clearly entitled to depose them.

Moreover, as detailed above and documented with the attached correspondence, Plaintiff has in good faith attempted to confer with the Defendant in an effort to secure the requested discovery. The Defendant, however, has failed to answer or respond to Plaintiff within the time prescribed by this Court for discovery, and his failure is without substantial justification.

## **CONCLUSION**

For all of the reasons discussed in this Memorandum, Plaintiff Marilyn Tolbert-Smith respectfully requests that this Court issue an Order compelling Defendant to respond to her Interrogatories and Request for Production, and to produce the four witnesses identified in her Notice of Depositions, on or before January 9, 2007.[3] Additionally, Complainant requests that this Court excuse the Complainant from providing any further response to the Defendant's discovery requests of December 5 and December 7, 2007, or responding to any new discovery requests Defendant may submit in this matter. Finally, Complainant asks that the Court award Complainant reasonable attorney fees for the preparation of this Motion and if applicable, the presentation of oral argument on behalf of this Motion at the Post-Discovery Status Conference on December 19, 2007. Because the total fees thus cannot be determined at this time, Plaintiff respectfully seeks leave to petition the Court for a specific award of attorney fees at a later date to be determined.

Respectfully Submitted,

_____
Cheryl Polydor, Esq., D.C. Bar Id#: 454066
LAW FIRM OF JOHN BERRY, P.L.L.C.
1990 M. Street, N.W., Suite 610
Washington, D.C., 20036
Tel: (202) 955-1100 Fax: (202) 955-1101

---

[3] Plaintiff has requested this date as the cut-off date because it is the deadline prescribed by this Court for the parties to file dispositive motions. See Minute Order issued by Judge Richard Roberts on September 19, 2007.

5

<u>Attorney for Plaintiff</u>