UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

10/26

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>    Plaintiff,<br><br>v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>    Defendant. | Civil Action No. 06cv1216 (RWR)<br>Judge Richard W. Roberts |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS, AND NOTICE OF DEPOSITIONS TO DEFENDANT

COMES NOW the Plaintiff, by and through counsel, and propounds her First Set of Interrogatories, Requests for Production of Documents and Things and Notice of Depositions to Defendant, United States Department of Energy, pursuant to Rules 30, 33 and 34 of the Federal Rules of Civil Procedure and Local Rule 5.2. Plaintiff requests that the following Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Notice of Depositions be answered in writing and under oath pursuant to Rule 34 of the Federal Rules of Civil Procedure within thirty (30) days after service.

Immediately preceding your response to each of the following interrogatories and requests for documents and things please set forth the full text of the request or the question asked, followed by your response. Your response should include answers to the interrogatories in writing and under oath.

## DEFINITIONS AND INSTRUCTIONS

"Agency" means the United States Department of Energy and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any and all other persons or entities acting or purporting to act on behalf of the Defendant.

EXHIBIT A

"Complaint" references the matter at issue here, Case Number 06cv1216.

"Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes, telegrams, facsimiles, electronic mail messages or other forms of communication, including, but not limited to, oral, written and electronic communications.

"Defendant" "you," "your," or "yourself," means the United States Department of Energy and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any and all other persons or entities acting or purporting to act on behalf of the Defendant.

"Document" or "documents," as used herein, shall include but is not limited to any and all writings, communications, reports, canceled checks, notebooks, diaries, forms, publications, drafts, maps, drawings, photographs, diagrams, sketches, analyses, electromagnetic record, video or audio recordings and other electronic recordings, electronic mail and other electronic writings, and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e., typed in English prose. Document also includes both the original drafts and final documents. Documents also include private documents maintained by individuals associated with the case, which may differ from those in the possession of the Defendant.

In the event the Defendant has knowledge that any document was, but is no longer in the Defendant's control, or in existence, state whether it (a) is missing or lost, (b) has been destroyed, and (c) has been transferred voluntarily or involuntarily to others, or (d) has been otherwise disposed of, and in each instance state the date and explain the circumstances surrounding any authorization for such disposition.

"Identify" when referring to a person means to give the person's name, present home address, and home telephone number, and present job title, name of present employer, present business address, present business telephone number, and relationship, if any, to the Defendant.

"Identify" when referring to a document or thing means to give the title, name or caption of the document or thing, if any, the date of preparation of the document, the author(s), the recipient(s), a brief description of the contents, and a statement of the document's present location.

"Agency" or "Department" means the United States Department of Energy.

"Legacy Management" or "LM" means the United States Department of Energy Office of Legacy Management, and any and all its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any and all other

2

persons or entities acting or purporting to act on behalf of the Defendant's Office of Legacy Management.

"Person" means any natural person, together with all federal, state, county, municipal and other governmental units, agencies or public bodies, as well as firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

"Plaintiff" means Marilyn Tolbert-Smith, the named Plaintiff in this action before the United States District Court for The District of Columbia.

"Produce" and "provide" mean to provide either a legible true copy or the original of any document and/or communication.

"Relate to," "relating to," and "concerning" mean consisting of, referring to, pertaining to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly, or indirectly.

In answering these Interrogatories and Requests for Documents and Things, the Defendant is requested to furnish not only such information that is available to the Defendant, but also such information as is known to any of the Defendant's agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other person or entity acting or purporting to act on behalf of the Defendant.

If any document or communication is claimed to be privileged, the Defendant shall describe the document or communication to the fullest extent feasible, without divulging information that is asserted to be privileged, in order to permit the Plaintiff to identify the document or communication, and shall set forth completely the grounds for the asserted privilege, along with copies of the Privacy Act provisions or other written materials upon which such assertion is made.

These requests are deemed to be continuing so that the Defendant is under a duty to supplement the response hereto as to any additional documents which are required or as to which information is acquired between the time the response hereto is filed and trial of this case and which, had they been acquired or had such information been acquired before the response hereto, would have been required to be included or otherwise referred to in the response below.

If you are unable to produce a document or thing requested, state in writing why you cannot produce the document or the thing and, if your inability to produce the document or thing is because it is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please indicate whether the Defendant or anyone acting on behalf of the Defendant either intends to take a statement or has obtained a statement in any form from any person regarding any of the facts alleged in the complaint.

2. If the answer to Interrogatory 1 is in the affirmative, please state the name and address of each person to whom such statement was made, and if the statement is written, the name(s) and addressee(s) of the individual(s) presently having custody of such statements.

3. Please identify all persons, their employment status with the Defendant, current title, current address, and current phone number, who were witnesses in the Defendant's investigation of the Plaintiff's administrative EEO complaint.

4. Please state the names of all witnesses who will be called by the Defendant at the trial at the U.S. District Court for the District of Columbia, their addresses, and provide a detailed summary of the factual information they will provide.

5. Please identify and describe in detail all Agency policies, procedures, rules, regulations and general orders, in existence during the past five years, concerning reasonable accommodation.

6. Please identify and describe in detail all Agency policies, procedures, rules, regulations and general orders, in existence during the past five years, concerning workers' compensation.

7. Please identify and describe in detail all Agency policies, procedures, rules, regulations and general orders, in existence during the past five years, concerning informal disciplinary actions, including, but not limited to, the issuance of letters of warning, letters of admonishment, and oral and written counseling.

8. Please identify and describe in detail all Agency policies, procedures, rules, regulations and general orders, in existence during the past five years, concerning temporary details, reassignments or the opportunity to work from home.

9. Please list all LM employees' requests for temporary details, transfers, reassignments or the opportunity to work from home, presented during the past five years. For each such request, please identify the office in which the employee works; the first and second line supervisors for the employee; and the grounds for the request. Please also state whether or not LM granted the request, and if so, identify the specifics of such temporary details, transfers, reassignments or the opportunity to work from home, as provided. Please also state if any such requests were denied and if so, state the basis for the denial.

4

10. Please list all reasonable accommodation presented in the past five years. For each such request, please identify the office in which the employee works; the first and second line supervisors for the employee; and the grounds for the request. Please also state whether the LM provided each employee with reasonable accommodation and if so, identify the form of reasonable accommodation provided. Please also state if any requests for reasonable accommodation were denied and if so, state the basis for the denial.

11. Please list all LM employees' informal charges and complaints of Title VII and/or Rehabilitation Act discrimination received in the past five years. For each such complaint, please identify the office in which the employee works; the first and second line supervisors for the employee; and the nature of the discrimination alleged. Please also state the resolution of each such complaint.

12. Please list all LM employees' complaints of Privacy Act violations in the past five years. For each such complaint, please identify the office in which the employee works; the first and second line supervisors for the employee; and the nature of the Privacy Act violation alleged. Please also state the resolution of each such complaint.

13. Please list all LM employee reports of personal safety concerns at work presented to the LM in the past five years. For each such report, please identify the office in which the employee works; the first and second line supervisors for the employee; and the nature of the personal safety concern reported, including, if applicable, the identity of the individual(s) alleged to have caused the reporting employee's safety concerns. Please also state whether the employee's report was investigated in each instance and if so, identify the person or persons who conducted the investigation, and describe the outcome of the investigation. Please also state whether any LM employee, including the employee who filed the report, received any formal or informal discipline as a result of the investigation.

14. Please list all formal and informal disciplinary actions, including, but not limited to, letters of warning, letters of admonishment, and oral and written counseling issued by LM officials or employees in the past five years. In each instance, identify the manager who issued the disciplinary action; the basis for issuance of such disciplinary actions; and whether the employee receiving it was disabled.

15. Please identify all LM officials or employees who played any role in reviewing and/or refusing Plaintiff's request(s) for reassignment in 2004. Please also identify any LM officials or employees who had conversations or meetings and/or made recommendations, pro or con, concerning the Plaintiff's request(s) for reassignment. In responding to this Interrogatory, please include a detailed description of the specific role of each individual identified, and specify their title and whether the requesting employee was disabled.

16. Please identify all LM officials or employees who received, handled, or otherwise were involved in any way in Plaintiff's requests for reasonable accommodation in June and July of 2005, and December of 2005. Please identify all LM officials or employees who played any role in failing or refusing to provide reasonable accommodation to Plaintiff. Please also identify any LM officials or employees who had conversations or meetings and/or made recommendations, pro or con, concerning the Plaintiff's requests for reasonable accommodation. In responding to this Interrogatory, please include a detailed description of the specific role of each employee identified, and specify their title.

17. Please identify all LM officials or employees who played any role in the decision to place Plaintiff on forced administrative leave on September 7, 2005. Please identify any LM officials or employees who had conversations or meetings and/or made recommendations, pro or con, concerning placing Plaintiff on forced administrative leave. In responding to this Interrogatory, please include a detailed description of the specific role of each employee identified, and specify their title and whether they are disabled.

18. Please identify all LM officials or employees who played any role in placing information regarding the Plaintiff's illness and/or medical treatment and/or request for accommodation; Defendant's response to that request; and information regarding Plaintiff's FOIA request on two LM drives located on the Defendant's LAN server.

19. Please describe in step-by-step detail the conduct of the investigation into Plaintiff's report of her concern for her personal safety in reference to Terry Brennan. Please also state in detail the content of all conversations and meetings between LM supervisory employees, and between LM supervisory employees and other employees, including contract employees, concerning Plaintiff's report of her concern for her personal safety in reference to Terry Brennan.

20. Please identify all LM officials or employees who played any role in the decision to issue any disciplinary actions against Plaintiff. Please also identify any LM officials or employees who had conversations or meetings and/or made recommendations, pro or con, concerning any disciplinary actions issued against Plaintiff. In responding to this Interrogatory, please include a detailed description of the specific role of each employee identified, and specify their title and whether they are disabled. Please identify all LM officials or employees who played any role in the investigation, and/or the preparation of the report of investigation into Plaintiff's report of her concern for her personal safety in reference to Terry Brennan. In responding to this Interrogatory, please include a detailed description of the specific role of each official or employee identified, and specify their title and whether they are disabled.

21. Please explain in detail all of the reasons why LM refused Plaintiff's reasonable accommodation requests.

22. Please explain in detail all of the reasons why LM refused Plaintiff's requests for reassignment and a detail, prior to her being permitted to go on detail to the office where she presently works.

23. Please explain in detail all of the reasons for Terry Brennan's ratings of Plaintiff's work performance.

24. Please explain in detail all of the reasons why LM concluded that there was no basis for Plaintiff's report of her concern for her personal safety in reference to Terry Brennan.

25. Please identify any and all individuals or entities consulted, documents referred to, and/or individuals or entities that prepared, or were consulted during the preparation of, your answers to these Interrogatories.

## PLAINTIFF'S FIRST REQUESTS FOR DOCUMENTS AND THINGS

Requests: Please provide the following

1. A complete copy of the Plaintiff's Official Personnel Folder maintained by the Defendant, as well as any additional folders or files maintained by the Defendant in regards to the Plaintiff.

2. A complete copy of all LM policies, procedures, rules, regulations and general orders, in existence during the past five years, concerning (1) discrimination, including, but not limited to, disability discrimination, reasonable accommodation, harassment, retaliation for prior EEO activity, (2) Privacy Act, (3) employee reports of concern for personal safety at work, and (4) informal disciplinary actions, including, but not limited to, the issuance of letters of warning, letters of admonishment, and oral and written counseling.

3. A complete copy of all requests for reasonable accommodation presented to LM and all documents generated, maintained, or kept by any LM personnel, which relate to such requests.

4. A complete copy of all complaints of discrimination made against LM and all documents generated, maintained, or kept by any LM personnel, which relate to such complaints.

5. A complete copy of complaints of Privacy Act violation made against LM and all documents generated, maintained, or kept by any LM personnel, which relate to such complaints.

7

6. A complete copy of employee reports of personal safety concerns at work and all documents generated, maintained, or kept by any LM personnel, which relate to such reports.

7. A complete copy of all disciplinary actions or personnel actions, regardless of how small, issued to the Plaintiff while employed by the Defendant.

8. A complete copy of all disciplinary actions issued by Celinda Crawford or other LM officials, supervisors or employees in the past three years for conduct substantially similar to that for which Plaintiff was disciplined on November 11, 2006.

9. A complete copy of all documents generated or maintained by any LM personnel (including notes, personal diaries etc.) or kept by any supervisors, co-workers of Plaintiff, or any other LM employee, which relate to the to the letter of admonishment issued to the Plaintiff on November 11, 2006.

10. A complete copy of all LM records regarding Plaintiff's work performance up to the date of her transfer from LM.

11. A complete copy of all written statements related to any investigation of the Plaintiff conducted by the Defendant in the last five years.

12. A complete copy of all documents, not requested herein, that support any and all responses provided to Plaintiff's Interrogatories, including any and all documents referred to by the Defendant in responding to the Plaintiff's Interrogatories.

13. A complete copy of all written or oral statements made by the Defendant or anyone acting on behalf of the Defendant regarding any of the facts alleged the Plaintiff's complaint.

14. A complete copy of the Defendant's Report of Investigation involving Plaintiff's report of her concern for her personal safety in reference to Terry Brennan.

15. A complete copy of all charges, investigations and complaints of discrimination due to disability filed or initiated against LM, or LM employees, in the last 5 years, containing any allegations of disability-based discrimination or other misconduct allegedly motivated by disability attributed to: (a) any LM officials or employees who played a role in the decision to issue the letter of admonishment; and (b) any LM employees who made recommendations, pro or con, concerning the decision to issue the letter of admonishment.

## PLAINTIFF'S FIRST NOTICE OF DEPOSITIONS

1. Please take notice that, pursuant to Federal Rule of Civil Procedure 30, the undersigned attorneys for the Plaintiff will take the deposition, upon oral examination, of Terry Brennan, at a date and time to be decided by the parties at a later date, at the offices of JOHN BERRY, P.L.L.C., 1990 M Street, N.W., Suite 610, Washington, D.C. 20036.

2. Please take notice that, pursuant to Federal Rule of Civil Procedure 30, the undersigned attorneys for the Plaintiff will take the deposition, upon oral examination, of Celinda Crawford, at a date and time to be decided by the parties at a later date, at the offices of JOHN BERRY, P.L.L.C., 1990 M Street, N.W., Suite 610, Washington, D.C. 20036.

3. Please take notice that, pursuant to Federal Rule of Civil Procedure 30, the undersigned attorneys for the Plaintiff will take the deposition, upon oral examination, of David Geiser, at a date and time to be decided by the parties at a later date, at the offices of JOHN BERRY, P.L.L.C., 1990 M Street, N.W., Suite 610, Washington, D.C. 20036.

4. Please take notice that, pursuant to Federal Rule of Civil Procedure 30, the undersigned attorneys for the Plaintiff will take the deposition, upon oral examination, of Michael Owen, at a date and time to be decided by the parties at a later date, at the offices of JOHN BERRY, P.L.L.C., 1990 M Street, N.W., Suite 610, Washington, D.C. 20036.

Respectfully Submitted,

*/s/ Cheryl Polydor/*

Cheryl Polydor, Esq.
D.C. Bar Id#: 454066
LAW FIRM OF JOHN BERRY, P.L.L.C.
1990 M. Street, NW
Suite 610
Washington, DC 20036
Tel: (202) 955-1100
Fax: (202) 955-1101
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Things and Notice of Depositions has been sent via the following methods on this 26th day of October, 2007, to:

By Facsimile and Prepaid First Class U.S. Mail:

Darrell C. Valdez, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C., 20530
Tel: (202) 307-2843

_____
Cheryl Polydor, Esq.
D.C. Bar Id#: 454066
LAW FIRM OF JOHN BERRY, P.L.L.C.
1990 M. Street, N.W., Suite 610
Washington, D.C., 20036
Tel: (202) 955-1100
Fax: (202) 955-1101
Attorney for Plaintiff

\* \* \* Communication Result Report ( Oct. 26. 2007  5:28PM ) \* \* \*

1)
2)

Date/Time: Oct. 26. 2007  5:26PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 9119 | Memory TX | 2025148780 | P. 11 | OK | |

Reason for error
  E. 1) Hang up or line fail              E. 2) Busy
  E. 3) No answer                          E. 4) No facsimile connection
  E. 5) Exceeded max. E-mail size

---

THE LAW FIRM OF

# JOHN BERRY, P.L.L.C.

JOHN V. BERRY † ¶ ▲  
KIMBERLY H. BERRY † ¶  

CHERYL POLYDOR  
DANA K. SCALLETT ▲  
CRISTINA BELL WALLACE \* ♦  

ATTORNEYS AT LAW  
1990 M STREET, N.W., SUITE 610  
WASHINGTON, D.C. 20036  

(202) 955-1100  
FACSIMILE: (202) 955-1101  
WWW.WDRKLAWS.COM  

\* ALSO ADMITTED IN VA  
† ALSO ADMITTED IN MD  
‡ ALSO ADMITTED IN MA  
§ ALSO ADMITTED IN NJ  
¶ ALSO ADMITTED IN MI  
▲ ALSO ADMITTED IN NY  
♦ PRACTICING IN DC PENDING ADMISSION UNDER THE SUPERVISION OF JOHN V. BERRY, ESQ.

---

### FACSIMILE TRANSMITTAL SHEET

**TO:** Darrell C. Valdez, Esq.

**ORGANIZATION:** United States Attorney Office for the District of Columbia

**FAX NUMBER:** (202) 514-8780

**FROM:** Cheryl Polydor, Esq.

**DATE:** October 26, 2007

**SUBJECT:** *Tolbert-Smith v. Bodman*, No. 06cv1216

**CC:**

**PAGES:** 11 (including cover)

**MESSAGE:**
Darrell,
I am looking forward to exploring settlement in this case, as discussed. In the meantime, mindful of the approaching discovery deadline, I am attaching a discovery request, and invite you to call me with any questions.          Cheryl

CONFIDENTIALITY NOTE: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. If there is a problem with this transmittal, please call (202) 955-1100 as soon as possible. Thank you.



Darrell C. Valdez, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C., 20530

THE LAW FIRM OF
JOHN BERRY, P.L.L.C.
Attorneys At Law

1990 M Street, N.W. Suite 610
Washington, D.C. 20036