# Cheryl Polydor

**From:** Cheryl Polydor
**Sent:** Thursday, November 08, 2007 8:54 PM
**To:** 'Valdez, Darrell (USADC)'
**Subject:** DEPOSITIONS-TOLBERT-SMITH

Darrell,

I am optimistic regarding our upcoming settlement meeting, but at the same time am concerned about the upcoming close of discovery (December 19).

I am available at the following dates and times to take the depositions of the Agency witnesses noted in my discovery request (T. Brennan, C. Crawford, D. Geyser, M. Owen):

November 14 –all day (could do two this date)
November 15 – all day (could do two this date)
November 20 -  beg. 2:30 pm
November 21-   all day (could do two this date)

Please note that I do not have any preference regarding the order of the depositions. Please let me know your and the witnesses' preferences regarding the scheduling. Thank you.

Cheryl

Cheryl Polydor, Esq.
Attorney at Law
John Berry P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C 20036

Tel. (202) 955-1100

This communication may be privileged and confidential. If you receive this e-mail by mistake please delete it and kindly notify the sender.

6


EXHIBIT B

# Cheryl Polydor

**From:** Cheryl Polydor
**Sent:** Wednesday, November 14, 2007 9:59 AM
**To:** 'Valdez, Darrell (USADC)'
**Subject:** FW: DEPOSITIONS-TOLBERT-SMITH

Darrell,

I have not heard back from you regarding my proposed dates for the depositions of the Agency supervisory/management officials, and so am re-sending my earlier message. I could still do at least one of them tomorrow, 11/15, with enough notice today to line up a court reporter, and as you will see, the remaining dates I propose are 11/20 and 11/21 (please see details below). Please get back to me when you can, as the close of discovery is fast approaching.

Again, I remain optimistic about our meeting on 11/29 to discuss settlement.

Cheryl

Cheryl Polydor, Esq.
Law Firm of John Berry, PLLC
1990 M Street, Suite 610
Washington, DC 20910
(202) 955-1100

---

**From:** Cheryl Polydor
**Sent:** Thursday, November 08, 2007 8:54 PM
**To:** 'Valdez, Darrell (USADC)'
**Subject:** DEPOSITIONS-TOLBERT-SMITH

Darrell,

I am optimistic regarding our upcoming settlement meeting, but at the same time am concerned about the upcoming close of discovery (December 19).

I am available at the following dates and times to take the depositions of the Agency witnesses noted in my discovery request (T. Brennan, C. Crawford, D. Geyser, M. Owen):

November 14 – all day (could do two this date)
November 15 – all day (could do two this date)
November 20 - beg. 2:30 pm
November 21- all day (could do two this date)

Please note that I do not have any preference regarding the order of the depositions. Please let me know your and the witnesses' preferences regarding the scheduling. Thank you.

Cheryl

Cheryl Polydor, Esq.
Attorney at Law
John Berry P.L.L.C.
1990 M Street, N.W., Suite 610
Washington, D.C 20036

4

# Cheryl Polydor

| | |
|---|---|
| **From:** | Cheryl Polydor |
| **Sent:** | Wednesday, November 28, 2007 8:32 AM |
| **To:** | 'Valdez, Darrell (USADC)' |
| **Subject:** | FW: TOLBERT-SMITH - JOINT PRETRIAL STATEMENT |

Darrell,

I am looking forward to meeting with you and Jane Schlaiffer tomorrow morning to discuss possible settlement. I also am re-sending the attached message as a reminder regarding the requirement that we meet in order to prepare our Joint Pretrial Statement, which we must file with the court by next Friday, December 7.

Also, we need to schedule the management witness depositions I noticed with my discovery request last month. Please let me know how you would like to handle these matters; thanks.

Cheryl

---

**From:** Cheryl Polydor
**Sent:** Wednesday, November 14, 2007 11:15 AM
**To:** 'Valdez, Darrell (USADC)'
**Subject:** TOLBERT-SMITH - JOINT PRETRIAL STATEMENT

Darrell,

In reviewing the Tolbert-Smith case file, I note also that we are required to meet "three weeks in advance of the Pretrial Conference" on December 19, to prepare the Joint Pretrial Statement. By my calculation, we must meet no later than November 28, and then submit the Joint Statement by December 7.

We are already scheduled to meet on November 29 to discuss settlement. Are you available on the 28th or earlier to discuss the joint pretrial statement?

Thank you.

Cheryl


Cheryl Polydor, Esq.
John Berry, PLLC
1990 M Street, NW, Suite 610
Washington, DC 20036
(202) 955-1100

1

# Cheryl Polydor

**From:** Valdez, Darrell (USADC) [Darrell.Valdez@usdoj.gov]
**Sent:** Wednesday, November 28, 2007 10:15 AM
**To:** Cheryl Polydor
**Subject:** RE: TOLBERT-SMITH - JOINT PRETRIAL STATEMENT

I believe that 60 days would give us the time to complete the depositions, keeping in mind the intervening holiday schedule.

Darrell

---

**From:** Cheryl Polydor [mailto:cpolydor@worklaws.com]
**Sent:** Wednesday, November 28, 2007 9:53 AM
**To:** Valdez, Darrell (USADC)
**Subject:** RE: TOLBERT-SMITH - JOINT PRETRIAL STATEMENT

That sounds like a reasonable possibility. What kind of time do you think makes sense? I will then discuss with my client.

Cheryl

---

**From:** Valdez, Darrell (USADC) [mailto:Darrell.Valdez@usdoj.gov]
**Sent:** Wednesday, November 28, 2007 9:33 AM
**To:** Cheryl Polydor
**Subject:** RE: TOLBERT-SMITH - JOINT PRETRIAL STATEMENT

Because of the limited time left, I believe that we will need to enlarge the discovery period. Let me know your thoughts.

Darrell Valdez
Assistant U.S. Attorney
(202)307-2843

---

**From:** Cheryl Polydor [mailto:cpolydor@worklaws.com]
**Sent:** Wednesday, November 28, 2007 8:32 AM
**To:** Valdez, Darrell (USADC)
**Subject:** FW: TOLBERT-SMITH - JOINT PRETRIAL STATEMENT

Darrell,

I am looking forward to meeting with you and Jane Schlaiffer tomorrow morning to discuss possible settlement. I also am re-sending the attached message as a reminder regarding the requirement that we meet in order to prepare our Joint Pretrial Statement, which we must file with the court by next Friday, December 7.

Also, we need to schedule the management witness depositions I noticed with my discovery request last month. Please let me know how you would like to handle these matters; thanks.

Cheryl

---

**From:** Cheryl Polydor
**Sent:** Wednesday, November 14, 2007 11:15 AM
**To:** 'Valdez, Darrell (USADC)'
**Subject:** TOLBERT-SMITH - JOINT PRETRIAL STATEMENT

1

# Cheryl Polydor

**From:** Cheryl Polydor
**Sent:** Friday, November 30, 2007 3:40 PM
**To:** Valdez, Darrell (USADC)
**Subject:** TOLBERT-SMITH v. BODMAN

Darrell,

I am glad we had the opportunity to meet and advance the ball toward a possible settlement. I am hopeful that we will succeed together.

I have now spoken with my client again regarding your proposal that we seek an enlargement of the discovery period, but unfortunately, I will be unable to agree. As mentioned, Marilyn feels the need to get closure in this matter as soon as possible.

Please call me if you have any questions. Additionally, we will need to schedule the depositions promptly. We also need to prepare the Joint Pretrial Statement, which I believe must be filed by December 7.

Thank you.

Cheryl

## Cheryl Polydor

**From:** Cheryl Polydor
**Sent:** Monday, December 03, 2007 10:46 PM
**To:** Valdez, Darrell (USADC)
**Subject:** TOLBERT-SMITH

Darrell,

I received your request earlier today for the IME and the medical records release. Is it your position that the Agency is not required to file a motion under FRCP 35 for the IME? If so, please explain. Also, if it is your understanding that a Motion is not required, please provide me directly with the basis for the requested IME, so that I may assess whether there is "good cause" for the examination.

In addition, without waiving any potential objections to the IME, in the interest of cooperation, I want to let you know that it will not be possible for Ms. Tolbert-Smith to appear for the examination on December 11, or any day the week of December 10.

Finally, I am still awaiting possible dates for the depositions of the Agency management witnesses as noticed on October 29, 2007. Please contact me so that we can schedule the depositions between now and the close of discovery on December 18, 2007. Please note that with reference to Terry Brennan, we wish to conduct the deposition on person.

Thank you.

Cheryl


Cheryl Polydor, Esq.
John Berry, PLLC
(202) 955-1100

# Cheryl Polydor

**From:** Valdez, Darrell (USADC) [Darrell.Valdez@usdoj.gov]
**Sent:** Tuesday, December 04, 2007 9:29 AM
**To:** Cheryl Polydor
**Subject:** RE: TOLBERT-SMITH

The rule is that a party must serve a Notice first, and only if the other side does not consent, then the party must file a Motion. This is in line with the requirement that the parties attempt to resolve discovery matters before resorting to the court. If your client will not consent to an IME within the time remaining for discovery, then let me know immediately so that I may file the motion and have the matter resolved before the close of discovery.

I will get possible dates for you later today or early tomorrow. I will also need a date in which your client is available for a deposition. I would prefer that the date be after the IME.

Darrell Valdez
Assistant U.S. Attorney
(202)307-2843


**From:** Cheryl Polydor [mailto:cpolydor@worklaws.com]
**Sent:** Monday, December 03, 2007 10:46 PM
**To:** Valdez, Darrell (USADC)
**Subject:** TOLBERT-SMITH

Darrell,

I received your request earlier today for the IME and the medical records release. Is it your position that the Agency is not required to file a motion under FRCP 35 for the IME? If so, please explain. Also, if it is your understanding that a Motion is not required, please provide me directly with the basis for the requested IME, so that I may assess whether there is "good cause" for the examination.

In addition, without waiving any potential objections to the IME, in the interest of cooperation, I want to let you know that it will not be possible for Ms. Tolbert-Smith to appear for the examination on December 11, or any day the week of December 10.

Finally, I am still awaiting possible dates for the depositions of the Agency management witnesses as noticed on October 29, 2007. Please contact me so that we can schedule the depositions between now and the close of discovery on December 18, 2007. Please note that with reference to Terry Brennan, we wish to conduct the deposition on person.

Thank you.

Cheryl


Cheryl Polydor, Esq.
John Berry, PLLC
(202) 955-1100

1

# Cheryl Polydor

**From:** Cheryl Polydor
**Sent:** Wednesday, December 05, 2007 7:17 PM
**To:** Valdez, Darrell (USADC)
**Subject:** TOLBERT-SMITH v. BODMAN

Darrell,

I received your Motion today, as well as the notice for Marilyn's deposition, and the discovery request.

First, Ms. Tolbert-Smith is available on the 17th
However, I'm concerned about fitting in the depositions of the management witnesses, which I noticed on October 26, 2007.

As you know, we are now down to the wire. Given that you have not responded to my previously suggested dates, and that I will be out of town all next week, I would like to do the management depositions on Friday, December 7 and Monday, December 17, 2007.

Regarding the written discovery, can you please let me know when you propose to respond. As you know the Agency's deadline was 11/26/07.

At my client's direction, I will be filing an opposition to your Motion of today's date. Regarding the IME, I would appreciate your providing me with further information as to the purpose and scope.

Finally, my client remains interested in exploring settlement, but given the need to respond to your Motion, I will not be able to have the requested information this week as anticipated. I will provide it as soon as possible.

Please call me if you would like to discuss any of the above matters.

Cheryl

# Cheryl Polydor

**From:** Cheryl Polydor
**Sent:** Saturday, December 08, 2007 11:34 AM
**To:** Valdez, Darrell (USADC)
**Cc:** Cheryl Polydor
**Subject:** Tolbert-Smith – Conflict on December 17th

Darrell,

I learned late yesterday that I will have to be at a hearing out of town on December 17, as a case that appeared to be in settlement mode is now set for hearing. Please let me know what other dates you have available to take Marilyn's deposition. To be on the safe side (in case my hearing is two days), please omit both the 17th and 18th.

I am available most of next week, and Marilyn may be able to do it next week as well, as it turns out. Let's pin this down, as well as the times and dates for the management witness depositions.

Also, please advise me whether, and when, you will be responding to our written discovery request. The Agency's response, as you know, was due on November 26.

Currently, discovery closes on December 18. So, unless Judge Roberts grants your motion for enlargement of time, we need to take care of these matters as soon as possible.

Thank you.

Cheryl


Cheryl Polydor, Esq.
John Berry, PLLC
(202) 955-1100

# Cheryl Polydor

**From:** Cheryl Polydor
**Sent:** Monday, December 10, 2007 8:34 AM
**To:** Valdez, Darrell (USADC)
**Subject:** TOLBERT-SMITH - Deposition Update

Darrell,

Marilyn has informed me that she can be available for her deposition on December 18th (anytime). Will that work for you?

Also, will you be giving me dates and times for the management witness depositions, and for the Agency response to the written discovery, both noticed/ sent on October 26? If on the other hand, you intend to refuse, please just let me know.

I remain hopeful that we can work out these issues prior to the close of discovery, on December 18th.

Thanks.

Cheryl


Cheryl Polydor, Esq.
John Berry, PLLC
(202) 955-1100

## Cheryl Polydor

**From:** Cheryl Polydor
**Sent:** Monday, December 10, 2007 8:48 PM
**To:** Valdez, Darrell (USADC)
**Subject:** Discovery
**Attachments:** 20071210 chron LETTER TO D VALDEZ RE DISCOVERY.pdf

Darrell,

Please see the attached letter regarding discovery concerns.

Cheryl


Cheryl Polydor, Esq.
John Berry, PLLC
(202) 955-1100

# THE LAW FIRM OF
# JOHN BERRY, P.L.L.C.

JOHN V. BERRY † ¶ ⋏
KIMBERLY H. BERRY ‡ §

CHERYL POLYDOR
DANA K. SCALERE ⋏
CRISTINA BULL WALLACE * ♦
TRACIE M. DORFMAN * ♦

ATTORNEYS AT LAW
1990 M STREET, N.W., SUITE 610
WASHINGTON, D.C. 20036

(202) 955-1100
FACSIMILE: (202) 955-1101
WWW.WORKLAWS.COM

\* ALSO ADMITTED IN VA
† ALSO ADMITTED IN MD
‡ ALSO ADMITTED IN MA
§ ALSO ADMITTED IN ME
¶ ALSO ADMITTED IN MI
⋏ ALSO ADMITTED IN NY
♦ PRACTICING IN DC PENDING
ADMISSION UNDER THE SUPERVISION
OF JOHN V. BERRY, ESQ.

**VIA E-MAIL AND FAX**

December 10, 2007

Darrell Valdez, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530

Re: **Tolbert-Smith v. Bodman**
Civ. Action No. 06cv1216.

Dear Darrell:

As you know, unless Judge Roberts grants your Motion for Enlargement of Time, discovery in this case will close on December 18. At this point, I have contacted you in response to your discovery requests of December 5 and 7, but have received no reply to my discovery requests of October 26, 2007. Accordingly, I would like to summarize my understanding of where we stand. I am sure we are in agreement that it would be best that we work these matters out ourselves.

I want to first reiterate my earlier-provided responses to your discovery requests of December 3 (IME and Interrogatories/ Request for Production) and December 5 (Notice of Plaintiff's Deposition). First, as I previously informed you, I have an out-of-town hearing scheduled in another case on December 17, so that Ms. Tolbert-Smith and I will be unavailable for her deposition on that date. I have proposed December 18 (any time) as an alternate date, and have not yet received a reply from you. Please let me know as soon as possible if December 18 will work for you, or if you wish to propose another date or dates.

I also have let you know, in response to your IME request, that I am seeking more detailed information from you regarding the purpose and scope of the IME, but have not yet received a response. I will be providing the requested medical release, but have asked if it might be possible for you to narrow its terms. Accordingly, I would appreciate your getting back to me as soon as possible on these matters, as well.

Regarding your written discovery request, because the time for Ms. Tolbert-Smith to respond (30 days) falls outside of the discovery period, it is my understanding that she is not required to respond, unless Judge Roberts grants your Motion for Enlargement of Time. Please advise me if your understanding of the law is different on this point.

Finally, I must ask again that you provide me with possible dates and times for the depositions of the management witnesses specified in my October 26 Notice of Depositions. As you know, you have not provided any possible dates. Similarly, I have neither received the Agency's response to my written discovery of October 26, nor an estimated date by which the Agency will provide its response. Given the press of time, if I do not receive dates and times for the management witness depositions, and a date within the discovery period for the Agency's submission of its response to my written discovery, by close of business tomorrow, December 11, I see no alternative to my filing a Motion to Compel.

I remain hopeful that we can resolve these matters ourselves, but time clearly is running out. Please do not hesitate to contact me if you have any questions regarding this letter; I can be reached directly at: (202) 955-1100, extension 104.

Sincerely,

Cheryl Polydor, Esq.
LAW FIRM OF JOHN BERRY, P.L.L.C.

2

# Cheryl Polydor

**From:** Valdez, Darrell (USADC) [Darrell.Valdez@usdoj.gov]
**Sent:** Wednesday, December 12, 2007 7:33 PM
**To:** Cheryl Polydor
**Subject:** RE: Discovery

Cheryl;

I am writing in response to your attached letter.

I am unavailable to conduct your client's deposition on December 18, 2007. The 17th is the only date that I have available. If your client cannot appear on that date for a deposition, please let me know so that we may discuss your joining my motion for an enlargement of time.

With respect to the IME, the purpose and scope is self-evident. Your client claims to be suffering from a mental illness that qualifies as a disability under the Rehabilitation Act, and further alleges that her current problems are a result of her employment. In addition, your client is seeking compensatory damages in the form of compensation for mental anguish and distress. I am, therefore, entitled to delve into her medical condition, including all past medical/mental health treatment and hospitalization in order to determine the legitimacy of her claims, the extent of her mental illness, the basis of her damages request, and her qualification under the Rehabilitation Act.

Moreover, because the rules of discovery does not limit my requests to only those matters that one party wishes to provide, but rather extends my client's right to discovery into any area or matter that may lead to the discovery of admissible evidence. Accordingly, I will not limit the IME or the terms of my request for medical/mental health records.

As to your claim that you are not required to respond to my written discovery request, you are mistaken. The requests were served within the time limits of discovery. Accordingly, they are timely served and must be responded to.

Finally, due to my trial schedule and the intervening and upcoming holiday schedules, I am unable to obtain any witness for you to depose before December 18, 2007. It does appear, however, that the witnesses will be available beginning the second week of January, 2008.

I believe that we can still work out a mutually convenient time to complete both sides' discovery. Indeed, it is not productive to the resolution of our differences to threaten me with a motion to compel. Not only have you not satisfied the Rule's requirement that you make a good faith attempt to resolve the dispute, but I would be forced to do the same with respect to your client's failure to comply with discovery including her deposition, the IME, the medical records release, and the written discovery requests. Accordingly, we should talk and work things out.

Darrell Valdez
Assistant U.S. Attorney
(202)307-2843

---

**From:** Cheryl Polydor [mailto:cpolydor@worklaws.com]
**Sent:** Monday, December 10, 2007 8:48 PM
**To:** Valdez, Darrell (USADC)
**Subject:** Discovery

Darrell,

Please see the attached letter regarding discovery concerns.

1

# Cheryl Polydor

| | |
|---|---|
| **From:** | Valdez, Darrell (USADC) [Darrell.Valdez@usdoj.gov] |
| **Sent:** | Thursday, December 13, 2007 2:53 PM |
| **To:** | Cheryl Polydor |
| **Subject:** | RE: TOLBERT-SMITH V BODMAN - DISCOVERY |

In response to you below e-mail, I am cancelling the deposition on the 17th. I retain my right to file a motion to compel should the discovery period close on the 18th.

Because I noted the deposition well-over 10 days in advance, the time frame is reasonable. Moreover, I do not need to explain my calendar to you, nor how I can arrange other matters when it is your client that is steadfastly refusing to cooperate on completing her obligations under discovery. And I certainly do not have to have another attorney who knows nothing about this case conduct a deposition of the Plaintiff.

I must note that your notices of deposition do not contain a date certain for the witnesses', but rather specified for "at a date and time to be decided by the parties at a later date." Because it appears that the parties have not decided the date and time, we are not in violation of any discovery rules.

Regardless, I believe that we can work out our differences so long as we work together. This includes obtaining an enlargement, and then completing the discovery. Moreover, because the parties' discovery is already served on one-another, this can be accomplished relatively soon. If you do not agree with me as to how we can complete this, please let me know as soon as possible.

Darrell Valdez
Assistant U.S. Attorney
(202)307-2843

---

**From:** Cheryl Polydor [mailto:cpolydor@worklaws.com]
**Sent:** Thursday, December 13, 2007 12:29 PM
**To:** Valdez, Darrell (USADC)
**Subject:** TOLBERT-SMITH V BODMAN - DISCOVERY

Darrell,

First, I am sorry to hear that December 18 is the "only day" that you can take Marilyn's deposition, especially given that you only noticed it on December 5, and I previously offered you days this week as possibilities. At this point, Marilyn and I can still do it tomorrow or on the 18th. May I ask if, under the circumstances, it is impossible for you to rearrange your schedule, or to have a colleague in your office take her deposition?

I am sorry to hear that you cannot make any of the management witnesses available for depositions prior to the close of discovery, but given that I noticed all of them on October 26, I see no reason to agree to join your Motion for Enlargement of Discovery, and see no other way for us to work this problem out at this point - but please let me know if you see another alternative here.

I also am sorry to hear that you will not agree to limit *in any way* the requested medical release, but after consulting with my client, will be faxing it to you today. However, particularly given the extensive treatment records available to you by virtue of this release, the fact that FOH doctors have previously examined Marilyn, and your ability to depose and cross-examine Dr. Prescott, Marilyn's treating psychiatrist for the past several years, I believe that the IME as requested is overly broad and intrusive.

1

Finally, I simply do not understand what requires Marilyn to respond to your written discovery request in less than the 30 days specified under the Federal Rules. Or is it your position that she must respond in 30 days, after discovery has closed (absent your prevailing on your pending Motion)? I would appreciate your clarification on this point, and appropriate citations to case law or other authority.

As always, I am available at the number below to discuss these matters.

Cheryl


Cheryl Polydor, Esq.
John Berry, PLLC
(202) 955-1100

2

**Cheryl Polydor**

**From:** Cheryl Polydor
**Sent:** Thursday, December 13, 2007 12:29 PM
**To:** Valdez, Darrell (USADC)
**Subject:** TOLBERT-SMITH V BODMAN - DISCOVERY

Darrell,

First, I am sorry to hear that December 18 is the "only day" that you can take Marilyn's deposition, especially given that you only noticed it on December 5, and I previously offered you days this week as possibilities. At this point, Marilyn and I can still do it tomorrow or on the 18th. May I ask if, under the circumstances, it is impossible for you to rearrange your schedule, or to have a colleague in your office take her deposition?

I am sorry to hear that you cannot make any of the management witnesses available for depositions prior to the close of discovery, but given that I noticed all of them on October 26, I see no reason to agree to join your Motion for Enlargement of Discovery, and see no other way for us to work this problem out at this point - but please let me know if you see another alternative here.

I also am sorry to hear that you will not agree to limit *in any way* the requested medical release, but after consulting with my client, will be faxing it to you today. However, particularly given the extensive treatment records available to you by virtue of this release, the fact that FOH doctors have previously examined Marilyn, and your ability to depose and cross-examine Dr. Prescott, Marilyn's treating psychiatrist for the past several years, I believe that the IME as requested is overly broad and intrusive.

Finally, I simply do not understand what requires Marilyn to respond to your written discovery request in less than the 30 days specified under the Federal Rules. Or is it your position that she must respond in 30 days, after discovery has closed (absent your prevailing on your pending Motion)? I would appreciate your clarification on this point, and appropriate citations to case law or other authority.

As always, I am available at the number below to discuss these matters.

Cheryl


Cheryl Polydor, Esq.
John Berry, PLLC
(202) 955-1100