## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>      Plaintiff,<br><br>      v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 06cv1216 (RWR)
Judge Richard W. Roberts

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
### CONCERNING MENTAL EXAMINATION TO BE CONDUCTED BY DEFENDANT

Comes Now, Plaintiff, through counsel, pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, and respectfully requests that this Honorable Court issue an Order setting the following terms for the Medical/Mental Examination to be conducted for the Defendant by Dr. Christiane Tellefsen, M.D., at a day and time to be agreed by the parties. As discussed in the accompanying Memorandum, good cause exists for the requested Order. Plaintiff also notes that she has attempted to contact Defendant's counsel to seek his consent, but has not received a response at this time. A proposed Order is attached to this Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

On December 3, 2007, Defendant served on Plaintiff's counsel a Notice of Medical and Mental Examination. Plaintiff's counsel responded with questions concerning the purpose and scope of the examination, and on December 18, 2007, Defendant filed a Motion for Order of

1

Mental Examination. At the status conference before this Court on December 19, 2007, the Honorable Richard W. Roberts ordered Plaintiff to submit to the examination sought by Defendant.

Plaintiff respectfully requests that this Honorable Court exercise its discretion under Fed. R. Civ. Pro. 26 (c) to issue an Order setting forth terms of the examination in order to ensure that she is protected against embarrassment, oppression or undue burden. The terms Plaintiff seeks in connection with her examination are specifically designed

(1)     to protect from public disclosure any and all of her personal medical information that may be reviewed and obtained by Defendant,

(2)     to bar Defendant from obtaining any and all notes taken during Plaintiff's treatment sessions by Dr. William Prescott or other psychiatrist, therapist, or counselor, which would disclose the discussions between Plaintiff and  the treating psychiatrist, therapist or counselor; and

(3)     to place reasonable limits on the scope and duration of the medical examination, so that Plaintiff's mental and emotional well being is appropriately safeguarded, while permitting Defendant to seek information relevant to his defense to this action.

Federal Civil Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly." See In Re: Sealed Case (Medical Records), 381 F.3d 1205, 1215 (D.C. 2004), citing Crawford-El v. Britton, 523 U.S. 574, 598 (1998). With regard to the request for confidentiality, it is well settled that an individual has a strong privacy interest in his or her personal medical records and information. See generally In Re: Sealed Case (Medical Records), supra;  Sousa v. United States Dept. of Justice, No. 95-375, 1997 U.S. Dist. LEXIS 9010 (D.D.C. June 18, 1997).

2

Moreover, "legitimate interests in privacy are among the proper subjects of" protection under Rule 26 (c). See In Re: Sealed Case (Medical Records), 381 F.3d at 1215, citing Pearson v. Miller, 211 F.3d 57, 72 (3d Cir. 2000).

Accordingly, Plaintiff seeks an Order providing that any medical records and information obtained by Defendant, pursuant to the "Authorization to Release Mental Health Information" signed by the Plaintiff in response to Defendant's request (served on Plaintiff simultaneously with the Notice of Medical and Mental Examination), will be protected from disclosure to the public. In addition, Plaintiff requests that any new medical records and information obtained by Defendant in this litigation also be protected from public disclosure.

Plaintiff also requests that the "Authorization to Release Mental Health Information" she signed be limited by Order of this Court to exclude the release to Defendant of any and all  any and all notes taken during Plaintiff's treatment sessions by Dr. William Prescott, MD, or other psychiatrist, therapist, or counselor, which would disclose the discussions between Plaintiff and the treating psychiatrist, therapist or counselor. See Jaffe v. Redmond, 518 U.S. 1 (1996) (providing broad protection from compelled disclosure for communications between psychotherapists and patients made during treatment sessions).

The additional terms sought by Plaintiff in connection with the Medical/ Mental Examination are based on her concerns that the examination otherwise may be unduly painful, burdensome or oppressive. These concerns are based on her disabling illness as described in her Amended Complaint, see Amended Complaint at ¶¶ 30-32, and are shared by her treating psychiatrist, Dr. William Prescott, MD. In addition, Defendant stated in his Motion for Medical Examination that Plaintiff's "credibility is a major issue in this case." See Defendant's Motion, at 3.

Defendant offers no support for his claim, and this personal attack on Plaintiff's character is unwarranted and provocative. Plaintiff fears that this characterization will color the Medical/ Mental Examination, and accordingly requests that her treating psychiatrist, Dr. William Prescott, be permitted to accompany her at the examination, and that other reasonable limits in the duration and manner of the examination be put in place by this Court.

Thus, for the reasons stated above, Plaintiff seeks the following terms in connection with the Independent Medical Examination to be conducted by the Defendant:

1. Plaintiff Marilyn Tolbert-Smith will be accompanied at the examination by her treating psychiatrist, Dr. William Prescott, MD.

2. Only the Plaintiff, Dr. Christiane Tellefsen and members of her staff, and Dr. William Prescott shall be present during the examination.

3. The examination will be limited to the following subjects, as enumerated in Defendant's Motion for Order of Medical Examination: the Plaintiff's medical/ mental condition, to the extent necessary to assess the nature and extent of Plaintiff's disabling condition, as described in her Amended Complaint; the history of Plaintiff's condition and treatment; the cause of her condition; the ability of Plaintiff to perform the essential functions of her job; and the need for reasonable accommodation, as asserted by Plaintiff.

4. Also as stated in Defendant's Motion for Order of Mental Examination, the examination will consist of an interview and psychological testing.

5. The total time for the interview and testing shall not exceed two hours.

6. Plaintiff shall not sign any paperwork or fill out any forms. Plaintiff shall not fill out any "patient information" or patient consent forms.

4

7. Defendant shall promptly provide Plaintiff with a copy of all reports and writings generated by Dr. Tellefsen and/or her staff in this matter, including but not limited to a copy of a detailed written report, setting forth history, examination, findings, the results of all tests conducted, and all diagnoses, prognoses and conclusions of the examiner (s); and all records reviewed by the examiner(s).

8. All reports, writings or other records of the examination shall be protected from public disclosure.

9. All reports, writings or other records obtained pursuant to the "Authorization to Release Mental Health Information" signed by Plaintiff, or otherwise obtained by Defendant, shall be protected from public disclosure.

10. The "Authorization to Release Mental Health Information" signed be Plaintiff shall exclude any and all any and all notes taken during Plaintiff's treatment sessions by Dr. William Prescott, MD, or other psychiatrist, therapist, or counselor, which would disclose the discussions between Plaintiff and  the treating psychiatrist, therapist or counselor.

5

## CONCLUSION

For good cause, as demonstrated in this Memorandum, Plaintiff Marilyn Tolbert-Smith respectfully requests that this Honorable Court exercise its discretion under Fed. R. Civ. P. 26 (c) to issue a Protective Order addressing the Independent Medical/ Mental Examination to be conducted by the Defendant.

Respectfully Submitted,


__/s/_____
Cheryl Polydor, Esq.,
D.C. Bar Id#: 454066
LAW FIRM OF JOHN BERRY, P.L.L.C.
1990 M. Street, N.W., Suite 610
Washington, D.C., 20036
Tel: (202) 955-1100 Fax: (202) 955-1101
Attorney for Plaintiff

6