UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 06cv1216 (RWR) |
| | ) |
| **SAMUEL BODMAN,** | ) |
| Secretary | ) |
| U.S. Department of Energy | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
CONCERNING MENTAL EXAMINATION**

Pursuant to Federal Civil Rule 35, when a party has placed his or her mental or physical condition in controversy, the Court may order the party to submit to a mental or physical examination by a suitably licensed examiner. Fed. R. Civ. P. 35(a). Under the Rule, the party seeking the examination need only demonstrate "good cause" and that the condition to be examined be "in controversy," in order to trigger the trial court's discretionary authority to order the examination. Id.

In the present matter, Plaintiff alleges that the Defendant discriminated against her as a result of her mental illness, Clinical Depression, in violation of the Rehabilitation Act. Amended Complaint at ¶¶ 30-32. Plaintiff alleges that her mental illness is a qualifying disability under the Rehabilitation Act, id. at 30, that she has a history of being disabled, id. at 34, and that she is able to perform the essential functions of her job "with or without reasonable accommodation." Id. at 33. In support of her claim, Plaintiff has provided Defendant with select information from her prior treating psychiatrist indicating that Plaintiff's mental condition has been long-standing, and that acute episodes of exacerbation have long-preceded the alleged discriminatory action, and

that her recent episodes of acute exacerbation were caused by the discriminatory treatment by Defendant.  See generally Amended Complaint.  The information, however, is vastly incomplete and very selective.  Additionally, the information from the treating psychiatrist indicates that his diagnosis differs from the diagnosis provided by Plaintiff in her Amended Complaint.  Thus, the Defendant is entitled to conduct an examination into the Plaintiff's mental/medical condition to determine for itself the nature and extent of Plaintiff's claimed disability, the history of her condition and treatment, the cause of her condition, the ability of Plaintiff to perform the essential functions of her job, and the reasonable accommodation, if any, required.

Moreover, in actions alleging discrimination, compensatory awards are intended to compensate victims of intentional discrimination and/or retaliation, and to provide an effective deterrence to an employer who engages in such conduct.  Nyman v. Chairman, FDIC, 967 F.Supp. 1562, 1572 n. 7 (D.D.C. 1997) (*citing* HR. 1, 102nd Cong. §2(b)(2)(1991)).  However, "compensatory damages must be proven and cannot be presumed." Peyton v. DiMario, 287 F.3d 1121, 1126 (D.C. Cir. 2002) (*quoting* Carey v. Piphus, 435 U.S. 247, 263-64 (1978)); Nyman, 967 F.Supp. at 1571 (same).  Thus, any award of compensatory damages must be "supported by evidence, and . . . not shock the conscience, or . . . not inordinately large so as to be obviously unreasonable." Id. at 1127.  See also Gipson v. Wells Fargo Bank N.A., 460 F.Supp.2d 12, 12-13 (D.D.C. 2006) (evidence may be introduced to demonstrate what emotional and physical injuries were caused by the employer's conduct, and which were not).  Once a plaintiff has introduced evidence of recoverable damages, the defendant remains free to challenge the amount of a damages award, or to establish an affirmative defense that a plaintiff failed to mitigate her damages.  Barbour v. Merrill, 48 F.3d 1270, 1279-80 (D.C. Cir. 1995), cert. dismissed, 516 U.S.

1155 (1996).  Failure of a defendant to present relevant evidence[1] to challenge a plaintiff's evidence of compensatory damages or a causal connection between the injuries alleged and the employer's actions will severely limit, or even bar, a defendant from challenging the amounts requested.  See, e.g., Nyman, 967 F.Supp. at 1572.

Here, Plaintiff's Amended Complaint seeks compensatory damages, including for "severe emotional suffering and stress."  Amended Complaint at p. 19.  By making this allegation and requesting this relief, Plaintiff has put her mental condition squarely in controversy and has provided good cause for an examination to determine the existence and extent of such alleged damages.  Benham v. Rice, 238 F.R.D. 15 (D.D.C. 2006); Smith v. Koplan, 215 F.R.D. 11 (D.D.C. 2003).  Plaintiff's own testimony on this issue, however, is self-serving and unreliable, and her credibility is a major issue in this case.  Without the opportunity for an independent mental examination, Defendant will be unable to counter Plaintiff's opinions regarding her mental condition.

Furthermore, Plaintiff is expected to call both fact and expert witnesses to testify concerning the nature and extent of psychological harm allegedly caused by Defendant.  Plaintiff alleges that the Defendant's treatment of her "injured and distressed Plaintiff, and caused her great stress and humiliation," id. at ¶ 49; "caused Plaintiff to experience a great state of stress and anxiety," id. at ¶ 59; that her illness was "exacerbated," id. at ¶ 60; and that her forced administrative leave for her illness was "unfounded."  Id. at 64.  An independent mental

---

[1] Under the Federal Rules of Evidence, all "relevant evidence," which is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence," is admissible.  Fed. R. Evid. 401 and 402.

examination should be permitted when the party to be examined contemplates use of experts and other witnesses to substantiate her claim of psychological harm at the hands of the other party. See Smith v. Koplan, *supra*, 215 F.R.D. at 13-14.

Defendant attempted to obtain Plaintiff's cooperation in obtaining an independent mental/medical examination by serving upon Plaintiff's counsel a Notice of Mental/Medical Examination, specifying a proposed date, time, place and examining psychiatrist. However, Plaintiff refused the examination.

The examination requested is to be performed by a psychiatrist, Christiane Tellefsen, M.D., who is Board certified in psychiatry and forensic psychiatry. Her curriculum vitae, attached here, demonstrates that she is well qualified to conduct the independent mental examination. The manner of the examination will be an interview and psychological testing, and is expected to be completed in one day. Dr. Tellefsen will prepare a report of her examination.

I. **DEFENDANT HAS PROPOSED A SUITABLY LICENSED EXAMINER AND AN APPROPRIATE PLACE, MANNER AND SCOPE OF THE EXAMINATION.**

Plaintiff's mental examination will be conducted by the designated physician, Christiane Tellefsen, M.D. at her office located at 237 Village Square, Village of Cross Keys, Baltimore, Maryland on the date and time specified in the Notice. The examination will be confined to such scope as, in the opinion of Dr. Tellefsen may be necessary or desirable to effect a complete examination of Plaintiff with reference to her claim that she suffers from a mental illness, as well as her claim of severe emotional distress. Dr. Tellefsen possesses a current license in the State of Maryland. See Attachment to Motion for Medical/Mental Examination (Dr. Tellefsen's curriculum vitae).

In her Motion, Plaintiff seeks to limit the scope and duration of the medical examination to be performed. To impose such limits, as well as to restrict the testing to be conducted, would unduly interfere with the physician's judgment as to the appropriate approach to take. Indeed, any time limits would deny Dr. Tellefsen the ability to perform any follow-up or other testing that she may feel necessary based upon Plaintiff's presentation. See Roberson v. Bair, 242 F.R.D. 130, 137-138 (D.D.C. 2007) ("I cannot fairly deprive defendant of the opportunity to examine plaintiff's claims of emotional distress from a scientific vantage point. In other words, defendant has the right to challenge plaintiff's claim that she was harmed and that defendant was the source of that harm. To preclude defendant from being able to mount its defense in this manner would be to allow plaintiff to unilaterally determine which evidence will and which evidence will not be admissible").

In reality, Plaintiff seeks to deprive Dr. Tellefsen of the ability to determine what exactly is needed to make a proper evaluation. Plaintiff's attempt to limit the doctor's ability to conduct a thorough and in-depth examination serves no real purpose, except as a ploy to deprive Defendant of necessary and relevant information needed for the defense, and further serves to create cross-examination issues as to the time spent by the doctor to make a complete and accurate assessment. In light of the fact that Plaintiff has had unlimited and unrestricted access to her own physician, it would be unfair to so limit the Defendant.

As noted above, Plaintiff has not questioned Dr. Tellefsen's qualifications, or can she. Dr. Tellefsen is Board Certified (with Added Qualifications) in the field of forensic psychiatry, and specializes in mental health issues in the workplace. See Dr. Tellefsen's curriculum vitae. See Lerer v. Ferno-Washington, Inc., No. 06-81031, 2007 WL 3513189 at 1 (S.D. Fla. 2007)

("Courts . . . have found that Rule 35 and the adversary process provide other safeguards for plaintiffs who submit to Rule 35 examinations. Plaintiffs receive a Rule 35 examination report and then have the opportunity to depose the physician, cross-examine him or her, and introduce contrary expert evidence. Additionally, should the physicians improperly inquire, Plaintiffs will have the opportunity to seek to exclude such questioning from trial") (citations omitted). Accordingly, based on the nature of the issues in this case, Plaintiff cannot demonstrate any reason for limiting the Defendant's access to notes reflecting Plaintiff's conversations with her treating psychiatrists, nor has she demonstrated good cause for limiting the examination by Dr. Tellefsen.

## II.   PLAINTIFF HAS FAILED TO PROVIDE A PROPER REASON TO LIMIT THE INFORMATION TO BE OBTAINED FROM HER TREATING PSYCHIATRIST.

Under the Federal Rules, parties may obtain discovery on any matter that is relevant and not privileged. Fed. R. Civ. P. 26(b) (1). Moreover, it is settled that discovery rules "are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

With respect to the discovery of psychiatric notes or other similar psychotherapist-patient privileged matter, the Supreme Court in Jaffee v. Redmond, 518 U.S. 1, 15 (1996), recognized the existence of a psychotherapist-patient privilege that could protect confidential communications between a licensed psychotherapist and his or her patients from compelled disclosure under Rule 501 of the Federal Rules of Evidence. Jaffe, 518 U.S. at 15. The Court extended this privilege to "communications made to licensed social workers in the course of psychotherapy." Id. The Court, however, declined to delineate the contours of the privilege, id. at 18, and recognized that it could be waived. Id. at 15, n. 14. The Court provided no guidance

as to the circumstances under which a waiver could be found.  See Jaffe generally.

Recently, the Circuit Court for the District of Columbia, citing Jaffe, set forth circumstances when a party is deemed to have waived the privilege, including when, as here, the party makes a "claim for recovery based upon injury to his mental or emotional state [and] puts that state in issue, . . . he does the sort of thing that would waive the [ ] privilege, such as basing his claim upon the psychotherapist's communications with him, or . . . he selectively disclos[es] part of a privileged communication in order to gain an advantage in litigation."  Koch v. Cox, 489 F.3d 384, 390 (D.C. Cir. 2007) (citations and inner quotations omitted).  See also Doe v. Dairy, 456 F.3d 704, 718 (7th Cir. 2006) ("[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state at issue, the defendant is entitled to discover any records of that state"); Maynard v. City of San Jose, 37 F.3d 1396 (9th Cir. 1994) (plaintiff "waived any privilege protecting his psychological records when he put his emotional condition at issue during trial"); Dixon v. City of Lawton, 898 F.2d 1443, 1450-51 (10th Cir. 1990) (psychotherapist-patient privilege waived if the plaintiff claimed emotional distress damages); Sidor v. Reno, 1998 WL 164823, *2 (S.D.N.Y. April 7, 1998) ("Defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related").

Nor can a party avoid waiving the privilege by selectively choosing portions of the privileged communication for citation.  The "prohibition against selective disclosure of confidential materials derives from the appropriate concern that parties do not employ privileges both as a sword and as a shield."  S.E.C. v. Lavin, 111 F.3d 921, 933 (D.C.Cir.1997).

Plaintiff alleges that she suffers from severe depression, and that as a result, she is

disabled under the Rehabilitation Act.  Plaintiff further alleges that, as a result of the alleged discrimination, her mental illness has been exacerbated, and that she has suffered "severe emotional distress" for which she demands compensatory damages.  To support her allegations and claim, Plaintiff cites to portions of her treating psychiatrist's notes and evaluations, including his diagnosis, treatment history, and recommendations.  Nevertheless, Plaintiff now seeks to prevent Defendant from going behind this information in order to prepare its defense to Plaintiff's Complaint.  Plaintiff cannot play with the discovery rules in such a manner as to limit her waiver or the Defendant's access to relevant and discoverable material.  Accordingly, the Court should deny her motion for protective order.

## CONCLUSION

Wherefore, for all of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff Marilyn Tolbert-Smith's Motion for a Protective Order, and order that she submit to the mental examination by Christiane Tellefsen, a licensed psychiatrist as set forth in the attached Notice of Examination, and further order Plaintiff to provide all notes and other documents disclosing conversations with her treating psychiatrist or psychiatric treatment team.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843