UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>   Plaintiff,<br><br>v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>   Defendant. | Civil Action No. 06cv1216 (RWR)<br>Judge Richard W. Roberts |

**PLAINTIFF'S MOTION TO QUASH DEFENDANT'S THIRD PARTY SUBPOENAS FOR PRODUCTION OF MEDICAL RECORDS**

Comes now Plaintiff, Marilyn Tolbert-Smith, through counsel, and moves to quash the subpoenas issued to Dr. William Prescott, M.D. and Dr. Sanita Dugall, M.D. (and any other third parties) by the Defendant, on or about February 1, 2008, which requested the production, on or before February 8, 2008, of "any and all records regarding treatment of Marilyn Tolbert-Smith," including "billing records." As detailed in the accompanying Memorandum of Points and Authorities, this Court should quash the subpoenas because Defendant's request was made almost two months following the discovery cut-off date imposed on him by the Court at the Post-Discovery Status Conference on December 19, 2008; the Defendant failed to provide Plaintiff with prior notice of the subpoenas; the subpoena fails to allow reasonable time for compliance and `is unduly burdensome; and the signed medical release authorization accompanying the

subpoenas evidently fails to satisfy the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Public Law 104-191 (1996).

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH

As a threshold matter, Plaintiff notes that she has standing to file this Motion to Quash the subpoenas issued by Defendant to Dr. William Prescott, M.D. and Dr. Sanita Dugall, M.D., and any other physicians and health care providers, as the subpoenas request copies of Plaintiff's personal medical records. Accordingly, she unquestionably "has a personal right or privilege with respect to the subject matter requested in the subpoena." See, e.g. Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995). For the reasons detailed below, the Plaintiff respectfully asks that this Court quash the subpoenas, and award reasonable costs and attorney fees wrongfully sustained by the Plaintiff as a result of Defendant's clearly untimely and improper issuance of the subpoenas.

In a face-to-face discussion on February 6, 2008, Plaintiff's counsel discussed with Defendant's counsel her intent to file this Motion to Quash.

### I.    BACKGROUND:

On or about February 1, 2008, counsel for the Plaintiff was notified by Plaintiff's physician, Dr. William Prescott, M.D., that he had received a subpoena from the U.S. Attorney's Office requesting "any and all records regarding treatment of Marilyn Tolbert-Smith." Defendant had not provided prior notice of the subpoena to Plaintiff, as required under Rule 45(b) (1), and accordingly, Plaintiff's counsel asked Dr. Presoctt to send her a copy of the subpoena.

After reviewing the copy of the subpoena provided by Dr. Prescott, and consulting with her client, Plaintiff's counsel informed Dr. Prescott that she intended to file a Motion to Quash

2

the Subpoena on her client's behalf. At the same time, she recommended that Dr. Prescott consult with his own attorney if he wished to obtain legal advice regarding his response to the subpoena.

On or about February 2, 2008, counsel for the Plaintiff received a telephone message from another doctor, Dr. Sanita Dugall, M.D., who stated that she, too, had received a subpoena from the U.S. Attorney's Office requesting "any and all medical records regarding treatment of Marilyn Tolbert-Smith." Plaintiff's counsel subsequently reached Dr. Dugall, and had a similar discussion with her.

As noted, Plaintiff's counsel then discussed the subpoenas with Defendant's counsel on February 6, 2008, and determined to file this Motion.

## II.  ARGUMENT:

As detailed below, Defendant's subpoenas are untimely, pursuant to this Court's ruling of December 19, 2007, and also fail to comply with Rule 45 of the Federal Rules of Civil Procedure. In addition, the signed release accompanying the subpoenas evidently fails to satisfy the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Public Law 104-191 (1996). Accordingly, Plaintiff respectfully requests that this Court quash the subpoenas, and award her reasonable costs and attorney fees.

### A. Defendant Issued the Subpoena on or about February 1, 2008, in Violation of the December 19, 2007 Discovery Cut-Off Date Imposed by This Court

On December 18, 2007, Plaintiff filed a Motion to Compel Discovery, based on Defendant's failure to provide any response to her timely discovery request, served on Defendant on October 29, 2007. At the Post-Discovery Status Conference held on December 19, 2007, this Court granted Plaintiff's Motion to Compel in part, and also granted in part, and denied in part, Defendant's Motion to Enlarge Time for Discovery.

3

The Court ruled at the Post-Discovery Status Conference to extend the discovery period until February 1, 2008 (the discovery period otherwise would have closed on December 18, 2007). At the same time, given Defendant's failure to respond to Plaintiff's timely discovery request, the Court ruled that *Defendant* would not be permitted to propound any additional discovery.

Defendant already had initiated some discovery, but had not requested any of Plaintiff's personal medical records. Defendant had, however, already sought and obtained a very broadly worded, signed release from Plaintiff regarding access to her medical records. Plaintiff provided the requested release to Defendant on December 10, 2007. Additionally, Plaintiff notes that she has undergone the independent medical examination ("IME") which Defendant noticed on or about December 4, 2007.

Nonetheless, for reasons known only to Defendant, Defendant did not issue a subpoena for Plaintiff's medical records until on or about February 1, 2008 - even though discovery was first scheduled to close on December 18, 2007, and then was extended by the Court on December 19, 2007 until February 1, 2008 - but with the caveat that *Defendant* would not be permitted to propound any further discovery after December 19, 2007.

Defendant thus issued the subpoenas six weeks after the deadline imposed on him by this Court as a consequence of his failure to timely respond to Plaintiff's initially discovery request. Moreover, Plaintiff had complied with the Defendant's earlier-submitted request for her signed release in plenty of time for Defendant to request the subject records. For this reason alone, the Court should quash the subpoenas.

### B. Defendant Failed to Provide Prior Notice to Plaintiff Before Issuing the Subpoena

The Defendant violated Fed. R. Civ. Pro. 45(b) (1), by failing to provide Plaintiff with "prior notice of [the] commanded production of documents and things . . . before trial in the manner prescribed by Rule 5(b)." The prior notice required is understood to be notice prior to service of the subpoena. According to the 1991 Advisory Committee Notes to Rule 45, the purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena. See Butler v. Biocore Medical Technologies, Inc., 348 F.3d 1163 (10th Cir. 2003).

The Defendant's failure to comply with this notice requirement does not automatically mandate the quashing of the subpoenas. The Plaintiff, however, has been prejudiced by the lack of notice in this case, and accordingly, the Court should grant her Motion to Quash. Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 476 F.Supp.2d 913 (N.D.Ill. 2007). Plaintiff learned only from subpoena recipients Dr. Prescott and Dr. Dugall that the Defendant had requested copies of her medical records from them, and now is left wondering what other health care providers may have received such subpoenas. The broad sweep of the records request found in the subpoenas could indicate that the Defendant has requested medical records from any and all health providers Plaintiff has consulted during her adult life. This is particularly troubling to Plaintiff, given the extensive record of medical treatment she unfortunately has required over the last several years from various health care providers.

Moreover, as stated in the Amended Complaint pending before this Court, Plaintiff believes that the Agency has flagrantly violated her privacy rights in the past,

5

and as a result, is concerned about the manner in which the Defendant may have identified the health care providers or facilities on whom to serve the subpoenas, and the scope of any additional third party subpoenas that Defendant may have issued. The Plaintiff, therefore, requests that the Court grant the proposed order to quash any and all third party subpoenas issued by the Defendant without notice to the Plaintiff, and to require the Defendant to immediately provide the Plaintiff with copies of all third party subpoenas issued to date.

### C. The Subpoenas Fail to Allow Reasonable Time for Compliance, and are Unduly Burdensome

Rule 45 of the Federal Rules of Civil Procedure provides that, upon timely motion, a court shall quash or modify a subpoena if the issuing party "fails to allow reasonable time for compliance." In addition, a court shall quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. Pro. 45 (c) (3) (A). Both grounds are unequivocally present here. Moreover, given the Defendant's dilatory behavior throughout the discovery process, modification of the subpoenas to permit additional time for the subpoena recipients to comply would not be an equitable result.

Not surprisingly, the two subpoena recipients who contacted Plaintiff's counsel to date indicated that the deadline of approximately five (5) working days allotted by the Defendant for retrieval and production of "any and all" medical treatment and billing records concerning Marilyn Tolbert-Smith poses a significant inconvenience. By any objective standard, five working days for such a task is plainly unreasonable.

Dr. Prescott, in particular, stated that he has been treating Ms. Tolbert-Smith for more than a decade, and accordingly, he has voluminous records potentially covered by the

Defendant's subpoena. Moreover, the officials whom he wishes to consult regarding compliance with the subpoena are not on site at the Brooklane facility where he practices.

In sum, the extremely broad scope of the records requested by the Defendant, combined with the exceptionally short time frame allotted for identification, assessment and production of the records, make clear that the subpoenas fail to allow reasonable time for compliance, and impose an undue burden on the recipients.

### D. The Signed Medical Release Authorization Forms Accompanying the Subpoenas Evidently Fail to Comply with HIPPA Requirements

The Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Public Law 104-191 (1996), imposes national standards for the protection of health information, including the type of personal medical records sought by the Defendant in this case. The Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule"), promulgated by the U.S. Department of Health and Human Services, implements the specific standards addressing the use and disclosure of individuals' health information. See 45 C.F.R. Part 160 and Part 164, Subparts A and E (August 14, 2002). See also Summary of the HIPAA Privacy Rule (Office for Civil Rights, U.S. Department of Health and Human Services 2003).

The Privacy Rule includes standards governing an individual's written authorization for the use or disclosure of protected health information in cases like the present one. All such authorizations must include specific information regarding the medical information to be disclosed, the persons disclosing and receiving the information, expiration, right to revoke in writing, and certain other information. 45 C.F.R. § 164.508 et seq.

It appears that the written authorization accompanying the subpoenas may not fully satisfy these requirements. Defendant's counsel has acknowledged that at least one of the

7

physicians who received a subpoena has questioned the validity of the existing authorization, and indicated that he soon will be providing a revised authorization for Plaintiff's signature.

Given the questions about the validity of the subpoenas under HIPPA and the Privacy Rule, now acknowledged by Defendant's counsel, the Court should quash the subpoenas. As discussed above, the Defendant already has gone way past the deadline the Court imposed on him to pursue discovery, and accordingly, his stated intent to correct the authorization forms at this late date should, in all fairness, be disallowed.

### III.  CONCLUSION:

As discussed in this Memorandum, the Court should grant the Plaintiff's Motion to Quash the Subpoenas issued by the Defendant, and award the reasonable costs and attorney fees wrongfully incurred by the Plaintiff as a result of Defendant's clearly untimely and improper issuance of the subpoenas.

                                                  Respectfully Submitted,

                                                  __/s/_____
                                                  Cheryl Polydor, Esq.,
                                                  D.C. Bar Id#: 454066
                                                  LAW FIRM OF JOHN BERRY, P.L.L.C.
                                                  1990 M. Street, N.W., Suite 610
                                                  Washington, D.C., 20036
                                                  Tel: (202) 955-1100 Fax: (202) 955-1101
                                                  <u>Attorney for Plaintiff</u>