UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>        Plaintiff,<br><br>    v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>        Defendant. | Civil Action No. 06cv1216<br>RWR/ JMF |

**PLAINTIFF'S NOTICE OF TRANSCRIPT OF STATUS CONFERENCE AND
ADDITIONAL DEFECT REVEALED IN DEFENDANT'S THIRD PARTY SUBPOENAS**

Plaintiff, Marilyn Tolbert-Smith, through counsel, hereby notes that, pursuant to Magistrate Judge Facciola's Minute Order of February 8, 2008 granting pendent lite her Motion to Quash Defendant's Third Party Subpoenas, Plaintiff obtained on a "rush" basis, and arranged for delivery to the Court, the transcript of the December 19, 2007 Status Conference convened in this case by presiding Judge Richard Roberts ("transcript").[1] The transcript supports Plaintiff's principal argument in support of her Motion to Quash; that is, that Defendant's issuance of the subpoenas on or about January 31, 2008 was untimely. Accordingly, Plaintiff respectfully reiterates her request that the Court grant her Motion.[2] Copies of the subpoenas (the full set) are attached as Plaintiff's Exhibit 1.

---

[1] Scott L. Wallace, Official Court Reporter, informed Plaintiff's counsel that he hand delivered a complete copy of the transcript to Judge Facciola's Chambers on February 13, 2008.
[2] Plaintiff filed the Motion to Quash on February 8, 2008, shortly after she learned from two of the subpoena recipients that they had been served. Plaintiff did not receive notice of the subpoenas from Defendant.

All of the subpoenas were signed by Defendant's counsel and sent to the recipients with cover letters dated January 31, 2008. The subpoenas, therefore, are clearly untimely.

The transcript confirms that at the December 19 Status Conference, Judge Roberts stated that:

> The plaintiff is entitled to discovery responses and to reasonable follow-up discovery with regard to those, and I will allow the defense, nevertheless, to seek the discovery that has been propounded to date, but I don't think it would be fair to allow the defense to seek any new discovery thereafter because of the record that appears before me regarding the defendant's responses and nonresponses.

See Transcript, page 7, lines 17-23 (copy of p.7 attached as Plaintiff's Exhibit 2).

Judge Roberts subsequently stated in unequivocal terms that:

> The defendant's request to propound new discovery *after today* is denied, but the close of discovery for the plaintiff will be extended to February 1st, 2008.

See Transcript, page 8, lines 12-13 (emphasis supplied; copy of p.8 attached as Plaintiff's Exhibit 3).

Plaintiff also notes that copies of the subpoenas provided to her by Defendant, on February 8, 2008 at her request, reveal that the five subpoenas sent to Dr. William Prescott; Brook Lane Health Services; Dr. Sunita Dugall; GT/DBT-Fall, Weintraub & Mcintosh 2005/ The Wake Kendall Group; and the Menninger Clinic inexplicably sought the records of an unknown individual named "Margaret S. Sue." The remaining two subpoenas, sent to Dr. Chrsitopher J. Keats and to Washington County Hospital, contain the typewritten name of "Margaret S. Sue" but Ms. Sue's name evidently has been crossed out by hand, and replaced with the handwritten name of "Marilyn Tolbert-Smith."

Accordingly, for all of the reasons stated in her Motion to Quash,[3] including the untimeliness grounds highlighted with this Notice, as well as the defects noted for the first time above, Plaintiff respectfully reiterates her request that the Court quash the third party subpoenas served by the Defendant on or about January 31, 2008, and any other subpoenas or discovery requests Defendant may have served in this action after December 19, 2007.

                                                    Respectfully Submitted,

                                                    /s/
                                                Cheryl Polydor, Esq.
                                                D.C. Bar Id#: 454066
                                                LAW FIRM OF JOHN BERRY, P.L.L.C.
                                                1990 M. Street, N.W., Suite 610
                                                Washington, D.C., 20036
                                                Tel: (202) 955-1100 Fax: (202) 955-1101
                                                <u>Attorney for Plaintiff</u>

---

[3] Plaintiff takes this opportunity to correct one statement she made in her Motion to Quash, which Defendant's counsel has since informed her was inaccurate; namely, that he had acknowledged that the release authorization forms provided with the subpoenas were deficient under federal HIPPA/ Privacy Rule requirements.