UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN TOLBERT-SMITH,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL BODMAN,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>    Defendant. | Civil Action 6cv1216 (RWR-JMF)<br><br><br><br>DATE: June 9, 2008 |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
CONCERNING PRESENCE OF RESPONSIBLE MANAGEMENT OFFICIALS AT
THE DEPOSITION OF PLAINTIFF**

  Comes now, Plaintiff, through counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, and respectfully requests that this Honorable Court issue an Order limiting the presence at Plaintiff's deposition to the parties and their currently designated representatives. For the reasons discussed in the Plaintiff's Memorandum of Points and Authorities, and the accompanying Affidavit of Dr. William Prescott, MD (*see* Exhibit 1), good cause exists for granting this Motion. Specifically, Complainant's mental health would be harmed if she was forced to be deposed in the presence of individuals who were involved in the underlying civil action. A Proposed Order granting Plaintiff the relief requested is attached.

Plaintiff's previous counsel, Cheryl Polydor, attempted to resolve this matter with Defendant on original day and time agreed upon for Plaintiff's deposition. The parties agreed to jointly place a call at that time to the Honorable John M. Facciola, so that Ms. Polydor could orally move for a protective order. After hearing from counsel for both parties, Magistrate Judge Facciola directed Plaintiff to file a written Motion, and permitted the Plaintiff to forego her deposition until such time as he ruled on the written Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

On the morning of February 8, 2008, Plaintiff Marilyn Tolbert-Smith, accompanied by Ms. Polydor, reported for her deposition, as agreed, at the offices of the U.S. Attorney for the District of Columbia. Present in the conference room designated for this purpose were Defendant's counsel of record, AUSA Darrell Valdez, Esq. and Agency counsel Jane Schlaiffer, Esq. Also awaiting Ms. Tolbert-Smith's arrival, to her surprise, were two of her former supervisors; namely, Michael Owen, Director of the Office of Legacy Management ("LM"), and Terry Brennan, former LM Team Leader. Mr. Owen and Mr. Brennan, together with LM managers Celinda Crawford and David Geiser, are the principal Agency management officials responsible for the pattern of discriminatory, hostile and retaliatory treatment, based on mental disability, alleged in Plaintiff's Amended Complaint.

Plaintiff became very upset and frightened on seeing Mr. Brennan and Mr. Owen in the conference room, and Ms. Polydor, after informing Defendant's counsel that she needed to speak privately with her client, escorted Plaintiff to an empty office on the premises. The two individuals immediately telephoned Plaintiff's treating psychiatrist, Dr. William Prescott, MD.

Plaintiff in the meantime had become visibly pale, and was trembling. She sat curled up in a fetal position in a chair while counsel placed the call to Dr. Prescott.

On reaching Dr. Prescott, and explaining the situation to him, counsel asked Dr. Prescott if he would be available for a conference call to the Honorable Judge Facciola, to provide his assessment of Plaintiff's mental state. Dr. Prescott agreed, and subsequently spoke privately with Plaintiff.

Plaintiff's counsel informed Defendant's counsel that Ms. Tolbert-Smith had become very distressed on finding Mr. Brennan and Mr. Owen unexpectedly present for her deposition, to the point that she (counsel) had felt it necessary to call Ms. Tolbert-Smith's psychiatrist, particularly in light of Ms. Tolbert-Smith's history of depression with suicidal ideation. Plaintiff's counsel then asked Defendant's counsel whether he would agree to conduct the deposition without Mr. Brennan and Mr. Owen, but Defendant's counsel did not agree. Later in the afternoon, he offered to proceed with only Mr. Brennan present, but Ms. Tolbert-Smith found Mr. Brennan's presence particularly upsetting.

Counsel for both parties agreed to telephone Magistrate Judge Facciola so that Plaintiff's counsel could orally seek a protective order to exclude Mr. Brennan and Mr. Owen from the deposition, and Defendant's counsel could register their opposition. After hearing from both parties, Judge Facciola directed Plaintiff's counsel to file a written Motion for Protective Order, and permitted Plaintiff to leave without undergoing her deposition, stating that she would be required to do so once he had ruled on the Motion for Protective Order.

## II. ARGUMENT

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including... E)

designating the persons who may be present while the discovery is conducted. Fed. Rule. Civ. Pro. 26 (c)(1)(E). Good cause requires a particularized showing; vague and conclusory generalizations of pleadings and supporting affidavits will not suffice. *United States v Exxon Corp.*, 94 FRD 250 (1981 DC Dist Col)

In this case, a deposition in the presence of these responsible management officials would be unduly painful for Plaintiff given her disabling illness of bipolar disorder. Dr. William Prescott, MD, her treating psychiatrist notes that being questioned in front of her harasser would likely increase the symptoms of this condition which include suicidal ideation and depressive stress. (*See* Exhibit 1). This affidavit is supported by Complainant's reaction to their presence on February 8, 2008. In addition, the allegations with regard to Mr. Brennan in particular include hostile and threatening statements such as yelling at her, becoming red in the face when yelling at her, and has accusing her of lying about him. In addition, other employees have warned her that she "really better be careful." Although this history would make any employee uncomfortable, these facts are even more compelling given Complainant's fragile mental condition.

Moreover, there is no reason for Terrance Brennan to be preset at the deposition. The management officials identified in a discrimination case against a federal agency are not parties to the case, and are not designated as Agency representatives, and therefore have no right to be present during a deposition. See E.E.O.C. v. Danka Industries, Inc., 1997 WL 375306 (E.D.Mo. 1997) (the court noted that a supervisor who allegedly sexually harassed plaintiff is not a party to the action.)

### III. CONCLUSION

For these reasons, Plaintiff has shown good cause for issuance of a protective order restricting the presence of any of Plaintiff's former managers to be present during her deposition.


Respectfully submitted,

KEVIN OWEN, MD Bar MD 16693
Gary M. Gilbert & Associates
8401 Colesville Road, Suite 300
Silver Spring, MD 20910 (301) 608-0880
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

On the 9th of June, 2008 I served the foregoing Motion for Protective Order on the parties named below by placing the document in a sealed envelope, postage prepaid, for delivery by the U.S. Postal Service, unless otherwise indicated:


Hon. John M. Facciola
U.S. District Court for the District of Columbia
**VIA Electronic Service Only**


Darrel C. Valdez, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530


                                        Respectfully submitted,

                                        KEVIN OWEN, MD Bar MD 16693
                                        Gary M. Gilbert & Associates
                                        8401 Colesville Road, Suite 300
                                        Silver Spring, MD 20910 (301) 608-0880

                                        Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marilyn Tolbert-Smith,<br>12529 Covenant Way<br>Hagerstown, MD 21742<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Samuel Bodman,<br>Secretary<br>U.S. Department of Energy<br>1000 Independence Avenue, S.W.<br>Washington, D.C., 20585<br><br>　　　　Defendant. | Civil Action No. 06cv1216<br>(RWR-JMF) |

## DECLARATION OF DR. WILLIAM PRESCOTT, MD

Pursuant to 28 U.S.C. Section 1746, I hereby declare as follows:

1. I am a practicing psychiatrist in Hagerstown, Maryland with 36 years of experience.

2. I currently work at Brook Lane Health Services in Hagerstown, Maryland.

3. I am affiliated with Brook Lane Hospital in Hagerstown, Maryland.

4. Marilyn Tolbert Smith has been under my professional care since December, 1996.

5. It is my professional opinion that Ms. Tolbert-Smith not be deposed in the presence of her prior (LM) supervisory managers. Ms. Tolbert-Smith is treated for Bipolar Disorder and, as a consequence, is subject to marked emotional lability. Her experience of stress under these circumstances would

be predictably very severe and, on the basis of her responses noted in the past to intensely depressive stress of such a nature could well result in catastrophic consequences. By this, I mean, that her level of suicidal ideation and intent would be very likely to accelerate to a high level of magnitude.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 20th day of February 2008.

*William G. Prescott, MD* (signature)

Dr. William Prescott, MD
[Office address and telephone]

13218 Brook Lane Drive
Hagerstown, MD    21742
301-733-0330

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN TOLBERT-SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL BODMAN, )<br>Secretary )<br>U.S. Department of Energy )<br>Defendant. )<br>_____) | Civil Action 6cv1216 (RWR-JMF) |

### ORDER

By submission dated June 9, 2008, Plaintiff moved for issuance of a protective order restricting the presence of Plaintiff's previous management official's presence during the taking of her deposition. The premises thereof and any opposition thereto having been considered, it is this _____ day of _____, 2008

ORDERED that Michael Owen, Terry Brennan, Celinda Crawford, and David Geiser are precluded from attending Plaintiff's deposition.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

cc: Darrel C. Valdez, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530

Kevin Owen, Esq.
Counsel for Plaintiff
Gary M. Gilbert & Associates
8401 Colesville Road, Suite 300
Silver Spring, MD 20910 (301) 608-0880