UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH**          ) | |
|             ) | |
|    **Plaintiff,**          ) | |
|  v.          ) | Civil Action No. 06cv1216 (RWR/JMF) |
|             ) | |
| **SAMUEL BODMAN,**          ) | |
|  Secretary          ) | |
| **U.S. Department of Energy**          ) | |
|             ) | |
|    **Defendant.**          ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
CONCERNING DEPOSITION OF PLAINTIFF**

  In the present matter, Plaintiff alleges that the Defendant discriminated against her as a result of her mental illness, Clinical Depression, in violation of the Rehabilitation Act, and retaliated against her for engaging in protected EEO activity.  Amended Complaint.  Plaintiff alleges that her mental illness is a qualifying disability under the Rehabilitation Act, that she has a history of being disabled, that she is able to perform the essential functions of her job "with or without reasonable accommodation," and that the Defendant, through three identified supervisors, retaliated against her.  Id.  Plaintiff alleges that her recent episodes of acute exacerbation were caused by the discriminatory treatment by her supervisors, which Plaintiff alleges to have spanned several years and innumerable incidents.  Id.

  Because the facts alleged by Plaintiff in her Amended Complaint and the information provided in her discovery responses are vastly incomplete, very selective, and extremely distorted, counsel for Defendant needs the assistance of Plaintiff's supervisors, who were physically present at each of the incidents alleged by Plaintiff and have intimate knowledge of the facts, in order to adequately and properly question the Plaintiff about the basis of her

allegations.

## FACTUAL BACKGROUND

Throughout this proceeding, Plaintiff has repeatedly obstructed Defendant's right to complete and proper discovery. Indeed, despite being served with discovery requests on December 5, 2007, Plaintiff waited until February 19, 2008, to provide any written responses. Even then, Plaintiff failed to sign her responses under oath, as is required by Fed. R. Civ. P. 33(b). In addition, despite Plaintiff's prior counsel's assurances to the Court during a status hearing that she had discovery on its way to the Defendant counsel's office, Plaintiff has failed to deliver any documents or to otherwise properly identify any records "in sufficient detail" to permit the Defendant "to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d).

Defendant initially noticed Plaintiff's deposition for December 17, 2007. However, Plaintiff failed to appear for the deposition due to traffic problems, and it was rescheduled numerous times to accommodate Plaintiff. Finally, on February 8, 2008, Plaintiff arrived at the United States Attorney's Office with her counsel. Upon seeing that her third-line supervisor, Michael Owen, and her former direct supervisor, Terry Brennen, were in the deposition room, Plaintiff refused to enter the room and refused to continue with the deposition.

It is important to note that Plaintiff has previously raised unfounded allegations against Mr. Brennan. Specifically, Plaintiff went to the office of Michael Owen and told him that she felt personally threatened by Mr. Brennan and that she was in fear for her personal safety from him. In response to her allegations, the Department of Energy retained an independent consulting company to investigate her claims. See attached Report of Inquiry. That independent

investigation concluded that Plaintiff's allegations had no basis in fact, and that the evidence provided by Plaintiff to the investigator, including a personal interview with Plaintiff and others located within her office, did not rise to a level that would persuade a reasonable person to believe her allegations.  Id.

## ARGUMENT

Pursuant to Federal Civil Rule 26, depositions upon oral examination are public proceedings, and are not subject to rule on witnesses, including F. Evid. R. 615.  Fed. R. Civ. 30(c).  If a party being deposed wishes to limit the persons who can attend the deposition, the party must establish "good cause" to believe that an order is necessary to protect the party from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  To establish "good cause," the party seeking the order must demonstrate that the deposition is being conducted "in bad faith, or in such manner as unreasonably to annoy, embarrass, or oppress the deponent...." Fed. R. Civ. P. 30(d)(4).  "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." United States v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).  "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." General Dynamics Corp. V. Selb Manufacturing Co., 481 F.2d 1204, 1212 (8th Cir. 1973).  Accordingly, under the Rules, the party seeking to keep a person from attending a deposition must establish "bad faith" or "unreasonable" behavior on the part of the other party intended to annoy or embarrass the deponent.

Because Plaintiff here cannot demonstrate that the Defendant's need for the identified

supervisors to assist in conducting the deposition is in bad faith or otherwise unreasonable, nor is it even remotely intended to "annoy or embarrass" Plaintiff, the Court must deny the Plaintiff's Motion. Plaintiff's Amended Complaint lists numerous incidents, to which her supervisors were present, that comprise her discrimination and retaliation claim. Counsel for the Defendant is clearly entitled to have these supervisors present at the deposition to assist him in formulating the inquiry. Notably, Terry Brennan is the supervisor with more specific knowledge of the facts of the case and the documents in question. Mr. Brennan, as well as Plaintiff's other supervisors, are further familiar with the Agency's personnel rules and regulations, well-beyond counsel's knowledge, and are needed to assist counsel with respect to formulating and conducting discovery on these issues. See Collins v. Illinois, 514 F.Supp.2d 1106, 1109 (C.D. Ill. 2007) (the presence of the alleged discriminating official was necessary at the plaintiff's deposition because he was very familiar with the rules and policies of the agency, and because his insight could be helpful if Plaintiff misstated the rules and policies at her deposition, as Plaintiff had done on previous occasions).

      Nor can the deposition be held with Mr. Brennan sitting in another room. Because the facts as alleged by the Plaintiff are numerous and convoluted, and because Plaintiff has repeatedly engaged in conduct intended to prevent Defendant from obtaining proper discovery, counsel for Defendant would be required to break every few minutes to consult with Mr. Brennan. Such repeated breaks would impede with the flow of the deposition, would allow counsel for Plaintiff to prepare Plaintiff when defense counsel is out of the room, and would cause Defendant to run afoul of the time limitations placed upon depositions by the Federal Rules. Moreover, because there are numerous documents in this matter, including two full boxes

of documents that were produced by the Defendant to Plaintiff, the supervisors' assistance is needed inside the deposition room to direct counsel to documents that address or are relevant to each allegation as she testifies.

Additionally, because Plaintiff's allegations regarding alleged threats of physical harm by her supervisor has been found by an independent investigative authority to be unfounded, Plaintiff cannot present any evidence that her beliefs are reasonable. Indeed, the affidavit of Plaintiff's treating psychiatrist is based solely upon the Plaintiff's mis-information, and not upon any objective determination. Thus, just as she attempted to file false allegations against Terry Brennan with the Department of Energy, Plaintiff can easily manipulate her psychiatrist's affidavit to make bare allegations with no real truth behind them.

It is also particularly noteworthy that Dr. Prescott fails to provide any factual support for his recommendation. He notes no evidence of prior incidents of violence or outrageous behavior by Mr. Brennan, nor does he specifically identify how the Plaintiff would be stressed beyond that of an ordinary litigant by the presence of her supervisors or any other person. The sole proof of improper or extreme conduct are the unsupported allegations in Plaintiff's motion. See Plaintiff's Motion at 4. However, aside from the lack of any evidence to prove the claims, the behaviors noted by the motion are the very same allegations that were found to be without any factual basis by the independent investigator. See Report of Inquiry at 10-11. To allow Plaintiff to control who can attend her deposition would prevent Defendant from being able to defend itself and adequately inquire into her allegations and the factual circumstances underlying those allegations.

Finally, it is counsel's intention to designate Plaintiff's supervisors as the agency

representatives of the Defendant. As such, the Circuit Court has held that courts have no authority, even under Fed. R. Civ. P. 26(c), to bar parties from attending depositions. Alexander v. F.B.I., 186 F.R.D. 21, 53 (D.C. Cir. 1998) ("there is no evidence that Rule 26(c)(5) was intended to bar parties from attending depositions") (*quoting* Kerschbaumer v. Bell, 112 F.R.D. 426, 427 (D.D.C.1986)).

## CONCLUSION

Wherefore, for all of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff Marilyn Tolbert-Smith's Motion for a Protective Order, and order that she submit to a deposition by counsel for the Defendant without limitation as to the persons who may attend.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN TOLBERT-SMITH**   )  <br> ) <br> **Plaintiff,**   ) <br> v.   ) Civil Action No. 06cv1216 (RWR/JMF) <br> ) <br> **SAMUEL BODMAN,**   ) <br> Secretary   ) <br> **U.S. Department of Energy**   ) <br> ) <br> **Defendant.**   ) <br> _____ ) | |

## ORDER

Upon consideration of Plaintiff's Motion for Protective Order Concerning the deposition of Plaintiff, the Defendant's Opposition thereto, and the entire record in this case; it is this

_____ day of _____, 2008, hereby

ORDERED, that the Plaintiff's Motion for a Protective Order is hereby DENIED.


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE