UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN TOLBERT-SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL BODMAN,<br><br>Defendant. | Civil Action 06-1216 (RWR/JMF) |

**MEMORANDUM OPINION**

This case was referred to me by Judge Roberts for management of discovery disputes.  Now pending is Plaintiff's Motion for Protective Order Concerning Presence of Responsible Management Officials at the Deposition of Plaintiff ("Pl.'s Opp.") [#55].

BACKGROUND

Plaintiff claims that her supervisors discriminated against her, in violation of several statutes, because she suffers from mental illness.  Opposition to Plaintiff's Motion for Protective Order Concerning Deposition of Plaintiff ("Def.'s Opp.") [#56] at 1.  She further alleges that her supervisors retaliated against her for engaging in protected equal employment opportunity activities.  Id.

Plaintiff's deposition was originally scheduled to take place on December 17, 2007, but was rescheduled due to traffic problems.  Id. at 2.  On February 8, 2008, plaintiff arrived at her deposition to find two of her supervisors, Michael Owen and Terry Brennan, present.  Pl.'s Mot. at 2.  The majority, if not all, of plaintiff's complaints in this

litigation are centered on actions allegedly taken by Mr. Owen or Mr. Brennan or both. Upon seeing Mr. Owen and Mr. Brennan in the room, plaintiff became visibly upset. Id.

Plaintiff's counsel escorted plaintiff to another room and contacted Dr. William Prescott, plaintiff's treating psychiatrist. Id. Plaintiff's counsel asked defense counsel whether they would be willing to proceed without Mr. Owen and Mr. Brennan present, and defense counsel refused. Id. at 3. Defense counsel later offered to conduct the deposition with only Mr. Brennan present, but plaintiff was unwilling to proceed under those circumstances. Id.

Counsel for both parties contacted chambers by telephone so that plaintiff's counsel could orally seek a protective order. Id. I directed plaintiff to file a written motion.

Plaintiff has been diagnosed with bipolar disorder and has expressed suicidal ideation in the past. See Pl.'s Mot. at 4; Declaration of Dr. William Prescott, M.D., Exhibit 1 to Pl.'s Mot. at ¶ 5. Plaintiff's psychiatrist states that plaintiff is subject to marked emotional fluctuation as a symptom of her condition. Exhibit 1 to Pl.'s Mot. at ¶ 5. Dr. Prescott believes that plaintiff undergoing the additional stress of being deposed in the presence of her supervisors will probably evoke a very severe reaction and could be catastrophic, including increasing her level of suicidal ideation. Id. Plaintiff argues that her reaction to seeing her supervisors in the room supports Dr. Prescott's prediction. Plaintiff states that she was visibly upset, and her stress was evidenced by trembling and paleness and curling up in the fetal position.

Defendant argues that Mr. Owen and Mr. Brennan's presence is necessary to facilitate meaningful questioning. Def.'s Opp. at 1. Defendant argues that plaintiff's

responses to discovery requests up to this point have been selective and distorted. Id. Either Mr. Brennan or Mr. Owen was present during all of plaintiff's alleged incidents, therefore defense counsel needs to have them present for consultation to elicit the facts. Id.

Defendant also states that plaintiff has made unfounded accusations against Mr. Brennan in the past. Id. at 2. Specifically, plaintiff told Mr. Owen that she felt personally threatened by Mr. Brennan and was afraid that he would harm her. Id. An independent investigation concluded that plaintiff had no legitimate reason to fear for her safety. See Report of Inquiry, Exhibit 1 to Def.'s Opp. at 12.

Defendant's counsel also states that Mr. Owen and Mr. Brennan will be designated as agency representatives of the defendant, but that designation has not taken place at this time.[1]

ANALYSIS

Rule 26(c)(1)(E) of the Federal Rules of Civil Procedure permits the Court to enter a protective order that limits who is permitted to attend a deposition. The Court has discretion to enter an order for "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To show good cause for the entry of a protective order, the movant must show

---

[1] Defendant argues that once Mr. Owen and Mr. Brennan are designated as agency representatives, they become parties, and this Court no longer has discretion to exclude them from the deposition. In support, defendant quotes Kerschbaumer v. Bell, 112 F.R.D. 426, 427 (D.D.C. 1986), for the proposition that parties cannot be excluded from depositions under Rule 26. Kerschbaumer is inapplicable here, however, because in Kerschbaumer the Court specifically noted that plaintiff had not advanced any allegations of harassment. Rather the plaintiffs there asked the Court to bar the defendants for fear that the defendants would perjure themselves after hearing the plaintiffs' testimony. See id. at 426-27. Contrary to defendant's assertion, Kerschbaumer recognizes that protective orders may bar parties from attending depositions in certain limited circumstances. Id. at 426; see also Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) (not clear error to exclude defendant from attending plaintiff's deposition); DeLuca v. Gateways Inn, Inc., 166 F.R D. 266, 267 (D. Mass. 1996) (same).

specific facts and cannot rely on speculation or conclusory statements.  <u>Peskoff v. Faber</u>, 230 F.R.D. 25, 28 (D.D.C. 2005)

  Defendant's independent examiner has demonstrated that plaintiff does not have a reason to fear that Mr. Brennan or Mr. Owen will harm her, but however irrational her fear may be, no one has argued that she is not experiencing it.  Plaintiff's psychiatrist believes that the fear is real, and may have catastrophic consequences.  Specifically, he states that due to her condition, plaintiff is highly susceptible to stress.  Contrary to defendant's assertion that Dr. Prescott has not testified that plaintiff would suffer differently than a normal litigant, he has stated that plaintiff's reaction to this type of stress will be very severe.  Dr. Prescott has treated the plaintiff for 12 years, and says that in the past, her reaction to stress has been catastrophic and included suicidal ideation.  Thus the "clearly defined and serious injury" that will result from this deposition going forward is severe depressive stress possibly resulting in suicide.  In my view, that satisfies the good cause standard. <u>See, e.g.</u>, <u>DeLuca</u>, 166 F.R.D. at 266; <u>Bucher v. Richardson Hosp. Auth.</u>, 160 F..R.D. 88, 95 (N.D. Tex. 1994)

  Against these concerns are defendant's assertions that they cannot meaningfully depose the plaintiff without Mr. Brennan and Mr. Owen being present because they were present for all of the incidents that plaintiff cites as the basis for her claims.  But, y defense counsel canobtain information about those incidents from Mr. Brennan and Mr. Owen before the deposition and review with them the relevant documents at the same time.  Furthermore, I will permit the defendant to take a 10 minute recess after every hour of the deposition to consult with Mr. Owen and Mr. Brennan who may be in the building where the deposition is being taken but not in the room where it is being taken,

provided that there is no physical contact or other interaction whatsoever between Mr. Brennan and Mr. Owen and the plaintiff.  These 10 minute recesses will not count against the seven hour limitation specified in the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 30(d).  I am accordingly extending the total time for the deposition to 8 hours and ten minutes.  I trust the parties will agree on a schedule so that, if necessary, the deposition can be taken over two days to allow for a luncheon and other ordinary recesses.

## CONCLUSION

Because plaintiff's doctor has expressed his concern that going forward with this deposition in the presence of plaintiff's former supervisors is very likely to result in severe and possibly catastrophic harm to the plaintiff, I will enter a protective order barring her supervisors from attending her deposition but extending the time within which the deposition must be taken.

An Order accompanies this Memorandum Opinion.


Date:  October 29, 2008                    /s/
                                           JOHN M. FACCIOLA
                                           U.S. MAGISTRATE JUDGE