```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                               )
**MARILYN TOLBERT-SMITH,**     )
                               )
    **Plaintiff,**    )
                               )
    v.                )    Civil Action No. 06-1216 (RWR)
                               )
**STEVEN CHU,**                )
                               )
    **Defendant.**    )
_____)


### MEMORANDUM OPINION AND ORDER

Plaintiff, Marilyn Tolbert-Smith, an employee in the Legacy Management branch ("LM") of the United States Department of Energy, brings claims under the Rehabilitation Act, Title VII of the Civil Rights Act of 1964, and the Privacy Act against the Secretary of the Department of Energy,[1] alleging discrimination, hostile work environment, and improper disclosure of information regarding her medical condition.  The Secretary has filed a motion for partial judgment on the pleadings or, in the alternative, for summary judgment, arguing that Tolbert-Smith's claims are time-barred, and that there is no genuine issue of material fact with respect to plaintiff's Privacy Act claims.  Because Tolbert-Smith timely filed her Equal Employment Opportunity Commission ("EEOC") complaint and her district court

---

[1] Steven Chu is substituted for Samuel Bodman under Federal Rule of Civil Procedure 25(d).

complaint, the Secretary's motion, treated as a motion for summary judgment, will be denied with respect to the timeliness issue. Further, because Tolbert-Smith has stated a claim for relief but has not had a reasonable opportunity to contest matters outside the pleadings on her Privacy Act claim, the Secretary's motion with respect to that issue will be denied without prejudice to the parties filing supplemental memoranda that address the Privacy Act claim.

BACKGROUND

Tolbert-Smith has been employed by the Department of Energy since 1991 and as a program analyst in LM since that branch's inception in December 2003. (Second Am. Compl. ¶ 23.[2]) Terrance Brennan, a team leader in LM, originally supervised Tolbert-Smith. (Id. ¶ 25.) Throughout Tolbert-Smith's employment with LM, she has suffered from clinical depression. (Id. ¶¶ 31-36.) Tolbert-Smith alleges that in November 2004, Brennan contacted her treating physician without her consent to request information about her illness and medical treatment. (Id. ¶ 46.) Tolbert-Smith also alleges that members of LM management made disparaging

---

[2] Tolbert-Smith twice amended her complaint after the Secretary filed his motion for partial judgment on the pleadings. Because the Secretary incorporated by reference his motion for partial judgment on the pleadings in a motion for summary judgment that he filed after Tolbert-Smith amended her complaint (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 3), the motion for partial judgment on the pleadings will be deemed directed to the second amended complaint.

remarks about her illness. (Id. ¶ 47.) On August 31, 2005, Tolbert-Smith contacted the Department's Office of Civil Rights ("OCR"), alleging discrimination and requesting counseling. (Id. ¶¶ 9, 61.) Tolbert-Smith participated in the requisite EEO counseling process, retained counsel, and notified OCR and the agency that she had obtained representation. (Id. ¶¶ 68, 97.) Several months after Tolbert-Smith sought counseling, members of LM management placed confidential information regarding her illness on a server accessible by all federal employees and outside contractors. (Id. ¶¶ 72-75.)

On January 25, 2006, Tolbert-Smith received a "Notice of Final Interview with EEO Counselor and Right to File a Formal Complaint" from OCR. (Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. for Partial J. ("Pl.'s Mem."), Ex. 2, Polydor Decl. ¶ 6.[3]) Following receipt, Tolbert-Smith contacted her attorney, Cheryl Polydor, and informed her of the Notice. (Id.) Polydor received a copy of that notice from the Department in the mail on February 22, 2006. (Id. ¶ 7.) The notice stated that 29 C.F.R. § 1614.105(d) required Tolbert-Smith to file any formal complaint within fifteen days of receipt of the notice. (Pl.'s Stmt. of Genuine Issues ("Pl.'s Stmt.") ¶ 3.) Tolbert-Smith alleges that she filed a formal administrative complaint on February 9, 2006.

---

[3] The plaintiff's exhibit erroneously states certain relevant dates in 2006 as having been in 2007.

(Pl.'s Mem., Ex. 2, Polydor Decl. ¶ 8.)  She claims that, on that day, Polydor addressed an envelope containing the notice by gluing an address label onto the front of the envelope and placed it in the mail.  (Id. ¶¶ 8-9.)  Eight days later, the envelope was returned to Polydor for failure to attach an address, as the glued-on label had become detached.  (Id. ¶¶ 10-11.)  Upon return of the envelope, Polydor procured a new envelope, on which she typed the intended address.  She mailed the envelope on February 17, 2006, the date OCR credited as the filing date.  (Id. ¶ 12.)  On March 30, 2006, Polydor received an email informing her that OCR had determined that the administrative complaint was untimely and would be dismissed as a result.  (Id. ¶ 13.)  Tolbert-Smith received an official notice of dismissal on April 3, 2006.  (Second Am. Compl. ¶ 19.)

Polydor asserts that she traveled to this courthouse on the night of July 3, 2006 to place Tolbert-Smith's district court complaint in the drop box for after-hours filing.  (Pl.'s Mem., Ex. 2, Polydor Decl. ¶ 19.)  When she arrived, she noticed that the three time-clocks for stamping filings -- one for the U.S. District Court, one for the U.S. Bankruptcy Court, and one for the U.S. Court of Appeals -- displayed different times and dates.  (Id. ¶ 24.)  The bankruptcy and circuit clocks displayed dates of "June 34" and "July 33," respectively (id. ¶ 25), and the machines stamped these dates on an extra copy of Tolbert-Smith's

complaint.  (Id., Ex. 2, Polydor Decl. ¶ 27; Ex. 5 at 1.)  The bankruptcy stamp also reflects a time of "P 11:59."  (Id., Ex. 5 at 1.)  Polydor did not stamp the copy of the complaint with the district court machine.  (See id.)  The Court was closed the next day for the July 4th holiday, and the Clerk docketed the complaint on July 5, 2006.  (Pl.'s Mem., Ex. 2, Polydor Decl. ¶¶ 28, 29.)  Two of the three summonses that the Clerk's Office issued reflected a July 5, 2006 filing date, but the summons to the Attorney General contained two different date stamps -- one for July 3, 2006, and one for July 5, 2006.  (Id., Ex. 2, Polydor Decl. ¶ 31; Ex. 6.)

The Secretary has moved for partial judgment on the pleadings or, in the alternative, summary judgment, arguing that Tolbert-Smith failed to exhaust her administrative remedies because she did not timely file her EEOC complaint or her district court complaint, and that she has failed to demonstrate that the Secretary willfully or intentionally disclosed any documents from its records.  Tolbert-Smith opposes, arguing that both her EEOC and district court complaints were timely filed, and that she has established willful and intentional violations of the Privacy Act.

## DISCUSSION

A party may move for judgment on the pleadings "[a]fter the pleadings are closed -- but early enough not to delay trial[.]"

Fed. R. Civ. P. 12(c). Such a motion is granted if there are no material facts in dispute and the movant is entitled to judgment as a matter of law. Stewart v. Evans, 275 F.3d 1126, 1132 (D.C. Cir. 2002). "In considering a motion for judgment on the pleadings, the Court should 'accept as true the allegations in the opponent's pleadings' and 'accord the benefit of all reasonable inferences to the non-moving party.'" Id. (quoting Haynesworth v. Miller, 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987)).

When "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(c) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A motion may be treated as one for summary judgment even if the parties have not been provided with notice or an opportunity for discovery if they have had a reasonable opportunity to contest the matters outside the pleadings such that they are not taken by surprise. See Highland Renovation Corp. v. Hanover Ins. Group, 620 F. Supp. 2d 79, 82 (D.D.C. 2009). Summary judgment may be granted when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, a court is to draw all justifiable inferences from the evidence in favor of the nonmovant. Cruz-

Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The relevant inquiry "is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250. A genuine issue exists where the "evidence is such that a reasonable jury could return a verdict for the non-moving party[,]" as opposed to where the evidence is "so one-sided that one party must prevail as a matter of law." Id. at 248, 252.

I. EXHAUSTION

Tolbert-Smith has submitted a statement of material facts under Local Civil Rule 7(h) that addresses the Secretary's exhaustion arguments. Thus, the motion for partial judgment on the pleadings will be treated as a motion for summary judgment with respect to this issue. See Langley v. Napolitano, 677 F. Supp. 2d 261, 263 (D.D.C. 2010) (construing motion for judgment on pleadings as motion for summary judgment when both parties submitted statements of material facts because plaintiff "had a reasonable opportunity to respond to the attached materials").

A.   EEOC Complaint

The Rehabilitation Act requires administrative exhaustion because it "limits judicial review to employees 'aggrieved by the final disposition' of their administrative 'complaint[.]'" Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006).  A plaintiff who believes she has been discriminated against based upon a disability "must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter."  29 C.F.R. § 1614.105(a).  If the claim is not resolved within thirty days of the aggrieved party contacting the office to request counseling, the office must notify the party "of the right to file a discrimination complaint" with the agency "within 15 days of receipt of the notice."  29 C.F.R. § 1614.105(d).  An agency "shall dismiss an entire complaint" that was not filed within "the applicable time limits[.]"  29 C.F.R. § 1614.107(a)(2).

After consulting with a counselor, Tolbert-Smith received on January 25, 2006 a notice of her right to file a complaint with the agency.  The Secretary argues that Tolbert-Smith's fifteen-day deadline for filing a formal complaint was February 9, 2006, citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990), for the proposition that the time to file a complaint begins to run from the date that notice is delivered either to the complainant or to her attorney.  (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Partial J. on the Pleadings or, in the

Alternative, for Summ. J. ("Def.'s Mem.") at 6.) For the purpose of timely filing a civil complaint in federal court, "notice of a final action is considered received by a claimant when the notice reaches either a claimant or the claimant's attorney, whichever comes first." McKay v. England, Civil Action No. 01-2535 (JR), 2003 WL 1799247, at *1 (D.D.C. Mar. 27, 2003). However, for the purpose of administrative proceedings before the EEOC, when a complainant is represented by counsel, the "time frames for receipt of materials shall be computed from the time of receipt by the attorney." 29 C.F.R. § 1614.605(d); see also Harris v. Bodman, 538 F. Supp. 2d 78, 81 (D.D.C. 2008) (noting that 29 C.F.R. § 1614.605(d) "applies to administrative proceedings before the EEOC; it does not purport to apply to the limitations period for filing suit in federal court" (quoting McKay, 2003 WL 1799247 at *2)). Therefore, Tolbert-Smith's administrative complaint was not due until March 9, 2006, fifteen days after Polydor's receipt of the notice.

A complaint is considered filed on the date it is postmarked. 29 C.F.R. § 1614.604(b). OCR noted February 17, 2006, the date Polydor re-mailed the complaint after it was returned as undeliverable, as the date of filing. (Def.'s Mem. at 6.) Because this date fell within fifteen days of Polydor's receipt of the notice, OCR incorrectly rejected Tolbert-Smith's complaint as untimely. Therefore, Tolbert-Smith did not fail to

exhaust her EEOC administrative remedies before filing suit in this court.

B.  Civil Action

After an administrative complaint is dismissed, the complainant may then either appeal the dismissal to the EEOC within thirty days, 29 C.F.R. § 1614.402(a), or file a civil action within ninety days of receipt of the final agency action. 29 C.F.R. § 1614.407.  Tolbert-Smith received notice of final agency action on April 3, 2006 (Second Am. Compl. ¶ 19), and there is no dispute that her deadline to file a complaint in district court was July 3, 2006.[4]  (See Pl.'s Mem. at 8; Def.'s Mem. at 8.)  While "[c]ourts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day[,]" Wiley v. Johnson, 436 F. Supp. 2d 91, 96 (D.D.C. 2006), courts have also hesitated to grant a defendant's summary judgment motion on the ground that a complaint was not timely filed when the date of filing is in dispute.  See, e.g., Nasr v. De Leon, 18 Fed. Appx. 601, 605 (9th Cir. 2001) (concluding that summary judgment for defendant on statute of limitations grounds was inappropriate because documents in the record "prevent[ed] a definitive finding" of the claim's accrual date); Arakaki v. United States, 62 Fed. Cl. 244, 259 (Fed. Cl. 2004) (denying

---

[4] The ninetieth day, July 2, 2006, fell on a Sunday, so the date for timely filing was July 3, 2006.  See Fed. R. Civ. P. 6(a)(1)(C).

defendant's motion to dismiss, treated as a motion for summary judgment, on statute of limitations grounds because the question of when plaintiff's claim for breach of contract accrued depended on sale date, a factually contested issue).

Here, there is a factual dispute as to the date of filing. Tolbert-Smith claims that she filed her complaint on July 3, while the Secretary claims that Tolbert-Smith filed her complaint on July 5. (See Pl.'s Mem. at 8; Def.'s Mem. at 8.) Tolbert-Smith cites Polydor's affidavit, in which she states that she arrived at the courthouse "several minutes before midnight on July 3, 2006." (Pl.'s Mem., Ex. 2, Polydor Decl. ¶ 19.) Polydor further states that the clocks displayed the incorrect dates of July 33, 2006 and June 34, 2006, and that in her confusion she could "not recall precisely which clocks [she] used to stamp the Complaint[.] (Id. ¶¶ 25, 26.) Tolbert-Smith also cites a copy of her complaint, which largely corroborates Polydor's account, as the complaint contains a bankruptcy time stamp dated July 33, 2006 at "P 11:59" and a circuit time stamp dated June 34 2006, although at 12:03 AM. (Id., Ex. 5 at 1.) That the Clerk's Office stamped the summons to the Attorney General with conflicting July 3, 2006 and July 5, 2006 date stamps provides some additional support for Polydor's account. Even though the complaint does not contain a district court time stamp, the Secretary has not provided any other affirmative evidence that

suggests that Tolbert-Smith did not file her complaint on July 3, 2006. Drawing all inferences in favor of the nonmovant, a reasonable jury could easily find that Tolbert-Smith timely filed her complaint.

II. PRIVACY ACT

The Privacy Act, 5 U.S.C. § 552a, sets forth standards for maintaining and restrictions upon disclosing certain personnel records. Among the records covered by the Act are "item[s], collection[s], or grouping[s] of information about an individual['s] . . . medical history . . . or employment history[.]" 5 U.S.C. § 552a(a)(4). An individual may bring a civil action against an agency if the agency "fails to comply with [the disclosure restrictions] . . . in such a way as to have an adverse effect on [that] individual[,]" 5 U.S.C. § 552a(g)(1)(D), and causes actual damages. Thompson v. Dep't of State, 400 F. Supp. 2d 1, 7 (D.D.C. 2005). A plaintiff may recover damages from the United States if "the agency acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4). No cause of action arises for damages if a disclosure was merely inadvertent; rather, "the violation must be so 'patently egregious and unlawful' that anyone undertaking the conduct should have known it 'unlawful.'" Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (quoting Wisdom v. Dep't of Hous. & Urban Dev., 713 F.2d 422, 425 (8th Cir. 1983)); see also

Albright v. United States, 732 F.2d 181, 189 (D.C. Cir. 1984) (noting that an agency acts intentionally or willfully "either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act").

Tolbert-Smith has stated a claim for relief under the Privacy Act. She pled that a member of LM management placed records referring and relating to her disability on a server accessible by other federal employees and members of the public. (Second Am. Compl. ¶¶ 115, 116.) The information on the server constituted a record under 5 U.S.C. § 552a(a)(1) because it contained information about Tolbert-Smith's medical and employment circumstances. Tolbert-Smith has pled that she has suffered an adverse effect to her professional reputation, from which she has suffered actual damages. (Second Am. Compl. ¶ 118.) Moreover, Tolbert-Smith alleged that the disclosure was willful and intentional. (Id. ¶¶ 116, 117.) Specifically, she claimed that the individual who placed her information on the server did so to retaliate against her for filing an administrative complaint (id. ¶ 78), which constitutes an allegation that the disclosure was intentional or willful. See Toolaprashad v. Bureau of Prisons, 286 F.3d 576, 584 (D.C. Cir. 2002) (noting that punishing a plaintiff for filing an administrative grievance satisfies the definition of a willful or

intentional Privacy Act violation).[5]  The Secretary's answer denied Tolbert-Smith's Privacy Act allegations and placed in dispute the material facts alleged, precluding judgment on the pleadings on that claim.

The Secretary's motion for partial judgment on the pleadings with respect to Tolbert-Smith's Privacy Act claim will not be converted to one for summary judgment on that claim.  The Secretary cited exhibits in his motion for partial judgment on the pleadings but did not attach any exhibits to that motion.[6]  (See Def.'s Mem., Docket #31.)  As a consequence, Tolbert-Smith asserted that the Secretary did not support his arguments with citations to the record (Pl.'s Stmt. ¶¶ 13-15), and she did not cite the record in her statement of genuine issues.  Thus, because of Tolbert-Smith's confusion about the exhibits, Tolbert-Smith has not had a reasonable opportunity to contest the matters outside the pleadings with respect to the Privacy Act claim, and converting the motion to one for summary judgment would be

---

[5] Tolbert-Smith also argues that Brennan's visit to her treating physician and her managers' comments about her illness violated the Privacy Act.  (Pl.'s Mem. at 12.)  However, she has not pled that these actions constitute a disclosure under the Privacy Act.  Therefore, they do not suffice collectively as an independent Privacy Act violation, although they may serve as evidence that the Secretary acted intentionally or willfully when placing Tolbert-Smith's information on the server.

[6] It appears that the Secretary was citing exhibits attached to his motion to dismiss, filed on October 26, 2006.  (See Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., Docket #6.)

unfair.  Cf. Langley, 677 F. Supp. 2d at 263.  The Secretary's motion regarding this claim will be denied.

## CONCLUSION AND ORDER

Tolbert-Smith timely filed both her EEOC complaint and her district court complaint, and she has stated a claim for relief under the Privacy Act.  However, it would unfairly surprise Tolbert-Smith to rely on matters outside the pleadings to determine if there are any genuine issues of material fact with respect to her Privacy Act claim.  Accordingly, it is hereby

ORDERED that defendant's motion [31] for partial judgment on the pleadings or, in the alternative, for summary judgment be, and hereby is, DENIED.  It is further

ORDERED that defendant may renew and supplement his motion for summary judgment with respect to the Privacy Act claim by June 9, 2010, plaintiff may supplement her opposition on the issue by June 23, 2010, and defendant may supplement his reply on the issue by June 30, 2010.

SIGNED this 26th day of May, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge