**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

**MARILYN TOLBERT-SMITH,**

                Plaintiff,

      v.                            1:06-CV-1216
                                              (FJS/JMF)

**STEVEN CHU, Secretary, U.S. Department of Energy,**

                Defendant.

---

**APPEARANCES**                          **OF COUNSEL**

**LAW OFFICES OF GARY M.**      **KEVIN LEE OWEN, ESQ.**
**GILBERT & ASSOCIATES**            **LINDA A. KINCAID, ESQ.**
The Colonnade at Station Square    **ARI M. WILKENFELD, ESQ.**
110 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Attorneys for Plaintiff

**OFFICE OF THE UNITED**         **DARRELL C. VALDEZ, AUSA**
**STATES ATTORNEY**
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

     Currently before the Court are Defendant's motion for summary judgment with respect to Plaintiff's Title VII and Rehabilitation Act claims, *see* Dkt. No. 67, and Defendant's motion for summary judgment with respect to Plaintiff's Privacy Act claim, *see* Dkt. No. 83. Plaintiff opposes these motions.

     Plaintiff, an employee in the Legacy Management Department of the United States

Department of Energy, asserts claims under the Rehabilitation Act, Title VII of the Civil Rights Act of 1964, and the Privacy Act against Defendant, alleging discrimination, hostile work environment and improper disclosure of information regarding her medical condition.[1]

Summary judgment is appropriate when there is "no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255. When faced with a summary judgment motion, the court must remember that "summary judgment is a drastic remedy, [and therefore] courts should grant it with caution so that no person will be deprived of his or her day in court to prove a disputed material factual issue." *Greenberg v. Food & Drug Admin.*, 803 F.2d 1213, 1216 (D.C. Cir. 1986). Thus, summary judgment is not appropriate where "the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance . . . ." *Id.* (citations omitted). Furthermore, when reviewing the evidence, the court must draw "all inferences . . . in favor of the nonmoving party[.]" *Coward v. ADT Sec. Sys., Inc.*, 194 F.3d 155, 158 (D.C. Cir. 1999) (citation omitted).

Having reviewed the parties' submissions in light of these well-established principles, as

---

[1] Specifically, Plaintiff's second amended complaint contains the following causes of action: (1) Count One - Disability discrimination - failure to accommodate Plaintiff's disability in violation of the Rehabilitation Act; (2) Count Two - Discriminatory treatment, hostile work environment, in violation of Title VII and the Rehabilitation Act; (3) Count Three - Retaliation for participation in equal opportunity activity in violation of Title VII; and (4) Count Four - Violation of the Privacy Act by posting Plaintiff's confidential records on a widely accessible computer server and other acts. *See generally* Dkt. No. 63, Second Amended Complaint.

well as the applicable law with regard to each of Plaintiff's claims, the Court concludes that genuine issues of material fact exist with respect to Plaintiff's failure-to-accommodate claim under the Rehabilitation Act, thereby precluding summary judgment on that claim. To the contrary, the Court concludes that Plaintiff has not come forward with any evidence to raise any material issues of fact with respect to her retaliation and discriminatory treatment, hostile work environment claims under Title VII and the Rehabilitation Act or with respect to her Privacy Act claim. Therefore, summary judgment is appropriate with respect to those claims.

Accordingly, the Court hereby

**ORDERS** that Defendant's motion for summary judgment with respect to Plaintiff's Privacy Act claim, *see* Dkt. No. 83, is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for summary judgment with respect to Plaintiff's Title VII and Rehabilitation Act claims, *see* Dkt. No. 67, is **GRANTED** with respect to her retaliation and discriminatory treatment, hostile work environment claims and **DENIED** with respect to her failure-to-accommodate claim.

**IT IS SO ORDERED.**

Dated: May 24, 2013
 Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge